UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*******************************************
Estate of Michele M. Walker,    *
Charles E. Walker, Administrator,  *
   Plaintiff        *
             *
   v.         *  Civil Action No. 1:11-cv-421-PB
State of New Hampshire – Administrative Office *
of the Courts and State of New Hampshire *
 – NH Second Circuit Littleton District *
 Division - Administrative Office of the Courts *
             *
   Defendants     *
             *
*******************************************

## ANSWER

   The Defendants, State of New Hampshire – Administrative Office of the Courts and State of New Hampshire – NH Second Circuit Littleton District Division – Administrative Office of the Courts (hereinafter collectively referred to as "AOC"), by and through counsel, the Office of the Attorney General, submit the following answer to the complaint filed by plaintiff in this matter.

   1.  The allegations in paragraph 1 are legal arguments and conclusions that require no response.  To the extent facts are alleged, AOC is without sufficient personal knowledge to admit or deny the allegations and, based thereon, denies the allegations.

   2.  AOC admits that Michele M. Walker (hereinafter "M. Walker") was a female resident of Grafton County with an address of 368 Old Franconia Road, Bethlehem, NH  03574. AOC admits that M. Walker was employed by the State of New Hampshire.  The remaining allegations set forth in paragraph 2 are denied.

   3.  AOC admits that M. Walker committed suicide on May 3, 2010.  AOC admits

that Charles E. Walker filed for Administration of M. Walker's Estate on or about June 9, 2010.

AOC denies that M. Walker's suicide was related to or caused by any harassment or retaliation

received from AOC or the events alleged in the Complaint.  By way of further answer, Charles

E. Walker was appointed Administrator on or about July 15, 2010.

4.      Admitted.  By way of further answer, in accordance with New Hampshire

Supreme Court Rule 54, the Administrative Office of the Courts has shared administrative

responsibilities with the Administrative Judge.

5.      Admitted.  By way of further answer, the Second Circuit Court, Littleton District

Division is overseen by the Administrative Office of the Courts and the Administrative Judge in

accordance with New Hampshire Supreme Court Rule 54.

6.      Paragraph 6 requires no response.

7.      The statement as to venue is jurisdictional and requires no response.  The

remaining allegations set forth in paragraph 7 are legal arguments and conclusions that require

no response.  To the extent facts are alleged, they are denied.

8.      The allegations in paragraph 8 are jurisdictional and require no response.  The

remaining allegations set forth in paragraph 8 are legal arguments and conclusions that require

no response.  To the extent facts are alleged, they are denied.

9.      AOC admits that M. Walker was employed by the State of New Hampshire,

Judicial Branch.  The remaining allegations set forth in paragraph 9 are legal arguments and

conclusions that require no response.  To the extent that facts are alleged, they are denied.

10.     AOC admits that a Charge of Discrimination was filed with the NH Commission

for Human Rights ("NHCHR").  The remainder of paragraph 10 constitutes legal arguments and

conclusions that require no response.  To the extent that facts are alleged, they are denied.

11.     AOC admits that, on or about December 29, 2010, an Amended Charge of

Discrimination was filed with NHCHR.  AOC admits that the Charge and Amended Charge were

removed on or about February 11, 2011.  AOC admits that EEOC issued a Dismissal and Notice

of Rights on or about June 1, 2011.  The remaining allegations in paragraph 11 are legal

arguments and conclusions that require no response.  To the extent facts are alleged, AOC is

without sufficient personal knowledge to admit or deny the allegations and, based thereon,

denies the allegations.

## STATEMENT OF FACTS

12.     AOC admits that M. Walker began work as a clerk for the Littleton District Court

on or about November 9, 1996.  AOC records indicate M. Walker's employment began on

November 6, 1996.  AOC admits that Littleton District Court is now known as NH Second

Circuit – Littleton District Division.  The remaining factual allegations are denied.

