UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Estate of Michele M. Walker, | \* |
| Charles E. Walker, Administrator, | \* |
|     Plaintiff | \* |
| | \* |
|     v. | \*   Civil Action No. 1:11-cv-421-PB |
| State of New Hampshire – Administrative Office | \* |
| of the Courts and State of New Hampshire | \* |
| –  NH Second Circuit Littleton District | \* |
| Division - Administrative Office of the Courts | \* |
| | \* |
|     Defendants | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# JOINT DISCOVERY PLAN
## Fed.R.Civ.P. 26(f)

**DATE/PLACE OF CONFERENCE:**

The parties have conferred by email on various dates and have reached agreement on this proposed Discovery Plan.

**COUNSEL PRESENT/PRESENTING:**

<u>Counsel for Plaintiff</u>
Leslie H. Johnson, Esquire
Law Office of Leslie H. Johnson, PLLC
P.O. Box 265
Center Sandwich, NH  03227-0265

<u>Counsel for Defendant</u>:
Mary Ann Dempsey, Bar #13123
Karen A. Schlitzer, Bar # 15169
NH Office of the Attorney General
33 Capitol Street
Concord, NH 03301
(603) 271-3650

1

## CASE SUMMARY

**THEORY OF LIABILITY**: Plaintiff has claimed various violations of New Hampshire RSA 354-A and Title VII, 42 USC 2000e, et seq.  The allegations arise from Ms. Walker's employment with the State of New Hampshire.

**THEORY OF DEFENSE**:  General denial of allegations; all applicable immunities, including sovereign immunity, qualified immunity, absolute immunity and official immunity; failure to state a claim for which relief can be granted; failure to exhaust administrative remedies; statute of limitations; and any other defense that may be raised in the motions to dismiss or answers filed by any party.

**DAMAGES:**  Plaintiff is seeking damages including but not limited to lost wages, benefits, retirement, enhanced compensatory damages, attorneys' fees, interest, and costs.  See Complaint.

**DEMAND**:  February 1, 2012			**OFFER:**  April 1, 2012

**JURISDICTIONAL QUESTIONS:**  Failure to exhaust; workers' compensation bar; statute of limitations, failure to state a claim.  See Answer.

**QUESTIONS OF LAW:**  See defenses

**TYPE OF TRIAL:**  Jury

## DISCOVERY

**TRACK ASSIGNMENT**:  Standard, 12-month track.  Ready for trial in: January 2013.

**DISCOVERY NEEDED**:     It is anticipated that discovery will be necessary concerning all the allegations of the plaintiff's complaint, including damages, as well as all defenses.

**MANDATORY DISCLOSURES**: Parties agree to waive Rule 26(a)(1)(E).

**ELECTRONIC INFORMATION DISCLOSURES (R. 26(f)):** Subject to the right to assert any applicable objections, including but not limited to confidentiality and security issues of Judicial Branch records, Defendants will respond to any request for documents maintained in electronic format to the extent included in discovery requests.  Any electronic documents will be produced in paper format, unless electronic format is necessary.  Each party reserves the right to object to any request that is unduly burdensome.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (R. 26(f)):** The parties reserve the right to assert any privileges to inadvertently disclosed privileged documents, and agree that such inadvertent disclosure shall not operate as a waiver of any privilege, and that each party shall have the right to request and obtain the return of such documents as set forth in Rule 26(b)(5)(B).  If any party

wishes to contest such a claim of privilege, any such material may be filed with the court only with a request that it be sealed.

The parties request that the court enter this agreement as part of the discovery order and specify that it is applicable to any third parties to whom inadvertently disclosed materials have been re-disclosed.

**COMPLETION OF DISCOVERY**:  October 21, 2012

**INTERROGATORIES**:  A maximum of 50 interrogatories by Plaintiff, and 50 interrogatories by Defendants.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION**: A maximum of 30 requests for admissions by Plaintiff and 30 requests for admissions by each Defendant.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS**:  A maximum of 10 depositions by plaintiff(s) and 10 by defendant(s).  Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

    **Plaintiff:**     March 1, 2012          **Defendant:**     May 1, 2012

The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

    Supplementations under Rule 26(e) due by plaintiff 90 days before trial and by defendants 30 days after any supplementation by plaintiff.

**CHALLENGES TO EXPERT TESTIMONY**:  No later than 45-days prior to trial.

### OTHER ITEMS:

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  If defendant(s) claim that unnamed parties are at fault on a state law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault no later than February 1, 2012. Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**JOINDER OF ADDITIONAL PARTIES:**

    Plaintiff: March 3, 2012          Defendant: April 4, 2012

**THIRD-PARTY ACTIONS:** None anticipated.

**AMENDMENT OF PLEADINGS:**

      Plaintiff:  March 3, 2012           Defendant: April 4, 2012

**DISPOSITIVE MOTIONS:**

      **To Dismiss:**  January 15, 2012    **For Summary Judgment:**  September 1, 2012

**SETTLEMENT POSSIBILITIES:** Unlikely

**MEDIATION:**  The Defendants do not believe that mediation would be fruitful for resolving this issue and are not inclined to pursue mediation.  Plaintiff is willing to mediate.

**WITNESSES AND EXHIBITS:**  As required by the rules regarding final pretrial procedures.

**TRIAL ESTIMATE:** 5-6 day(s)

**TRIAL DATE:**  January 8, 2013

**PRELIMINARY PRETRIAL CONFERENCE:**  The parties do not request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**  None known at this time.

           Respectfully submitted,

           STATE OF NEW HAMPSHIRE
           ADMINISTRATIVE OFFICE OF THE COURTS

           By their attorneys,

           MICHAEL A. DELANEY
           Attorney General

           <u>s/ Mary Ann Dempsey</u>
           Mary Ann Dempsey
           Bar No. 13123
           Senior Assistant Attorney General
           Karen A. Schlitzer
           Bar No. 15169
           Assistant Attorney General
           Civil Bureau
           New Hampshire Department of Justice
           33 Capitol Street
           Concord, New Hampshire 03301-6397
            (603) 271-3658

## Certificate of Service

     I hereby certify that a copy of the foregoing was filed via **ECF** and served electronically upon counsel of record: Leslie H. Johnson, Esquire at leslie@lesliejohnsonlaw.com.

                                                       /s/ Mary Ann Dempsey  
                                                Mary Ann Dempsey, Bar No. 13123  
                                                Senior Assistant Attorney General

678201