UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*****************************************
| | |
|---|---|
| Estate of Michele M Walker et al, | * |
| Plaintiff | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:11-cv-421-PB |
| State of New Hampshire – Administrative | * |
| Office of the Courts and State of | * |
| Hampshire – NH Second Circuit Littleton | * |
| District Court – Administrative Office of the | * |
| Courts | * |
| | * |
| Defendants | * |
| | * |
| | * |

*****************************************

## DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

The Defendants, State of New Hampshire – Administrative Office of the Courts and State of New Hampshire – NH Second Circuit Littleton District Division – Administrative Office of the Courts (hereinafter collectively referred to as "AOC"), by and through their counsel, the Office of the Attorney General, move to dismiss the plaintiff's state claims as barred by New Hampshire Workers' Compensation law stating as follows:

1.      The plaintiff, the Estate of Michele M. Walker, has brought a series of federal and state claims in connection with Ms. Walker's suicide on May 3, 2010.

2.      Prior to her death, Ms. Walker was employed by the State of New Hampshire as a court clerk at the Littleton District Court, Second Circuit Court.

3.      The Estate claims that during the course of Ms. Walker's employment from the winter of 2007 until she left work on or about August 20, 2009, she was subjected to

gender discrimination, hostile work environment, sexual harassment, and retaliation.  *See* Complaint at ¶ 13.

4.      On August 30, 2011, the Estate brought the following claims: Count I – Gender Discrimination / Sexual Harassment / Hostile Work Environment in violation of NH RSA 354-A; Count II – Gender Discrimination / Sexual Harassment / Hostile Work Environment in violation of Title VII (42 USC § 2000e, et seq.); Count III – Retaliation in violation of NH RSA 354-A; Count IV – Retaliation in violation of Title VII (42 USC § 2000e, et seq.); Count V – Sexual Orientation / Discrimination / Harassment in violation of RSA 354-a; Count VI – Marital Status Discrimination / Harassment in violation of NH RSA 354-a; Count VII – Disability Discrimination in violation of RSA 354-A; and Count VIII – Disability Discrimination in violation of American with Disability Act (ADA, 42 USC § 12101, et seq.).

5.      On August 18, 2011, the Estate filed a Notice of Accidental Injury or Occupational Disease with the New Hampshire Department of Labor seeking workers compensation benefits.  *See* Exhibit A.  The date of injury listed on the Notice is the date Ms. Walker stopped working at the Court (August 20, 2009).  *See id.*  The Estate asserts the workplace injury was "[e]scalating workplace harassment and retaliation.  This claim is for emotional distress culminating in Ms. Walker's suicide."  *See id.*

6.      "A motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *See Michnovez v. Blair, LLC*, 795 F. Supp. 2d 177, 179 (2011)(quotation omitted).  "When considering a motion to dismiss under Rule 12(b)(6), a

trial court accepts as true all well-pled facts in the complaint and draws all reasonable inferences in favor of plaintiffs."  *See id.* (quotation omitted).

7.      Counts I, III, V, VI, and VII allege violations of New Hampshire statutory law, RSA 354-A, and are precluded by New Hampshire Workers' Compensation Law.

8.      RSA 281-A:8 provides that an employee is presumed to have accepted the provisions of workers' compensation law and "to have waived all rights of action whether at common law or by statute or provided under the laws of any other state or otherwise[.]" *See* RSA 281-A:8, I.  "The exclusivity provision of the statute, N.H. Rev. Stat. Ann. § 281-A:8 (Supp. 1998), precludes claims under common law or statute by employees against employers for personal injuries falling under § 281-A:2, including emotional distress."  *See Martin v. Applied Cellular Technology, Inc.*, 284 F.3d 1, 6 (1st Cir. 2002).[1]

9.      RSA 281-A:8 contains a number of exceptions to the workers compensation bar.  First, an employee may maintain an action against an employer's insurer.  *See* RSA 281-A:8, I(a).  Second, an employee may maintain a claim for an intentional tort against any officer, director, agent, servant or employee acting on behalf of the employer. *See* RSA 281-A:8, II(b).  Finally, a former employee may pursue common law or statutory claims for wrongful termination or constructive discharge **if** the employee has not sought workers compensation for such claims.  *See* RSA 281-A:8, III.

