UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Estate of Michele M. Walker | ) |
| | ) |
| v. | ) Civil Action # 11-CV-421-PB |
| | ) |
| New Hampshire Administrative Offices of | ) |
| the Courts, et al. | ) |

PLAINTIFF'S OBJECTION TO
DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIMS
UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) WITH
INCORPORATED MEMORANDUM OF LAW

NOW COMES the Plaintiff, Estate of Michele M. Walker, by and through its attorney, Law Office of Leslie H. Johnson, PLLC, and files Plaintiff's Objection to Defendants' Motion To Dismiss State Law Claims Under Federal Rules of Civil Procedure 12(b)(6) With Incorporated Memorandum Of Law, and in support therefore, respectfully states as follows:

1. Defendants filed their Motion To Dismiss (DN 10) on January 17, 2012, and this objection follows within the prescribed time. Defendant seeks to dismiss the state law claims as being in violation of the NH workers' compensation statutes.

2. There are a number of reasons why the Defendant's argument is not valid, and Plaintiff objects on the following grounds:

    A.    Plaintiff has not filed a wrongful discharge claim with this Court, nor has she filed a workers' compensation claim based on a wrongful discharge, and therefore NH RSA 281-A:8 III, is inapplicable here;

    B.    Plaintiff filed her workers' compensation case well after filing her court case, and therefore if any case were to be effected it would be the workers' compensation case; and

    C.    There was no "discharge", but assuming arguendo that there was, the injury and discharge dates would not match, and therefore there would be no bar, there being no

1

duplication for the same "injury".

3. First, the Plaintiff has not filed a wrongful discharge claim with this Court, and in fact the word "discharge" does not appear in the writ. Plaintiff has only filed claims of discrimination. Nor has Plaintiff filed for workers' compensation for damages due to wrongful discharge, but for being out of work due to a mental injury. Therefore, there is no "wrongful discharge claim" in either forum. The date Plaintiff last worked, as indicated on the Notice of Accidental Injury, was August 20, 2009, but that is merely a stated fact. Complaint at 13; Ex. A, attached to Def. Motion To Dismiss.

4. The Estate claims that Ms. Walker was subjected to discriminatory treatment and retaliation from at least July 3, 2008 up through the date of her death on May 3, 2010, and included the refusal to reinstate her on or about September and October, 2009, or at anytime, and the investigation of her claims which occurred up through at least February 5, 2010. The harassment also relates back to at least July 3, 2008. See Ex. 1, p. 1, of Amended Charge of Discrimination, attached hereto; and Complaint at 3, 32-34, 37-39.

5. Plaintiff's workers' compensation claim lists a date of injury of 8/20/2009 as being the last day she worked. Ex. A. That is not the date of earliest discrimination, although that was the last date she worked, she tried to return several times and was in fact never discharged from employment. Therefore, there could be no basis for a "wrongful discharge" claim as she was technically an employee up until the time of her death.

6. The workers' compensation injury date predates the date of death by approximately nine months.

7. In the "*Whitaker*" case, Mr. Whitaker's injury date was August 18, 2007, but he was not terminated until June 2008. Mr. Whitaker never filed a workers' compensation claim based on the June 2008 termination date. This is similar to the case at bar as to the time gap

between the last date worked and the date of Ms. Walker's suicide, and therefore they cannot be said to be the same claim. *Appeal of New Hampshire Department of Corrections,* 2011 WL 5930471. [1]

8.     The Defendant's citation to the above-referenced case accurately cites language of the case, but out of context. (Def. Motion, par. 9)   The Court actually ruled that:

> The insurer contends that having filed an administrative claim of discrimination alleging wrongful termination, the claimant waived his claim for increased workers compensation benefits. This argument succeeds only if the claimant attempted to obtain <u>both</u> workers' compensation benefits <u>and</u> remedies under other laws for his allegedly wrongful termination.  However, our review of the record reveals that the claimant has not brought a workers' compensation claim for his allegedly wrongful termination. Accordingly, the insurer's argument fails.
>
> There is no evidence in the record that the claimant ever sought workers' compensation benefits for his June 2008 discharge from DOC employment. Both of his workers' compensation claims, the first filed in January 2008 and the second in October 2009, sought benefits related to an <u>August </u>2007 injury.

