```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Estate of Michele M. Walker, et al.**

    v.                                                  Case No. 11-cv-421-PB

**State of NH, et al.**

### O R D E R

The defendants have moved to dismiss claims brought by the Estate of Michele Walker for discrimination, harassment, and retaliation in violation of New Hampshire's discrimination law. Defendants base their motion on the fact that the estate has filed a claim for workers' compensation on Walker's behalf that seeks compensation for injuries resulting from "escalating workplace harassment and retaliation." The claim identifies the date of "accident or first treatment" as August 20, 2009, the same date, according to the plaintiff's complaint, that Walker took a medical leave and was unable to return to work.

Defendants base their motion on a section of New Hampshire workers' compensation law that provides in pertinent part: "if a former employee makes a claim under this chapter for compensation for injuries allegedly caused by . . . wrongful

termination or constructive discharge, the employee shall be deemed to have elected the remedies of this chapter, and to have waived rights to recover damages for such wrongful termination or constructive discharge under common law or other statute." N.H. Rev. Stat. Ann. 281-A:8 III.  According to the defendants, plaintiff's state discrimination law claims are barred by this provision because both plaintiff's workers' compensation claim and its state law discrimination claims are claims for either wrongful termination or constructive discharge.  I disagree with the premise that underlies defendants' argument.

The state law claims at issue in this case are for discrimination, harassment, and retaliation that the plaintiff allegedly suffered during the course of her employment. Plaintiffs do not assert that this improper conduct resulted in a constructive discharge and they do not claim a right to damages for such a discharge.  Nor do they otherwise allege that Walker was improperly terminated from her employment. Accordingly, the complaint does not allege a claim for either wrongful termination or constructive discharge that could potentially be barred by Section 281-A:8 III.[1]

---

[1] I express no view as to whether the state law discrimination claims are otherwise barred by the workers' compensation statute.  Nor do I express any view with respect to the merits of plaintiff's workers' compensation claim.

The motion to dismiss (Doc. No. 10) is denied.

SO ORDERED.

                                        /s/Paul Barbadoro
                                        Paul Barbadoro
                                        United States District Judge

February 13, 2012

cc:   Leslie H. Johnson, Esq.
      Mary Ann Dempsey, Esq.
      Karen A. Schlitzer, Esq.