UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*****************************************
Estate of Michele M Walker,                  *
Charles E. Walker, Administrator             *
                                             *
Plaintiff                                    *
                                             *
        v.                                   *
                                             *   Civil Action No. 1:11-cv-421-PB
State of New Hampshire – Administrative      *
Office of the Courts and State of            *
Hampshire – NH Second Circuit Littleton      *
District Court – Administrative Office of the *
Courts                                       *
                                             *
        Defendants                           *
                                             *
                                             *
*****************************************

## DEFENDANTS' MOTION TO COMPEL
## CHARLES E. WALKER'S MENTAL HEALTH RECORDS

The Defendants, State of New Hampshire – Administrative Office of the Courts and State of New Hampshire – NH Second Circuit Littleton District Division – Administrative Office of the Courts (hereinafter collectively referred to as "AOC"), by and through their counsel, the Office of the Attorney General, move to compel Charles E. Walker's mental health records stating as follows:

   1.   The plaintiff, the Estate of Michele M. Walker, has brought a series of federal and state claims in connection with Ms. Walker's suicide on May 3, 2010.

   2.   Prior to her death, Ms. Walker was employed by the State of New Hampshire as a court clerk at the Littleton District Court, Second Circuit Court.

3. The Estate claims that during the course of Ms. Walker's employment from the winter of 2007 until she left work on or about August 20, 2009, she was subjected to gender discrimination, hostile work environment, sexual harassment, and retaliation. *See* Complaint at ¶ 13. The Estate claims that the alleged "incidents at work . . . were so distressing to Plaintiff that she committed suicide on or about 05/03/10." *See* Complaint at ¶ 43.

4. During the time of the alleged improper conduct, Michele Walker was dating Charles E. Walker, a bailiff in the Littleton District Court. In May of 2008, Michele and Charles Walker married.

5. On June 11, 2012, Charles Walker's deposition was conducted in this case. Mr. Walker testified that he suffered from a long-standing history of depression that included anger management problems dating back to when he was employed as a police officer in Connecticut. He testified that, since approximately 1996, he has been prescribed Prozac for depression. Mr. Walker testified that the dosage he has been prescribed has changed throughout the years depending on issues he was experiencing.

6. In 2002, Mr. Walker moved to New Hampshire. He continued to take anti-depression medication and received mental health treatment. Mr. Walker's primary care physician, Dr. Rebekah Reeves, presently prescribes Prozac for Mr. Walker. In 2005, Mr. Walker treated with therapist Carol Ann Gillis after his second wife passed away from cancer. Most recently, in January 2012, while this litigation was pending, Mr. Walker was hospitalized for overmedicating himself on Ambien, a drug he was not lawfully prescribed. He continues to receive mental health treatment from Susan Brown at White Mountain Mental Health.

7. The defendants have requested that Mr. Walker execute medical authorizations for them to obtain his medical records related to his mental health treatment in New Hampshire. These authorizations would include Dr. Reeves, the hospital where Mr. Walker was treated in January 2012, Ms. Gillis, and Ms. Brown. The plaintiff has refused to execute the authorizations claiming that Mr. Walker's medical records are not relevant to this case.

8. The defendants admit that it is unusual to seek the medical records of the spouse of an individual who was allegedly harassed but the facts of this case are unique and warrant such discovery. Ms. Walker is deceased. It is her husband who will present her alleged factual claims of harassment. Thus, it is Mr. Walker who is the plaintiff in this case and, his ability to recount and perceive events is directly relevant in this case.

9. Federal Rule of Civil Procedure 26(b) allows for discovery "relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  "The disclosure requirements contained in Rule 26 embody the underlying principle that animates modern discovery doctrine: the parties should be allowed to obtain the fullest possible knowledge of the issues and facts before trial." *See LeBarron v. Haverhill Cooperative School District*, 127 F.R.D. 38, 40 (D.N.H. 1989)(quotation omitted).  "A court should develop the parameters of discovery by carefully weighing the interests involved, balancing the importance of any privilege asserted against the defending party's need for the information to construct its most effective defense. In weighing all interests involved, a court must consider the relevance of the requested information and whether the information will aid in the presentation of the case." *See Hoyt v. Connare*, 202 F.R.D. 71, 74 (D.N.H. 1996)(quotation omitted).

10.    Mr. Walker's mental health records are relevant for two independent reasons. First, the plaintiff claims that Ms. Walker's emotional distress, and ultimate suicide, were due to work related issues.  The fact that Ms. Walker's husband suffered from depression for approximately 14 years before her death, including the time frame she alleges to be harassed, is relevant as to what other stressors existed in her life at the time of her death.  Mr. Walker's long-standing depression is a relevant area of inquiry for discovery.  Second, due to the fact that Michele Walker is not alive to present her claims, Charles Walker's present mental health status is directly relevant.  As clearly indicated at his deposition, Charles Walker does not have a specific recollection of events that his wife told him about or conversations they had.  Mr. Walker's present mental health is relevant as to his credibility as a witness to recall events.

11.    The defendants sought to resolve this discovery dispute with the plaintiff but the parties were unable to reach agreement.

12.    The defendants have not submitted a memorandum of law as the relevant law is set forth within the motion itself.  *See* L.R. 7.1(a)(2).

13.    For the reasons set forth above, the defendants respectfully request that this Honorable Court compel Charles Walker to execute medical authorizations for Dr. Reeves, the hospital he treated at in January 2012, Ms. Gillis, and Ms. Brown.

                        Respectfully submitted,

                        State of New Hampshire – Administrative Office of the Courts and State of Hampshire – NH Second Circuit Littleton District Court – Administrative Office of the Courts

                        By their attorney,

                        MICHAEL A. DELANEY
                        ATTORNEY GENERAL

Date:  June 19, 2012          /s/ Mary Ann Dempsey_____
                                      Mary Ann Dempsey
                                      NH Bar No. 13123
                                      Senior Assistant Attorney General
                                      New Hampshire Attorney General's Office
                                      33 Capitol Street
                                      Concord, New Hampshire 03301-6397
                                      Telephone:  (603) 271-3650
                                      Email:  mary.dempsey@doj.nh.gov

### **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was electronically served upon Leslie H. Johnson, Esquire.

                                        s/ Mary Ann Dempsey_____
Date: June 19, 2012              Mary Ann Dempsey