UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Estate of Michele M. Walker ) | |
| ) | |
| v. ) | Civil Action # 11-CV-421-PB |
| ) | |
| New Hampshire Administrative Offices of ) | |
| the Courts, et al. ) | |

PLAINTIFF'S OBJECTION TO
DEFENDANTS' MOTION TO COMPEL
CHARLES WALKER'S MENTAL HEALTH RECORDS

NOW COMES the Plaintiff, Estate of Michele M. Walker, by and through its attorney, Law Office of Leslie H. Johnson, PLLC, and files Plaintiff's Objection to Defendants' Motion To Compel Charles Walker's Mental Health Records, and in support therefore, respectfully states as follows:

1. Defendants filed their Motion To Compel (DN 13) on June 19, 2012, and this objection follows within the prescribed time.

2. Mr. Walker is not a party in this case, but is the representative of his diseased wife's Estate.

3. Mr. Walker had minimal mental health issues as a police officer, underwent a long period with no mental health counseling, and understandably became very depressed as a result of his wife's suicide and treatment she received at work, as is alleged in the Complaint. Mr. Walker's medical records are privileged pursuant to RSA 330-A:32, and N.H.R.Ev. 503(b). See also *Desclos v. Southern New Hampshire Medical Center,* 153 NH 607 (2006), discussed below.

4. Defendants' excuse for the unprecedented, and legally unsupported, claim for requesting a non-party's medical records is that since Ms. Walker is deceased and Mr. Walker will be recounting the facts, that his medical records are necessary to determine his ability to

1

perceive events. There is no explanation by Defendant of how receiving medical records correlates with his perception of events. He would be subject to cross examination as would any other witness, without receipt of their medical records. Defendant is asking the Court to open the barn door on medical records: any non-party witness to a case could have to provide their medical records so the defense could allegedly look at the records and determine whether the witness is likely to perceive events accurately based on their diagnosis. First, this would involve expert testimony; second, such testimony would not be allowed as it would invade the province of jury.

      5.      In *Desclos* with respect to the medical records of a party, the Court ruled that there must either be a waiver, or conditions met for the piercing of the privilege. Waiver applies where the party has injected his/her mental condition, other than garden variety, into the case. *Desclos* at 957-8. Mr. Walker, as a non-party, has not waived his privilege.

      6.      Defendant cites Rule 26(b) (at par. 9), however Defendant does not explain how Mr. Walker's medical records and his mental health are relevant to any claim or defense in this case. As Mr. Walker is not an individually named party, the request for his medical records is unwarranted. Defendant is clearly on a fishing expedition which will embarrass Mr. Walker and invades his privacy.

      7.      Neither has there been any justification for piercing Mr. Walker's doctor/patient privilege. As to Defendant's paragraph 10, whether or not Mr. Walker suffered some mild depression before Ms. Walker was harassed has no bearing on her suicide. Ms. Walker attended her own counseling and medical appointments, which will demonstrate whatever stressors she was reporting in her life. Secondly, Mr. Walker remembered what his wife told him and testified that he would rely on her journals as well. His recollection and the basis thereof is a subject of cross-examination, not justifying a license to delve through his private confidential medical

records, for which he has not waived privilege.

8. Defendant argues they are allowed to have Mr. Walker's medical records even though he is not a party because they need to test his reliability in recalling events. The NH Supreme Court ruled in *Desclos,* where the Defendant also argued reliability was an issue, but with respect to a *party,* that the party seeking disclosure must establish an essential need (that it is unavailable from another source), and that there is a compelling justification for disclosure. However, before they may argue that there is an essential need, they must make an "initial showing sufficient to establish a reasonable probability that the records they seek contain information that is material and relevant to their defense." *Desclos at 960-61*, (internal citations omitted).

9. Therefore, even if Mr. Walker was a party, he has not waived his privilege because he has not put his psychological state in mind. Neither is piercing of the physician/patient privilege justified.

10. As Defendant has made no showing required by law, in particular as set forth in *Desclos*, the Defendant's motion should be denied. In addition, because the request is so unprecedented, and the result so obvious, Plaintiff should be awarded her attorneys' fees in responding to this motion.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant the following relief:

A. Deny Defendant's Motion to Compel;

B. Award Plaintiff attorneys' fees and costs for responding to this motion; and

C. Grant such other and further relief as this Court deems equitable and just.

                    Respectfully submitted,
                    **ESTATE OF MICHELE M. WALKER**, Plaintiff
                    By its attorney,

Date: July 5, 2012        By:     /s/    LESLIE H. JOHNSON
                                          Leslie H. Johnson, Esquire, NH #5545
                                          LAW OFFICE OF LESLIE H. JOHNSON, PLLC
                                          PO Box 265
                                          Ctr Sandwich NH 03227
                                          603.284.6600
                                          leslie@lesliejohnsonlaw.com

## CERTIFICATION

     I hereby certify that on this 5th day of July 2012, copy of this Objection was electronically served through ECF on the following counsel: Mary Ann Dempsey, Esquire, Counsel for Defendants.

                                            /s/    LESLIE H. JOHNSON
                                            Leslie H. Johnson, Esquire