UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Estate of Michele M. Walker, | * | |
| Charles E. Walker, Administrator | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. 1:11-cv-421-PB |
| | * | |
| State of New Hampshire – Administrative | * | |
| Office of the Courts, | * | |
| and | * | |
| State of New Hampshire – NH Second | * | |
| Circuit, Littleton District Division – | * | |
| Administrative Office of the Courts | * | |
|     Defendants | * | |

### DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS PROPOUNDED UPON PLAINTIFF CHARLES E. WALKER, ADMINISTRATOR OF THE ESTATE OF MICHELE M. WALKER

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants, State of New Hampshire – Administrative Office of the Courts and State of New Hampshire – NH Second Circuit, Littleton District Division – Administrative Office of the Courts (hereinafter collectively "AOC"), request that Plaintiff, Charles E. Walker, answer the following interrogatories under oath within 30 days from service hereof.

### INSTRUCTIONS

These interrogatories are continuing and any information responsive to these interrogatories made known or available to Charles E. Walker subsequent to his initial answers is to be supplied by supplemental answer.

If any interrogatory is objected to on the ground of a claim of privilege or work product, please state the nature of the claimed privilege and the basis therefore and provide a privilege log.

*NOTE: Any releases which are provided are upon the express condition that all requests utilizing the releases be mailed to Plaintiff's counsel simultaneously, and that all documents received be forwarded to Plaintiff's counsel within 10 days of their receipt.*

*All numbers given herein may be approximations.*

*Objection to the extent that any question calls for information protected by the attorney/client privilege or attorney work product privilege, the information will not be provided.*

*Answers will be provided as required by Court Rules.*

*All answers are incorporated into each other, whether or not specifically referenced.*

*The Writ of Summons is incorporated into all answers, whether or not specifically stated.*

*We object to the term "identify" to include multiple phone numbers, addresses, and witnesses social security numbers. That is overly broad, intrusive, private and would not lead to the discovery of relevant evidence.*

**NOTE: The following answers are based on the personal knowledge of Mr. Walker and knowledge obtained through conversations with Michele Walker.**

### INTERROGATORIES

1. Please state your name, address, social security number, date of birth and employment for the last ten years and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories.

ANSWER:

Charles E. Walker
368 Old Franconia Road
Bethlehem NH 03574
[REDACTED]

| | |
|---|---|
| Aug 2008 – present | MVM, Inc., 575 South Willow Street, Manchester NH 03101 |
| Jul 2002 – Feb 2008 | Administrative Office of the Courts, 2 Charles Doe Drive, Concord NH; court security |

4

Feb 2008 – Aug 2008			Unemployed

Mar 1973 – Jul 2002			Wallingford Police Department, 136 North Main Street, Wallingford CT 06492

No one assisted me other than my counsel's office.

2.	Please identify all documents you consulted, examined, or referred to in preparation of your answers to these interrogatories.

**OBJECTION: This question is overly broad and burdensome. Notwithstanding the objection, Plaintiff answers as follows:**

ANSWER:

Attached are journals, notes, emails, and letters that my wife either wrote or received. Also see emails Defendant provided (919 page of emails) to the NHCHR on or about December 8, 2010, which are not being provided here as Defendant is already in possession of them. In addition court documents are attached to other Interrogatories and or Requests for Production herein. Last, I have tapes and CD as well as transcripts of the interviews of Michelle Walker conducted by Christine Howe at the Plymouth District Court on 1/12/10 & 2/5/10. Defendant should already have copies of said tapes and CD as they were provided to Michele by Defendant and therefore are not being provided herein. In addition, I believe I have a digital recording of Michele speaking to me. I have been unable to locate it to date; however, if I am able to locate it, I will forward it to my attorney. If duplication is successful, a copy will then be provided to you. You may come to my counsel's office and listen to them if you like as they become available.

3.	Describe in full and complete detail all other employment, including volunteer and paid positions, which you held in the past ten years, including but not limited to the number of hours per week you worked or volunteered at each position and the identity of any persons with whom you worked.

ANSWER:

None.

5

13. Describe in full and complete detail all the facts on which you base your contention that coworkers repeatedly and openly discussed participating in homosexual activities with one another and/or showed pictures of homosexual parties. Identify the dates of each conversation and/or occasion where pictures were shown, who participated in each conversation and/or distributed and saw pictures, any witnesses that support the facts that you state, how you learned of the alleged conduct, and attach any related documents.

**OBJECTION: This question is overly broad and burdensome as there were so many occasions.**

ANSWER:

See Michele's journals attached to Interrogatory No. 2.

I have no specific dates. As previously stated in the answer to Interrogatory #11, there was one time with Gilman telling a story. Sometime in 2008, it had been discussed by Towle and Gilman that Brown, Towle, Gilman and Jaelyn (from Lebanon District Court) would partake in sexual relations among one another. They would discuss parties at Jaelyn's house and what they did. This sexual activity was a weekly thing. I learned of this from my wife, Michele Walker. I have no pictures.

    a.    Lynne Gilman (Lebanon District Court employee – court stenographer)
           Unknown address

Michele Walker told me that Gilman insisted on showing Michele Walker her navel piercing, lifting up her shirt, and talked about getting her nipples pierced. This was while at the court house. Michele Walker objected to this.

    b.    Michelle Brown

    c.    Lisa Towle

    d.    Jaelyn (last name unknown)
          (Lebanon District Court employee)

    e.    Brenda Knapp, from time to time, would say to Michele Walker that Gilman liked her (Michele Walker).

I hereby certify under penalty of perjury that the answers to these Interrogatories are true to the best of my knowledge and belief.

Dated: 3/1/12

_____
Charles E. Walker

THE STATE OF New Hampshire
Carroll , SS.

On the 1st day of March, 2012, before me, the undersigned officer, appeared Charles E. Walker, known to me (or satisfactorily proven) to be the person whose name appears above, and he subscribed his name to the foregoing instrument.

_____
Notary Public/~~Justice of the Peace~~

My Commission Expires: 5/2/12

Printed Name: Mara J. Tardif

(SEAL)

31