# LAW OFFICE OF LESLIE H. JOHNSON, PLLC

PO Box 265, 46 Holderness Road
Center Sandwich, NH 03227-0265

Telephone: (603) 284-6600                                    Leslie H. Johnson, Esquire*
Fax: (603) 284-6000                                          *Admitted in NH & Maine
email: leslie@lesliejohnsonlaw.com

December 29, 2010

**VIA FACSIMILE**

David Bullock, Investigator
NH Commission for Human Rights
2 Chenell Drive #2
Concord NH 03301

RE: Charles E. Walker as Administrator of the Estate of Michele M. Walker
v. Administrative Office of the Courts / EDS(R) 0077-10; 16D-2010-00083

Dear Investigator Bullock:

Enclosed please find Amended Charge of Discrimination for filing in the above-entitled matter.

If you have any questions concerning this transmittal, please do not hesitate to contact me.

Sincerely,

Leslie H. Johnson

LHJ:je
Enclosure

cc: Mr. Charles Walker, Administrator (via email)
    Julie Moore, Esquire (via fax only – 978.683.8027)

12/29/2010 14:56 FAX 6032846000     JOHNSON LAW OFFICE                      ☑002/004

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA ☒ EEOC | 16D-2010-00083 |

New Hampshire Commission for Human Rights                               and EEOC
*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Charles E Walker as Administrator of the Estate of Michele M. Walker
**Home Phone** (Incl. Area Code): [redacted]
**Date of Birth**: Ms. Walker: [redacted]

**Street Address**: 368 Old Franconia Rd, Bethlehem, NH 03574

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| STATE OF NEW HAMPSHIRE, ADMINISTRATIVE OFFICE OF THE COURTS | 500+ | (603) 271-2521 |

**Street Address**: 2 CHARLES DOE DRIVE CONCORD, NH 03301

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| STATE OF NEW HAMPSHIRE, District Court, C/O Administrative Office of the Courts | 15-100 | (603)271-6418 |

**Street Address**: 107 PLEASANT STREET, CONCORD, NH 03301

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify) RSA 354-A*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-03-2008    Latest: continuing
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

*Sexual Orientation, Marital Status
Note: The original portions of the Charge that are left are as Ms. Walker provided information and the tense has not been changed. There has been an attempt to put all changes in italics.

1) I, Michele Walker, am employed as the Clerk of the Littleton District Court, and was subjected to severe and/or pervasive sexual harassment in my place of my employment which created a hostile work environment. This sexually harassing behavior included being requested to participate in homosexual activity whereas I am known to be heterosexual and married.

2) Upon making multiple complaints to my supervisor regarding the sexually harassing behavior that had created a hostile work environment as required by Court policy, I was discouraged from bringing the nature of these incidents to light. I wanted the behavior to be stopped, my supervisor failed to take corrective action to end the harassment and actively discouraged me from further reporting the behavior of the individuals involved. My supervisor failed to report my complaint in accordance with the Court's harassment policy.

3) When I attempted to further report the sexual harassment in August of 2009, I was treated with hostility by the Administration. I was also retaliated against by those involved in the sexual harassment.

4) On approximately 8/20/09, due to escalating workplace harassment, I went on medical leave. I am a qualified person with a disability. My employer was put on notice of my disability based on the information provided to them in writing from my doctor as required. *Alternatively, my employer perceived me as a person with a disability.*

1

5) The Administrative Judge for the District Courts, Hon. Edwin Kelly, ordered me to return to work by 9/28/09. The Administrative Office of the Courts and the District Court thereafter refused to engage in the interactive process with me by not responding to numerous written and verbal inquiries concerning my leave and return to work. I have been discriminated against on the basis of my disability.

6) On 11/20/09, I contacted my employer and requested to return to work on 12/8/09. I requested reasonable accommodations for my return. My doctor provided documentation to the Administrative Office of the Courts to clear my return with these accommodations. My employer then denied me the right to reasonable accommodations, indicating that I did not have a disability. I was also retaliated against by my employer for making a complaint of sexual harassment when I was denied me the right to return to work at this time. Until the ongoing investigation of my complaints of sexual harassment is complete, I am not allowed to return to the Littleton Courthouse without authorization. My employer continues to refuse to engage in the interactive process with me concerning my return to work.

