STATE OF NEW HAMPSHIRE

JUDICIAL BRANCH

Confidential

Transcript of Michelle Walker Interview

Friday, February 5, 2010

Plymouth District Court

Christine Howe, Esq.,

Human Resources Manager, State of Vermont

---

| | |
|---|---|
| Ms. Howe: | Today is Friday, February 5, 2010.  This is Christine Howe.  Good morning everyone. |
| Everyone: | Good morning. |
| Ms. Howe: | And everyone here understands that our conversation right now is being recorded and I have here with me Mrs. Michele Walker and with her is her legal counsel, Attorney Rose Culver. |
| Attorney Culver: | Good morning. |
| Ms. Howe: | Good morning.  Also present in the room is Yvonne McAllister from the Office of the Court Administrator of New Hampshire. |
| Ms. McAllister: | Good morning. |
| Ms. Howe: | And Julie Moore, who is legal counsel for the Court Administrator's Office. |

1

| | |
|---|---|
| Ms. Howe: | So this packet this . . . |
| Mrs. Walker: | They are all Paula Hurley. |
| Ms. Howe: | It is all Paula Hurley? |
| Mrs. Walker: | This one is too it looks like. |
| Ms. Howe: | This is Paula Hurley and this is the first three pages are on the 13th and then it goes into the 18th or 19th? 9:10 meeting starts. |
| Mrs. Walker: | That's the meeting that actually that is everything that went on. |
| Ms. Howe: | So this is all about meeting Paula and it was that day? |
| Mrs. Walker: | Yep. That was the day she came up for four hours. |
| Ms. Howe: | So you met with her for four hours on the 12th? |
| Mrs. Walker: | No. That was my day. That was everything that I had to do that day. That is the day that I went home sick. So that has got to be the 18th. That is the 18th. So if you go back a page that is the 18th. |
| Ms. Howe: | So I am just going to put August 18th at the top and this is August 13th? |
| Mrs. Walker: | Hm hm. |
| Ms. Howe: | And this is August, actually this is the page that is truncated? |
| Mrs. Walker: | Yes. 13th. |

45

| | |
|---|---|
| Ms. Howe: | And then this says 9/10 meeting starts. |
| Mrs. Walker: | 8/13. That was my meeting time and that was Michelle Brown's meeting time. And then I went and wrote notes at Dunkin' Donuts. |
| Ms. Howe: | This looks like two different kinds of handwriting. |
| Mrs. Walker: | Oh yeah. I am sorry. Because Chuck wrote this one right here. When he got home because after the meeting we finished this. That was Chuck. It was only one sentence. |
| Ms. Howe: | And then this is the 13th and then this jumps to the 18th? |
| Mrs. Walker: | Okay. The 18th. Because that is before the meeting started. This was the day before when Judge Kelley said he would arrange to get me some help because I said Paula saying she insisted on coming and I don't have any coverage. |
| Ms. Howe: | So the day before you met with Paula? |
| Mrs. Walker: | Yes. That would be the day before when Judge Kelly said. |
| Ms. Howe: | This would be the 12th? |
| Mrs. Walker: | Yes. And that is when we went into the office. We went into Judge Kelly's office for the meeting at 9/10. They are kind of all over the place. It was hard to do. I just wanted to get something down. Yep that goes there. And that is the 12th. Just the beginning and then the meeting starts the |

|              |                                                                                         |
|--------------|-----------------------------------------------------------------------------------------|
|              | next day, right here. So the last two lines was the meeting between Paula and I. 8/13.  |
| Ms. Howe:    | And is this still the meeting with Paula?                                               |
| Mrs. Walker: | No. This goes into the day she showed up and said she was just here just to visit. So I guess this was a meeting in chambers. When I was sick and was trying to run court. |
| Ms. Howe:    | You know what. I am going to have you look at this a second and you put it in the order that it should be and that way we won't get confused. |
| Mrs. Walker: | This page (inaudible - pages shuffling). Yeah here it goes. That is the police page. That is why. This is the last page because it wasn't a very nice thing I said but it was obviously how I felt. |
| Ms. Howe:    | And then verify that these go on top. Do these go right on top the way they are right now? |
| Mrs. Walker: | There appears to be something missing in this. Do you have anything else? |
| ???Attorney Culver: | Just the page you brought today.                                                 |
| Mrs. Walker: | Because this looks much like the other notes.                                           |
| Ms. Howe:    | There might be something in here.                                                       |