13.     Denied.  By way of further answer, M. Walker's first notice to AOC of alleged

sexual harassment was by letter, dated November 9, 2009.  Pursuant to the New Hampshire

Judicial Branch's Anti-Discrimination Policy, the allegations were promptly and thoroughly

investigated by AOC through witness interviews and found to be without merit.

a.     Denied.  By way of further answer, witness interviews did not substantiate

any such communications and/or conduct.

b.     Denied.  By way of further answer, witness interviews did not substantiate

any such communications and/or conduct.

c.     Denied.

d.     Denied.

i.  Denied.

ii.   Denied.

e.        Denied.

f.        Denied.  By way of further answer, based on witness interviews, M. Walker initiated personal sexual comments in the workplace.

g.        As to comments related to nipple rings, the factual allegations are denied. As to whether L. Gilman displayed her belly ring to M. Walker, AOC is without sufficient personal knowledge to admit or deny the allegations and, based thereon, denies the allegations.

h.        AOC admits that M. Walker reported answering a phone call and hearing sexual comments.  The remaining factual allegations are denied.

i.        AOC admits that L. Gilman sent a sexually explicit joke to M. Walker at the Lancaster Probate Court.  AOC admits that M. Walker requested that L. Gilman not send any communication of that nature to her again.  The remaining allegations are denied.

j.        Denied.  By way of further answer, witness interviews did not substantiate any such communications and/or conduct.

k.        Denied.  By way of further answer, witness interviews did not substantiate any such communications and/or conduct.

l.        Denied.  By way of further answer, witness interviews revealed that M. Walker initiated such conversation and affirmatively provided sexual comments regarding her husband.

14.     The allegations in Paragraph 14 are legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.  By way of further answer, pursuant to the New Hampshire Judicial Branch's Anti-Discrimination Policy and the Policy Procedure, the allegations were promptly and thoroughly investigated by AOC through witness interviews

and found to be without merit.

      a.     Denied.  By way of further answer, witness interviews conducted revealed that M. Walker was the instigator of confrontations with L. Towle as well as other employees.

      b.     Denied.  By way of further answer, witness interviews conducted revealed that M. Walker was the instigator of confrontations with L. Towle as well as other employees.

      c.     Denied.  By way of further answer, witness interviews conducted revealed that M. Walker was the instigator of confrontations with L. Towle as well as other employees.

      d.     Denied.  By way of further answer, witness interviews did not substantiate any such communications and/or conduct.

      e.     Denied.  By way of further answer, witness interviews conducted revealed that M. Walker was the instigator of confrontations with L. Towle as well as other employees.

      f.     Denied.  By way of further answer, a prompt and thorough investigation into such claims concluded there was no behavior by L. Towle to give M. Walker a reason to fear for her safety.

      g.     Denied.  By way of further answer, witness interviews conducted revealed that M. Walker was the instigator of confrontations with L. Towle as well as other employees.

      h.     Denied.  By way of further answer, witness interviews conducted revealed that M. Walker was the instigator of confrontations with L. Towle as well as other employees.

          i.     Denied.

         ii.     Denied.

       iii.     Denied.

       iv.     Denied.

15.     Denied.  By way of further answer, P. Kozlowski was interviewed as part of the

AOC's investigation and denied that M. Walker made complaints of sexual harassment and/or a hostile work environment.   P. Kozlowski further denied discouraging M. Walker from reporting any alleged incidents.

16.     AOC is without sufficient personal knowledge to admit or deny factual allegations as to M. Walker's personal knowledge and belief and, based thereon, denies the allegations.  By way of further answer, during the time period set forth in the Complaint, P. Kozlowski was the District Court Administrator for the Littleton District Court and G. Apicelli was the Family Division Administrator.  G. Apicelli was not P. Kozlowski's direct supervisor.

17.     AOC is without sufficient personal knowledge to admit or deny factual allegations related to claims that M. Walker attempted to contact M. Brown with no success and, based thereon, denies the allegations.  The remaining factual allegations are denied.  By way of further answer, on August 12, 2009, M. Walker and M. Brown spoke in detail regarding M. Walker's issues.