9.      In *Appeal of New Hampshire Department of Corrections*, in January 2008, the plaintiff, Michael Whitaker, filed a workers compensation claim because of harassment and retaliation at his job.  *See* 2011 WL 5930471, at *1.  In September 2010, the plaintiff brought

---

[1]  The plaintiff's federal claims of Title VII and ADA are not barred by New Hampshire's workers' compensation statute.

claims under state (RSA 354-A) and federal statute (Title VII) for retaliation and discrimination.  *See id.*  The New Hampshire Supreme Court, interpreting RSA 281-A:8, III, held that "an employee may elect to bring a claim for wrongful or constructive discharge either under the Workers' Compensation Law or under some other law, but may not bring such a claim under both the Workers' Compensation Law and some other law."  *See id.*  at *2.  The Court further held that, where a claimant seeks the same statutory or common law remedies for retaliation and discrimination he allegedly suffered in the course of his employment, the remedy would not be the dismissal of the workers' compensation claim.  *See id.*  Importantly, the Court did not express an opinion as to whether dismissal of the state law claim (RSA 354-A) was proper as the issue was not before the Court.  *See id.*

10.     The AOC respectfully submits that the issue is properly before this Court and the plaintiff's state law discrimination claims should be dismissed as the plaintiff has sought workers compensation benefits.  The plaintiff is seeking the same damages within its state law statutory claims as her workers' compensation claim.  The plaintiff should not be entitled to recover the same damages under both statutes.  In this case, the plaintiff brought a statutory claim of discrimination under RSA 354-A rather than a common law claim of

constructive discharge or wrongful termination; however, a review of the plaintiff's

Complaint reveals that it seeks the same remedies.[2]

     11.    The Estate claims that "[d]uring the course of her employment from the winter

of 2007 until she left work on or about 08/20/09, Plaintiff was subjected to severe and/or

pervasive sexual harassment which created a hostile work environment."  *See* Complaint at ¶

13.  The Estate also claims that the alleged harassment and discrimination "caused anxiety,

fear, loss of sleep, and other physical and emotional symptoms to Plaintiff in addition to

financial damages."  *See* Complaint at ¶ 52; 67; 78; 84; and 95.

     12.    The plaintiff has chosen to bring a workers' compensation claim seeking these

same alleged claims and damages, i.e., a claim for emotional distress based workplace

harassment and retaliation.  *See* Exhibit A.  As such, the Estate's state law claims under RSA

354-A should be dismissed pursuant to RSA 281-A:8, III.

     13.    The defendants have not submitted a memorandum of law as the relevant law

is set forth within the motion itself.  *See* L.R. 7.1(a)(2).

     14.    The defendants have not sought concurrence for the motion as it is dispositive

in nature.  *See* L.R. 7.1(c).

     15.    For the reasons set forth above, the defendants respectfully request that this

Honorable Court dismiss Counts I, III, V, VI, and VII based on RSA 281-A:8.

---

[2] A constructive discharge "occurs when an employer renders an employee's working conditions so difficult and intolerable that a reasonable person would feel forced to resign.  *See Lacasse v. Spaulding Youth Ctr.*, 154 N.H. 246, 48-49 (2006).  Constructive discharge is not established by showing relatively minor abuse of an employee; rather, the adverse working conditions must generally be ongoing, repetitive pervasive, and severe."  *See id.*  "Of course, the employer's actions, which render working conditions so difficult and intolerable that a reasonable person would feel forced to resign, must be motivated by bad faith, retaliation or malice."  *See Karch v. Baybank FSB*, 147 N.H. 525, 536 (2002)(citation omitted).

Respectfully submitted,

State of New Hampshire – Administrative
Office of the Courts and State of
Hampshire – NH Second Circuit Littleton
District Court – Administrative Office of the
Courts

By their attorney,

MICHAEL A. DELANEY
ATTORNEY GENERAL

Date:  January 17, 2012          /s/ Mary Ann Dempsey_____
                                 Mary Ann Dempsey
                                 NH Bar No. 13123
                                 Senior Assistant Attorney General
                                 New Hampshire Attorney General's Office
                                 33 Capitol Street
                                 Concord, New Hampshire 03301-6397
                                 Telephone:  (603) 271-3650
                                 Email:  mary.dempsey@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically served upon Leslie H.
Johnson, Esquire.

                                 s/ Mary Ann Dempsey_____
Date: January 17, 2012           Mary Ann Dempsey

697060.doc

6