*Appeal of New Hampshire Department of Corrections, supra,* at *4 -5(emphasis in original).

9.     As noted, the Court did not find whether Mr. Whitaker's case should be dismissed form State court as that issue as not before it. There was no finding that Mr. Whitaker was seeking the same statutory or common law remedies.  In addition, Mr. Whitaker filed his workers' compensation case first and then filed his discrimination case.  In the case at bar, Ms. Walker filed her Charge of Discrimination first, and then filed her workers' compensation case.

10.    NH RSA RSA 281-A:8, III provides in pertinent part as follows:

> Nothing in this chapter shall derogate from any rights a former employee may have under common law or other statute to recover damages for wrongful termination of, or constructive discharge from, employment. However*, if a former[2] employee makes a claim under this chapter for compensation **for injuries allegedly caused by such wrongful termination or constructive discharge***, the employee shall be deemed to have elected the remedies of this chapter and to have

---

[1]  In *Appeal of New Hampshire Department of Corrections*, the State was not represented by the Attorney General's office, although Mr. Whitaker was represented by Plaintiff's counsel herein.
[2] "Former" obviously refers to an employee who is no longer an employee, having been discharged.

3

> waived rights to recover damages for such wrongful termination or constructive discharge under common law or other statute. Similarly, if a former employee brings an action under common law or other statute *to recover for such wrongful termination or constructive discharge*, the employee shall be deemed to have waived claims under this chapter for compensation allegedly caused by such termination or discharge.

NH RSA 281-A:8, III (emphasis added).

11. "Injury" is a term of art under the workers' compensation law.[3] The Plaintiff's claim under the workers' compensation law is that she was damaged to the point of mental injury due to harassment and retaliation during work, not because of an injury occurring at the non-existent discharge.

12. NH RSA 281-A:8 III was designed to create an exception to the statutory bar against suing employers for claims related to injuries received at work. The workers' compensation statutes have not been a bar to a Claimant's right to simultaneously make claims of discrimination as allowed under both state and federal laws, for example NH RSA 281-A and Title VII, the ADA, and other federal statutory schemes.

13. Claimant's Charges of Discrimination/retaliation are simply not claims for wrongful or constructive discharge. A claim for wrongful discharge is a lawsuit, based upon a violation of public policy, either refusing to do something illegal or standing up for something that public policy encourages. *See Mongee v. BeBee Rubber,* 113 NH 130 (1974). "Wrongful Discharge" and "Constructive Discharge" are special creatures of the common law and case law.

---

[3] An "injury" is defined in workers' compensation framework as follows:
XI. "Injury" or "personal injury" as used in and covered by this chapter means accidental injury or death arising out of and in the course of employment, or any occupational disease or resulting death arising out of and in the course of employment, including disability due to radioactive properties or substances or exposure to ionizing radiation. "Injury" or "personal injury" shall not include diseases or death resulting from stress without physical manifestation. "Injury" or "personal injury" shall not include a mental injury if it results from any disciplinary action, work evaluation, job transfer, layoff, demotion, termination, or any similar action, taken in good faith by an employer. NH RSA 281-A:2, XI Definitions (in pertinent part)

Nowhere in RSA 281-A:8 III does it purport to wipe out an employee's right to report and recover for illegal discrimination and retaliation which are barred by NH RSA 354-A, et. seq. and Title VII and other federal statutes. Furthermore, case law is absolutely clear that someone having a claim of discrimination cannot have a claim for wrongful discharge on the facts that give rise to the discrimination/retaliation claims. Such claims are preempted where a statutory scheme provides a remedy, here the laws against discrimination. Therefore, as Plaintiff is barred from having a claim for wrongful discharge, or constructive discharge, on the same basis of her discrimination claim, she necessarily cannot be barred from having a discrimination claim because it is deemed a wrongful discharge claim, which is allegedly barred by workers' compensation law. Plaintiff simply has no right to bring a wrongful discharge claim on the basis giving rise to her discrimination claims, even if there had been a discharge. Therefore, her discrimination claim cannot be barred because of the workers' compensation claim.