7) I have recently been certified to return to work by my doctor without accommodation. On January 15, 2010, I communicated my request to my employer to allow me to return to work based on this certification. My employer continues to refuse to engage in the interactive process with me concerning my return to work.

*The following paragraphs are generally ones added by the Estate as to events occurring after the filing of the original Charge of Discrimination and to clarify the original filing.*

8) *Subsequent to letters sent by Ms. Walker in November, ~~2010~~ 2009 CCH to the employer: (1) reiterating Ms. Walker's request for the employer to address the issues that Ms. Walker had attempted to raise in August; and (2) requesting leave to return to work with accommodations, the employer hired counsel and an allegedly independent investigator. Ms. Walker was not allowed to return to work pending the investigation, which was supposed to be "prompt and thorough". Ms. Walker appeared for an interview at the Plymouth Common Man on December 11, 2009, with her counsel, but the employer's counsel did not show up, and Mrs. Walker was sent away without being questioned by the investigator. Subsequently, Ms. Walker was subjected to interviews on January 12th and February 5th at Plymouth District Court, each lasting from approximately 10 a.m. to 3 p.m. with a lunch break in between. The interviews of Ms. Walker were treated more as a cross examination than an attempt to discover the truth.*

9) *Said "investigation" was hostile and intimidating to Ms. Walker. The questioning took place in the office of Gina Apicelli at the Plymouth District Court, while Ms. Apicelli and Honorable Edwin Kelly were both apparently down the hall. The investigator treated Ms. Walker in a hostile manner, yelling at her and questioning her aggressively. By way of example only, the investigator when investigating the allegations of sexual harassment rudely and loudly made reference to "F—ing".*

10) *Neither the employer nor the investigator made any attempts to recognize the difficult position that Ms. Walker was in, instead treating her as an adversary. Very little of the questioning concerned Ms. Walker's complaints, but instead circled around Ms. Walker's own personal and professional behavior. In addition, on a number of occasions, the investigator and counsel cancelled interviews at the last minute, further delaying resolution and causing Ms. Walker heightened anxiety over the obvious and continued hostility she was getting from her employer and their refusal to allow her to return to work.*

11) *Throughout the investigation until approximately the beginning of March, 2010, Ms. Walker reiterated her request to return to work. Thereafter, she was so traumatized by her treatment during the investigation that her disability degenerated to the extent that she became unable to return to work nor continue with the aggressive questioning in the presence of the investigator and Respondent's counsel who was also present.*

2

12) The incidents at work and as described herein, including the process of the "investigation", were so distressing to Ms. Walker that she committed suicide on or about May 3, 2010.

13) This claim is based upon discrimination/harassment and retaliation on the basis of disability and/or perceived disability, gender and sexual orientation (heterosexual).

14) The discrimination, harassment, and retaliation, which Claimant endured from her employer has caused her to suffer, including but not limited to, disability, severe and other emotional distress, aggravation, embarrassment, humiliation, sleeplessness at night, a feeling of anxiety, an inability to work, and lost wages and benefits.

15) *Claimant and the estate, claim* all damages allowed to her by law, including liberal compensatory and punitive damages, past and future lost wages, benefits, retirement, damages for distress, embarrassment, humiliation, aggravation, emotional distress, her mental state/diagnoses, *hedonic damages, loss of life*, attorney's fees, costs, and an amount to compensate her for any negative tax consequences that result from any judgment or decision.

16) *Claimant reserves* her right to add any further acts of retaliation to this Charge, or to any ensuing litigation as same may occur.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X  12-28-2010      X  [signature]
   Date                Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
[signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  12/28/10
(month, day, year)

[Notary seal: CORINNE L. GAGNON, STATE OF NEW HAMPSHIRE, NOTARY PUBLIC]

3