47

| | |
|---|---|
| Ms. Howe: | Oh that's right. Because I did have some questions. Because it seems like you do refer to email documents in your chronology. So when you were making the chronology did you have copies of the actual emails with you while you did that? |
| Mrs. Walker: | Yes. I am sure I must have if it says the exact same time and date. Which you can look at some of the emails. I don't know which ones you have and which ones you don't. |
| Ms. Howe: | Neither do I. I haven't had a chance to go through all of it yet. |
| Mrs. Walker: | But I can assure you that anything I did have is right here that I am providing you with. |
| Ms. Howe: | Like for instance on page 12 in the middle of the page it says August 12, 2:58 email from Pam. |
| Mrs. Walker: | Yep. |
| Ms. Howe: | So you may have that one? |
| Mrs. Walker: | Right. |
| Ms. Howe: | And you may not? |
| Mrs. Walker: | Right. |
| Ms. Howe: | And do you think this is one of the emails that you printed up on October 18th maybe? |

72

| | |
|---|---|
| Mrs. Walker: | That maybe, maybe not. I may have brought that home prior to you know during the week of August 17th. I don't know. |
| Ms. Howe: | And again. There was one day when you were having difficulty and you shredded some of your documents? |
| Mrs. Walker: | That's correct. |
| Ms. Howe: | All right. So I think we covered Judge Kelly and how you feel that basically he has been ignoring your complaints and not. |
| Mrs. Walker: | Well. Maybe he is thinking Jeff is doing it and Jeff's thinking Kelly is doing it. I don't know what to think because no one will act. The only thing they were willing to send me was a workmens' comp form. That was it. I did get that and I gave it to you. You have it. |
| Ms. Howe: | Hm hm. And I am really not trying to be argumentative. But your complaint activity is why I am here and so an action has been taken. They have found an investigator to investigate the charges. So I am here. And Jeff Smith, will you repeat the reasons why you feel he is retaliating? |
| Mrs. Walker: | He retaliated from day one. And it is in my report as well. I called him because I had a safety issue at work and I told him that I wanted to file an insubordination and I wanted to |

73

|  |  |
|---|---|
|  | file this, I wanted to file that. I said please do something to help me because my safety is at risk at work and he no way. |
| Ms. Howe: | Was that in August? |
| Mrs. Walker: | Hm hm. He said. It is in here. I hate quoting it because it is in here. |
| Ms. Howe: | Okay. So word for word . . . |
| Mrs. Walker: | He told me to talk to Michelle Brown and Pam Kozlowski. He wanted nothing to do with that. I said you are Human Resources why wouldn't you help me with this. I don't understand the procedure but I am asking you. You have no entitlement to insubordination. You have no entitlement to this. He said no, no, no. You call Pam and you call Michelle Brown. |
| Ms. Howe: | That is in your 24 page report? |
| Mrs. Walker: | Yes. |
| Ms. Howe: | And it outlines why you think that Jeff has retaliated against you. |
| Mrs. Walker: | I don't know if it outlines why I thought he retaliated against me but it is the facts of what he did. He didn't do anything. |
| Ms. Howe: | And that is what leads you to believe that he is retaliating against you for your complaint activity. |
| Mrs. Walker: | No communication. |

74

| | |
|---|---|
| Ms. Howe: | Well at least you know it is off. Okay so you are just flipping that over? |
| Attorney Culver: | Yes it is all set. Thank you very much. |
| Ms. McAllister: | Her job is to ensure staff under her receive sexual harassment training and comply. Expectation of honest feelings at work. Lauren Thorne, Regional Administrator when first hired. Pam Neville and Pam Kozlowski. Unsure of order. When appointed, Family Court and District Court have been together in Littleton. They were a pilot. Judge Cyr presides over both courts. Christine again asked that the questions be handled in communication now versus in writing. Michele Walker indicated this is very difficult for her emotionally. Needed to see her counselor several times to work through it. Michele Walker prefers writing. Christine stressed need to conversation at own pace. Rose reserved the right to withdraw written statement and everything is covered during conversation. Michele Walker, clerk, Brenda Knapp, deputy clerk of district court. Michelle Brown, regional. Lisa Towle, deputy clerk, Linda Gilman, court monitor family court. Pat Kenniston, floater, Martha Kennett, floater, PSO 1 full time, 2 CSO at all times, on court days floaters. Michele Walker went out on medical leave |