18.     Denied.  By way of further answer, a prompt and thorough investigation into such claims concluded there was no behavior by L. Towle to give M. Walker a reason to fear for her safety.

19.     Denied.  By way of further answer, on August 12, 2009, M. Walker and M. Brown spoke in detail regarding M. Walker's issues.

20.     AOC admits that M. Walker spoke with J. Smith on or about August 13, 2009, about wanting to file a complaint for insubordination against L. Towle.  The remaining factual allegations are denied.  By way of further answer, J. Smith explained to M. Walker that the proper direction for her complaint was to address it with her direct supervisor, P. Kozlowski.

21.     AOC admits that on August 13, 2009,  M. Walker sent emails to P. Kozlowski stating that she was filing a formal complaint related to how she was treated by co-worker L. Towle.  AOC admits that in the emails, M. Walker stated that she feared for her safety and well-being.  Any remaining allegations are denied.  By way of further answer, M. Walker sent copies of her emails on August 13, 2009, to Judge Edwin Kelly, G. Apicelli, and J. Smith.  A prompt and thorough investigation into such claims concluded there was no behavior by L. Towle to give M. Walker a reason to fear for her safety.

22.     AOC admits that, on August 13, 2009, after receipt of M. Walker's email, Judge Edwin Kelly telephoned M. Walker and informed her that P. Hurley, the Regional Court Administrator, had been appointed to investigate the matter and would meet with Ms. Walker at the Littleton District Court on August 14, 2009.  AOC admits that P. Hurley contacted M. Walker and advised her of the same.  Any remaining factual allegations are denied.

23.     AOC admits that P. Hurley traveled to Littleton District Court on August 14, 2009, and met with M. Walker.  AOC admits that it arranged for P. Keniston to work in Littleton on August 14, 2009, to insure proper staffing for the continuation of the court's operations. AOC denies the remaining factual allegations.

24.     Denied.

25.     Denied.  A prompt and thorough investigation into such claims concluded there was no behavior by L. Towle to give M. Walker a reason to fear for her safety.

26.     AOC is without sufficient personal knowledge to admit or deny the allegations and, based thereon, denies the allegations.

27.     AOC admits that M. Walker sent an email to Judge Kelly on August 17, 2009. The remaining allegations are denied.  By way of further answer, Judge Kelly responded to

M. Walker's email and informed her that P. Hurley was handling the investigation and was the appropriate person for M. Walker to contact. Judge Kelly further informed M. Walker that P. Hurley would be traveling to Littleton District Court on August 18, 2009, and would be available to speak in person with her.

28.     AOC admits that P. Hurley returned to Littleton District Court on August 18, 2009, as part of her investigation into M. Walker's original complaint and administrative oversight. While at the court, P. Hurley learned from Judge Kelly about M. Walker's email of August 17, 2009, and was asked to follow-up with M. Walker about additional unspecified concerns set forth in her email. The remaining factual allegations are denied. By way of further answer, when P. Hurley went to the Littleton District Court on August 18, 2009, M. Walker refused to provide any additional information.

29.     AOC admits that M. Walker sent an email to P. Hurley on August 19, 2009, to assert that she should not have been left alone in the office with L. Towle. AOC admits that M. Walker sent a copy of that email to Judge Kelly. The remaining factual allegations are denied.

30.     AOC admits that M. Walker contacted P. Hurley on August 19, 2009, to assert that she should not have been left in the office with L. Towle. The remaining factual allegations are denied.

31.     The allegations in paragraph 31 are legal arguments and conclusions that require no response. To the extent facts are alleged, AOC admits that M. Walker began a medical leave on or about August 20, 2009. The remaining allegations are denied. By way of further answer, a prompt and thorough investigation into such claims concluded there was no behavior by L. Towle to give M. Walker a reason to fear for her safety.