14.     In addition, it cannot be argued that there was a discharge in this case, as Ms. Walker remained an employee up to the time of her death. Even if one could argue there was a discharge, the termination date would have to coincide with her date of death. Plaintiff did not file for an injury date related to Ms. Walker's date of death. As in the Whitaker case, the dates were months apart.

15.     Also, it is implied in NH RSA 281-A:8, III, that the timing of the claims is important. If the person first files at the DOL for an injury caused by wrongful discharge, then the Court case could be barred. If the person files for wrongful discharge in Court first, the workers' compensation claim could be barred. Plaintiff denies having filed for wrongful discharge in either forum, but assuming arguendo she is deemed to have done so, Plaintiff filed her Charge of Discrimination and Court action **first,** prior to having filed for workers' compensation. (emphasis added). If there is any argument to be made about a waiver of

5

remedies or actions, it would properly be presented in the workers' compensation case, which was filed last.

16. Plaintiff is not seeking the same remedies in each case, as workers' compensation benefits are substantially different than relief available under the laws against discrimination. To the extent there could be any overlap in lost wages, that can be easily remedied by the type of remedies allowed to be requested, or by a specific jury finding subject to remittitur by the court, or a jury instruction limiting any lost wage damages. See Def. Motion at. 10. Workers' compensation provides for limited types of damages, which are not the panoply of damages available in tort, including but not limited to damages for emotional distress, humiliation, emotional pain and suffering, nor liberal compensatory damages.

17. Furthermore, it should be clear that a claim for discrimination is not a claim for "wrongful discharge", although such a claim can sometimes be subsumed therein. Statutory claims for discrimination or retaliation have never been barred by workers' compensation. To do so would render NH 354-A superfluous for all employees, during their employment. They would never be able to bring a discrimination claim while they were employed, if the Plaintiff's argument in this case were adopted.

18. The New Hampshire Supreme Court has ruled, "[w]e interpret statutes not in isolation, but in the context of the overall statutory scheme." *Appeal of Holloran*, 147 NH 177, 179 (2001). "Although we give undefined language its plain and ordinary meaning, we must keep in mind the intent of the legislation, which is determined by examining the construction of the statute as a whole, and not simply by examining isolated words and phrases found therein." *Id.* "We construe provisions of the Workers' Compensation Law liberally, 'resolving all reasonable doubts in statutory construction in favor of the injured employee in order to give the broadest reasonable effect to its remedial purpose.'" *Appeal of Currin*, 149 NH, 303, 306 (2002),

(citing *Appeal of Denton*, 147 NH 259, 260 (2002)). See also *Whittemore v. Sullivan Cty. Homemaker's Aid Serv.*, 129 NH 432, 435, 529 A2d 919, 920-21 (1987). Thus, when construing the statute, we resolve all reasonable doubts in favor of the injured worker. *See Petition of Markievitz*, 135 NH 455, 458 (1992).

19. There was no discharge. It is obvious from the statutory language that Plaintiff's claim for workers' compensation is not based upon an injury caused by her discharge. It is further evident that there has been no claim for "wrongful discharge" in either forum, and even if there had been the date of injuries are not the same. Construing NH RSA 281-A:8 III in favor of an injured employee, requires that the Defendant's Motion to Dismiss be denied.

20. No Memorandum of Law is necessary as relevant legal authority is cited herein.

WHEREFORE, Plaintiff respectfully prays that Defendant's Motion to Dismiss the State law claims be denied.

Respectfully submitted,
**ESTATE OF MICHELE M. WALKER**, Plaintiff
By its attorney,

Date: February 3, 2012   By:   /s/ LESLIE H. JOHNSON
Leslie H. Johnson, Esquire, NH #5545
LAW OFFICE OF LESLIE H. JOHNSON, PLLC
PO Box 265
Ctr Sandwich NH 03227
603.284.6600
leslie@lesliejohnsonlaw.com

### CERTIFICATION

I hereby certify that on this 3rd day of February 2012, copy of this Objection was electronically served through ECF on the following counsel: Mary Ann Dempsey, Esquire, counsel for Defendants.

/s/LESLIE H. JOHNSON
Leslie H. Johnson, Esquire