8/20. FMLA through 9/4. The medical leave approved 9/5 forward. Now on per diem on paid leave without use of sick time. Michele Walker has not had conversation with anyone beyond attorneys, etc. Is Michele Walker on medication? Diagnosed with PTSD in August. Michele Walker feels that her memory and mental capacity is clear to give accurate statements. When did Michele Walker last review her letter of complaint? Has not reviewed since written but did use November letter when composing her 25 page statement. Used various notes, letters, etc. available to her in preparation of statement. Michele Walker kept a diary at home of work related events for approximately 1.5 years. This started after meeting with Judge Kelly. Cannot recall exact date. Does not remember if before or after she married Chuck Walker. Not a daily ritual, only when events occurred. In the calendar book and on separate pieces of paper. Christine requested a copy of the calendar and notes. Rose and Michele took a break to confer. Five minutes. There is a folder at her, Michele Walker's, desk. 10/18/09. Needed to get some shoes. Checked emails. Checked desk to get her folder and found it missing. Folder approximately 5 inches deep. Received an email from Judge

|  |  |
|---|---|
|  | Kelly telling her not to come in the courthouse again. Did not access any other files. Did not forward any other emails. Was going to make notes in the file but did not plan to take the folder. Was concerned about her experience with Paula Hurley and didn't do anything wrong. Christine questioned why Michele Walker did not alert the judge of the missing folder. Michele Walker has tried to speak with people in administration with no luck since out on FMLA. Came in on weekend as she did not want to encounter Lisa T., etc. |
| Mrs. Walker: | Hold on a second. Did you say out on FMLA? |
| Attorney Culver: | I don't think she would have said out on FMLA? |
| Ms. Howe: | Is that a no answer? |
| Mrs. Walker: | I don't believe I did. No. |
| Ms. McAllister: | The statement indicates that Michele Walker has tried to speak with people in administration with no luck since out on FMLA. |
| Mrs. Walker: | I am not out on FMLA. I only had ten days. |
| Ms. Howe: | So that is page 4? |
| Ms. McAllister: | My notes indicate while she was out on her leave. I am reading from my notes. So perhaps we could change to leave. Is that more accurate? |

| | |
|---|---|
| Mrs. Walker: | Yeah. Because I am not on family. That is why I am not sure why I was forced to do those FMLA certifications because I didn't really qualify. I did it because I didn't want to get fired. |
| Ms. McAllister: | So adjustment now says Michele Walker has tried to speak with people in administration with no luck since out on her leave. |
| Mrs. Walker: | Hm hm. Can you go back to the email part. Because. In the office. Because I did look at emails in the court on October 18th. |
| Ms. McAllister: | It says. Well in here it says, while you were checking your emails. Okay. Yes. I didn't check all of them. You did admit that you checked them. But did you access any other files? And you said no. |
| Mrs. Walker: | No. |
| ???: | Is that what you said? |
| Ms. Howe: | So it does cover all that. Did you forward any of these emails? No. So. |
| Mrs. Walker: | What are you reading from? |
| Ms. Howe: | I am reading from your transcript. Page 23 and page 24 of the transcript. |

| | |
|---|---|
| Ms. McAllister: | Did not access any other files. Did not forward any other emails. Was going to make notes from the file but did not plan to take the folder. Is that accurate? |
| Mrs. Walker: | Yes. |
| Ms. Howe: | Okay. Moving on. |
| Ms. McAllister: | Came in on weekends as she did not want to encounter Lisa T., etc. Michele Walker does not feel she is treated as an employee of the court. Christine confirmed that she is. Sent certified letter to Paula Hurley on 11/9/09. Question: What events at work led up to taking medical leave? Answer: Completely hostile environment every day. Has been building since 2008. Escalating. Rose requested a break at 10:47. Back at 10:50. Michele Walker again indicated the written document is factual and conversation is very difficult. Christine indicated that she can refer to written documents as needed. Christine requested that Rose not interrupt conversation. If Rose wants to help with clarity she will be given the opportunity. Question: Did Michele Walker write the 11/9 letter by herself? The answer: Received assistance from her attorney, Rose Culver. Question: Did Michele Walker check it for accuracy and sign it herself? Answer: Yes but there was an error. Question: What is the error? |

102

Answer: No email from Judge Kelly in paragraph 3.