32.     AOC admits that Judge Edwin Kelly sent a letter, dated September 16, 2009, to M. Walker referencing her leave and use of accumulated sick leave and annual leave.  The letter indicated that M. Walker was expected to return to work on September 28, 2009.  AOC admits that a Fitness for Duty Certification Form was sent by AOC on September 16, 2009.  The remaining factual allegations are denied.  By way of further answer, Judge Kelly's letter, dated September 16, 2009, was in response to M. Walker's letter, dated September 11, 2009, requesting to use accumulated sick leave from September 4, 2009 through September 25, 2009.  During this period of time, M. Walker took a cruise with her family from September 18, 2009 through September 25, 2009.  The Fitness for Duty Certification Form was sent in response to a Medical Certification received by AOC from M. Walker's health care provider identifying a leave period of August 21, 2009 through September 30, 2009.

33.     Denied.

34.     Admitted.  By way of further answer, M. Walker sent Judge Edwin Kelly a letter, dated October 20, 2009, requesting approval to use accumulated sick leave through November 30, 2009.  This request was granted.

35.     The allegations in paragraph 35 are legal arguments and conclusions that require no response.  To the extent facts are alleged, AOC admits that M. Walker sent a letter to AOC, dated November 20, 2009, advising that she would like to return to work on December 8, 2009.  AOC admits that it informed M. Walker's counsel that, based on the medical documentation from M. Walker's health care provider, M. Walker did not have a disability as that term is defined under the ADA and RSA 354-A.  The remaining factual allegations are denied.  By way of further answer, AOC's counsel sent a letter, dated December 15, 2009, to M. Walker's counsel explaining that AOC needed to balance M. Walker's interest in returning to work with

the AOC's ongoing investigation in light of M. Walker's sexual harassment claims of November 9, 2009.  In doing so, the AOC placed M. Walker on paid leave of absence while it conducted its investigation into her complaints.  The paid leave was retroactive to December 8, 2009.

36.     AOC denies retaliating against plaintiff for making a claim of sexual harassment and/or other complaints.  AOC admits that M. Walker was placed on paid leave of absence while it conducted its investigation in conjunction with her complaints of November 9, 2009.  The remaining factual allegations are denied.

37.     AOC admits that it hired legal counsel and an independent investigator.  AOC admits that M. Walker was not interviewed on December 11, 2009.  The remaining factual allegations are denied.  By way of further answer, plaintiff's counsel canceled M. Walker's scheduled interview of December 11, 2009; however, notice of the cancellation was inadvertently not communicated to the investigator who arrived but did not proceed.

38.     AOC admits that, in a letter dated January 15, 2010, Ms. Walker's counsel indicated that M. Walker would be cleared to work on January 19, 2010.  The remaining factual allegations are denied.  By way of further answer, M. Walker did not qualify as being disabled under either the ADA or RSA 354-A.  AOC's decision to keep M. Walker on paid leave was based solely on the reason of being able to effectively investigate M. Walker's sexual harassment claims.

39.     AOC admits that Ms. Walker was interviewed on January 12, 2010 and February 5, 2010 from approximately 10 a.m. to 3 p.m. each day.  The remaining allegations are denied. By way of further answer, upon Ms. Walker's submission of a complaint on or about November 9, 2009, AOC retained legal counsel and a private independent investigator who conducted a prompt, thorough, and reasonable investigation of the claims.

40.     The allegations in paragraph 40 are legal arguments and conclusions that require no response.  To the extent facts are alleged, they are denied.  By way of further answer, plaintiff was represented by legal counsel during both interviews.  The interviews were conducted in a professional manner.

41.     The allegations in paragraph 41 are legal arguments and conclusions that require no response.  To the extent facts are alleged, they are denied.  By way of further answer, plaintiff was represented by legal counsel during both interviews.  The interviews were conducted in a professional manner.  The interview dates were rescheduled on two occasions due to conflicts for AOC and on three occasions due to conflicts for plaintiff.