Question: Who is Pam Kozlowski? Answer: Michele Walker's boss, supervisor. Question: Paula Hurley's role? Answer: Look at previous allegations related to Lisa Towle raised in 2009. I have a date here 8/13, 3:55 Michele Walker received a call from Paula Hurley. Question: Expectation that Pam, not Paula, would look at the July allegations? Answer: Yes. Wondered were Pam was.

Question: Were are notes from the 8/13 conversation? Answer: On a piece of paper at home. Spoke with Judge Kelly on 8/13. Was upset that Pam K. was not involved. Judge explained that Pam was involved in another case and Paula was going to handle it. Michele Walker was concerned about court coverage. Judge Kelly told her not to worry. It will be covered. Safety complaint brought up. Lisa very aggressive, hostile, yelled, ordered Michele Walker to her desk in front of others. In here face. Michele did not know what Lisa Towle wanted to show her on the computer. Lisa Towle got very upset and told her to get away. Brenda witnessed as did Clark Benson, maintenance. Lisa was flailing her arms in complete rage. Clark was there to investigate putting up a door. Lisa told Michele Walker to

103

| | |
|---|---|
| Mrs. Walker: | Nope. |
| Attorney Culver: | We could put out a day or two and I can look into it. |
| Mrs. Walker: | I believe I have given you everything I could possibly give you. |
| Attorney Culver: | She has really. I mean this is everything. |
| Mrs. Walker: | If you want to set everything. I have given you everything that I have. I have given you everything I have. |
| Ms. Howe: | For the record, as we conclude today's interview, as the investigator I need to note for the record that when we talked about her claims in paragraph 8 of the charge of discrimination, Mrs. Walker declined to answer any questions related to gender discrimination. Mrs. Walker expressed and declined to answer any questions related to sexual orientation (heterosexual) discrimination . . . |
| Attorney Culver: | I think that is obvious. |
| Ms. Howe: | Excuse me. I am finishing and you will wait until I am done. |
| Attorney Culver: | Oh okay. |
| Ms. Howe: | And that Mrs. Walker refused to answer any questions related to her claim for marital status disability and discrimination. I apologize for raising my voice. That was very unprofessional but I take great pains to maintain |

148

|  |  |
|---|---|
|  | professionalism and to not interrupt other attorneys when they are speaking. |
| Attorney Culver: | Interesting. I think she addressed the disability today. Number one. The sexual orientation, I think you addressed that last time. Okay. Gender - it is all encompassed in that and her marital status. It is all in her 24 page statement. She has nothing further to say. |
| Ms. Howe: | Despite Attorney Culver's statements to the contrary, in fact, Mrs. Walker's statements will stand on her own, and that in fact she declined to go into any more detail about those charges today. So we will be scheduling a future interview. |
| Mrs. Walker: | They are in my statement. So. I don't know how much more. You haven't even reviewed the statement. Once you read it I think you will find the answers that you are looking for. |
| Ms. Howe: | Just for the record, that was offered and Mrs. Walker declined to even approach the subject. |
| Mrs. Walker: | I am not declining to approach the subject. I am saying it is in the 24 page statement. You need to review it. You asked for it. I gave it and everything is in there that needs to be said. |

| | |
|---|---|
| Attorney Culver: | But is she going to get back to work? That is a question that I have. Are you going to help her get back to work, Julie? |
| Ms. Howe: | What I can state as an investigator is that until the investigation is complete I would not expect that it is just going to have to wait until the investigation is complete. There is many reasons for that and it has nothing to do with retaliation. After you have made allegations, Mrs. Walker, against your co-workers and the court is not in the position to remove anyone from the workplace right now, so based on your claim it could possibly be disadvantageous to you to put you back in the workplace right now. I understand that you are being paid on administrative leave right now and receiving your salary. You are not on an unpaid leave and no disciplinary actions have been taken against anybody at this point. It is very common in employment discrimination investigations that employers take great pains to not make something worse, and if there are unresolved issues of this nature it's simply not prudent or wise to bring people together until you have sorted that all out. |
| Mrs. Walker: | I believe that I have covered everything and I think you will find that those three things you are asking for is in my 24 |