42.     The allegations in paragraph 42 are legal arguments and conclusions that require no response.  To the extent facts are alleged, they are denied.  By way of further answer, plaintiff was represented by legal counsel during both interviews.  The interviews were conducted in a professional manner.

43.     The allegations in paragraph 43 are legal arguments and conclusions that require no response.  To the extent facts are alleged, they are denied.

44.     The allegations in paragraph 44 are legal arguments and conclusions that require no response.  To the extent facts are alleged, they are denied.

45.     The allegations in paragraph 45 are legal arguments and conclusions that require no response.  To the extent facts are alleged, they are denied.

46.     The allegations in paragraph 46 are legal arguments and conclusions that require no response.  To the extent facts are alleged, they are denied.

## COUNT I – GENDER DISCRIMINATION/SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT NH RSA 354-A

47.     Paragraph 47 requires no response.

48.     Paragraph 48 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

49.     Paragraph 49 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

50.     Paragraph 50 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.  By way of further answer, the New Hampshire Judicial Branch has a written Anti-Discrimination Policy and a Policy Procedure providing that the Judicial Branch will promptly and thoroughly investigate all complaints or reports of harassment or retaliation with which it complied.

51.     Paragraph 51 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

52.     Paragraph 52 contains legal arguments and conclusions that requires no response. To the extent facts are alleged, they are denied.

53.     Paragraph 53 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

## COUNT II – GENDER DISCRIMINATION/SEXUAL HARASSMENT/ HOSTILE WORK ENVIRONMENT TITLE VII (42 USC §2000e, et seq.)

54.     Paragraph 54 requires no response.

55.     Paragraph 55 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

56.     Paragraph 56 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.  By way of further answer, the New Hampshire Judicial Branch has a written Anti-Discrimination Policy and a Policy Procedure providing that the Judicial Branch will promptly and thoroughly investigate all complaints or reports of harassment or retaliation with which it complied.

57.     Paragraph 57 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

58.     Paragraph 58 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.  By way of further answer, M. Walker took a cruise with her family in September 2009.

59.     Paragraph 59 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

## COUNT III – RETALIATION
## NH RSA 354-A, et seq.

60.     Paragraph 60 requires no response.

61.     Paragraph 61 contains legal conclusions or argument that requires no response. To the extent facts are alleged, they are denied.  By way of further answer, pursuant to the New Hampshire Judicial Branch's Anti-Discrimination Policy and the Policy Procedure, the allegations were promptly and thoroughly investigated by AOC through witness interviews and found to be without merit.

62.     Denied.  By way of further answer, the New Hampshire Judicial Branch's Anti-Discrimination Policy provides that no employee may be retaliated against for making a good faith complaint and/or cooperating in the investigation of a claim.  The allegations were

promptly and thoroughly investigated by AOC through witness interviews and found to be without merit.

63.    Denied.  By way of further answer, M. Walker began medical leave on or about August 20, 2009.  She was hospitalized on August 21, 2009, for psychotic behavior and was prescribed medication for paranoia.  M. Walker first made allegations of discrimination and sexual harassment in a letter, dated November 9, 2009.  AOC began a prompt and thorough investigation of M. Walker's claims; however, based on the fact that she was on medical leave at the time she reported the alleged sexual harassment on November 9, 2009, she was not interviewed until medical documentation cleared her to return to work.

64.    Paragraph 64 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

65.    Paragraph 65 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

66.    Paragraph 66 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

67.    Paragraph 67 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

68.    Paragraph 68 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

69.    Paragraph 69 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

## COUNT IV – RETALIATION
## TITLE VII (42 USC §2000-e, et seq.)

70.    Paragraph 70 requires no response.

14

71.     Paragraph 71 contains legal arguments and conclusions that require no response.

To the extent facts are alleged, they are denied.

72.     Paragraph 72 contains legal arguments and conclusions that require no response.

To the extent facts are alleged, they are denied.

## COUNT V – SEXUAL ORIENTATION/ DISCRIMINATION/HARASSMENT NH RSA 354-A, et seq.

73.     Paragraph 73 requires no response.

74.     Paragraph 74 contains legal arguments and conclusions that require no response.

To the extent facts are alleged, they are denied.

75.     Paragraph 75 contains legal arguments and conclusions that require no response.

To the extent facts are alleged, they are denied.

76.     Paragraph 76 contains legal arguments and conclusions that require no response.

To the extent facts are alleged, they are denied.

77.     Paragraph 77 contains legal arguments and conclusions that require no response.

To the extent facts are alleged, they are denied.

78.     Paragraph 78 contains legal arguments and conclusions that require no response.

To the extent facts are alleged, they are denied.

79.     Paragraph 79 contains legal arguments and conclusions that require no response.

To the extent facts are alleged, they are denied.

## COUNT VI – MARITAL STATUS DISCRIMINATION/HARASSMENT NH RSA 354-a, et seq.

80.     Paragraph 80 requires no response.

81.     Paragraph 81 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

82.     Denied.  By way of further answer, M. Walker began a romantic relationship with Charles Walker while he was employed as a Court Security Officer assigned to the Littleton District Court.  AOC's Fraternization Policy, effective March 16, 2007, provides all Court employees "shall consider" whether a "personal, romantic or intimate relationship, including dating" with another Court employee or person who regularly conducts business with the Court may violate policy.  Once on notice of a relationship, the "Chief Justice of the Superior Court, Administrative Judge, or Director of the Administrative Office of the Courts, as appropriate, shall take whatever action is reasonably necessary to uphold [the] policy."  Mr. Walker refused reassignment to another court and resigned in March 2008.

83.     Denied.  By way of further answer, based on witness interviews, M. Walker initiated personal sexual comments in the workplace.

84.     Paragraph 84 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

85.     Paragraph 85 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

## COUNT VII – DISABILITY DISCRIMINATION
## NH RSA 355-A, et seq.

86.     Paragraph 86 requires no response.

87.     Paragraph 87 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

88.     Paragraph 88 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

89.     Denied.  By way of further answer, AOC's counsel sent a letter, dated December 15, 2009, to M. Walker's counsel explaining that AOC needed to balance M. Walker's interest in returning to work with the AOC's ongoing investigation in light of M. Walker's sexual harassment claims of November 9, 2009.  In doing so, the AOC placed M. Walker on paid leave of absence while it conducted its investigation into her complaints.  The paid leave was retroactive to December 8, 2009.

90.     AOC is without sufficient personal knowledge to admit or deny the allegations and, based thereon, denies the allegations.

91.     Denied.  By way of further answer, AOC's counsel sent a letter, dated December 15, 2009, to M. Walker's counsel explaining that AOC needed to balance M. Walker's interest in returning to work with the AOC's ongoing investigation in light of M. Walker's sexual harassment claims of November 9, 2009.  In doing so, the AOC placed M. Walker on paid leave of absence while it conducted its investigation into her complaints.  The paid leave was retroactive to December 8, 2009.

92.     Denied.  By way of further answer, AOC's counsel sent a letter, dated December 15, 2009, to M. Walker's counsel explaining that AOC needed to balance M. Walker's interest in returning to work with the AOC's ongoing investigation in light of M. Walker's sexual harassment claims of November 9, 2009.  In doing so, the AOC placed M. Walker on paid leave of absence while it conducted its investigation into her complaints.  The paid leave was retroactive to December 8, 2009.

93.     Paragraph 93 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

94.     Paragraph 94 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

95.     Paragraph 95 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

## COUNT VIII – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITY ACT
## (ADA, 42 USC §12101, et seq.)

96.     Paragraph 96 requires no response.

97.     Paragraph 97 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

98.     Paragraph 98 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

99.     Paragraph 99 contains legal arguments and conclusions that require no response. To the extent facts are alleged, they are denied.

## DEMAND FOR JURY TRIAL

100.    Paragraph 100 contains legal arguments and conclusions that require no response. By way of further answer, AOC demands a trial by jury.

## AFFIRMATIVE DEFENSES

101.    Plaintiff's Complaint fails to state a claim for which relief can be granted.

102.    AOC is entitled to and asserts all applicable immunities, including but not limited to sovereign immunity, qualified immunity, official immunity, and Eleventh Amendment immunity.

103.    Plaintiff's claims are barred in whole or in part for failure to exhaust administrative remedies.

104.    AOC engaged in reasonable preventative measures to prevent harassment from occurring and also had an effective policy for the reporting, preventing, and correcting unlawful discriminatory, harassing, and retaliatory practices.  Notwithstanding the existence of this policy, M. Walker unreasonably failed to timely utilize it in connection with some or all of the allegations of unlawful discrimination, harassment, and retaliation asserted in her charge.

105.    AOC acted in good faith towards M. Walker and has acted in compliance with all applicable laws.  AOC complied with the Judicial Branch's Anti-Discrimination Policy and the Policy Procedure by promptly engaging legal counsel and an independent investigator.

106.    M. Walker failed to take timely advantage of any preventative or corrective opportunities provided by the AOC or to avoid harm otherwise.

107.    Plaintiff's damages, if any, are caused by factors unrelated to M. Walker's employment with the State of New Hampshire.

108.    Plaintiff's claims are limited and/or barred by RSA 541-B including, but not limited to, RSA 541-B:19.

109.    Plaintiff's recovery, if any, is subject to setoff and recoupment.

110.    Plaintiff's claim for damages is barred in whole or in part by 42 U.S.C. § 2000e-5(g)(2)(A) and (B) and *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

111.    Plaintiff's claims in whole or in part are barred by the statute of limitations.

112.    Plaintiff's claims are barred and/or reduced by comparative and/or contributory fault.

113.    Plaintiff failed to mitigate damages, if any.

19

114.    The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

115.    AOC denies that the Estate of Michele Walker suffered any damages, but to the extent that M. Walker did incur damages, the claims are barred or limited because M. Walker sought out any damages she incurred.

116.    The claims of the Estate of Michele Walker are barred or limited by the doctrine of unclean hands.

117.    The claims of the Estate of Michele Walker may be barred or limited by the doctrines of estoppel, laches, and waiver.

118.    AOC made employment decisions concerning M. Walker for reasons entirely unrelated to any protected class.

119.    The alleged conduct of sexual harassment was not sufficiently severe or pervasive to create a hostile work environment.

120.    As discovery has not yet commenced, AOC reserves the right to assert additional defenses during the course of discovery and/or trial in this matter.

WHEREFORE, the Defendants respectfully request that this Honorable Court:

A.      Deny the Plaintiff's request for damages; and

B.      Grant such further relief as justice may require.

Respectfully submitted,

STATE OF NEW HAMPSHIRE –
ADMINISTRATIVE OFFICE OF THE COURTS
AND STATE OF NEW HAMPSHIRE – NH
SECOND CIRCUIT LITTLETON DISTRICT
DIVISION – ADMINISTRATIVE OFFICE OF
THE COURTS

By their attorney,

MICHAEL A. DELANEY
ATTORNEY GENERAL

Date:   October 5, 2011      /s/ Mary Ann Dempsey
      Mary Ann Dempsey, Bar # 13123
      Senior Assistant Attorney General
      New Hampshire Attorney General's Office
      33 Capitol Street
      Concord, New Hampshire 03301-6397
      Telephone:  (603) 271-3650
      Email:  maryann.dempsey@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following persons on this date and in the manner specified herein:  Electronically Served through ECF upon:

Leslie H. Johnson, Esquire.

/s/ Mary Ann Dempsey
Mary Ann Dempsey
Bar # 13123

Date:  October 5, 2011

666296