UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Estate of Michele M. Walker ) | |
| ) | |
| v.   ) | Civil Action # 11-CV-421-PB |
| ) | |
| New Hampshire Administrative Offices of ) | |
| the Courts, et al.   ) | |

**PLAINTIFF'S MOTION TO FURTHER EXTEND DEADLINE FOR FILING SUMMARY JUDGMENT OBJECTION, DISCOVERY AND TRIAL**

NOW COMES the Plaintiff, Estate of Michele M. Walker, by and through its attorney, Law Office of Leslie H. Johnson, PLLC, and files Plaintiff's Motion To Further Extend Deadline for Filing Summary Judgment Objection, Discovery and Trial, and in support therefore respectfully states as follows:

1. Plaintiff is filing an Assented to Motion to Extend Deadline for Filing Summary Judgment Objection And Discovery Deadline contemporaneously herewith, as well as a Motion to Compel, which are incorporated herein by reference.

2. Plaintiff agreed to extend Defendant's deadline to respond to discovery approximately six weeks, to October 5, 2012. Answers were received October 9, 2012 as outlined in the Assented to Motion To Extend.

3. The need for a further extension of time to object to the Summary Judgment motion is due to outstanding discovery, which the parties have not been able to agree on, as is reflected in Plaintiff's Motion to Compel. Because Plaintiff has not received all discovery it believes it is entitled to, it has not been able to depose certain individuals, and is unable to finish fully responding to the Summary Judgment motion. See Motion to Compel.

4. With respect to the need for further extensions, it was not until receipt of Defendants' discovery that Plaintiff's counsel learned said discovery was extremely voluminous, approximately 4,000 pages. Defendants knew or should have known at the time the parties

1

agreed to extending Plaintiff's deadline to object to Summary Judgment to 11/9/12 (DN 18) that Defendants' discovery would be voluminous.  Plaintiff's counsel is a sole practitioner and therefore does not have the luxury of co-counsel to assist her in reviewing all of the material provided by Defendants.  Plaintiff's counsel spent multiple 10 hour days, including weekends, to absorb the discovery material and to prepare for depositions that have occurred since receipt of the materials.  Four depositions proceeded despite some of the lacking discovery, which may require recall of certain witnesses already deposed.

5.      While it is true that Plaintiff's counsel did not serve formal discovery until on or about August 9, 2012, due to multiple professional and personal commitments, including an extended vacation out of state (Alaska), if Defendant had provided complete answers within 30 days, discovery including depositions could have been completed on time.

6.      After review of the answers, counsel for Plaintiff provided a written request to Defendant's counsel for further answers on October 17, 2012.  On October 29, 2012, Counsel for both parties conferred concerning the further requests.  In the interim, Plaintiff has taken four depositions, and three more are scheduled prior to November 9, 2012.

7.      One of the primary areas of dispute is that Defendant is claiming work product over an investigation conducted by an outside person, which they have intermittently referred to as independent.  Plaintiff reasonably expected all discovery material related to said investigation to be provided with the answers to discovery.  Plaintiff then planned to depose the investigator Christine Howe, which deposition has been denied to Plaintiff.  This and other issues are outlined in Plaintiff's Motion To Compel.

8.      In addition, Plaintiff indicated to Defendant's counsel during deposition that she would be requesting follow up documentation requested during said depositions.  Defendant's

counsel just notified Plaintiff's counsel that she will be considering each follow up request she receives in writing to be a new formal discovery request, which she has thirty days to respond to. The normal process is for the documents to be provided forthwith, and this will further unnecessarily slow down the process.

9. If the Court grants any portion of the Motion to Compel, more time will be necessary to receive and review the materials, conduct any necessary further depositions or recall witnesses, prior to responding to the Summary Judgment Motion and to reschedule trial.

10. Defendant's counsel has been contacted and does not assent to this motion.

11. No memorandum of law is necessary as the granting of this motion is within the Court's discretion.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court:

A. Grant Plaintiff until 30 days after the Defendant provides discovery ordered in ruling on the Motion to Compel for Plaintiff to complete discovery including depositions;

B. Grant Plaintiff an additional 15 days after the extended close of discovery to object to the Summary Judgment Motion;

C. Reschedule the trial to April, 2013; and

D. Grant such other and further relief as this Court deems equitable and just.

Respectfully submitted,
**ESTATE OF MICHELE M. WALKER**, Plaintiff
By its attorney,

Date: October 31, 2012         By:        /s/     LESLIE H. JOHNSON
Leslie H. Johnson, Esquire, NH #5545
LAW OFFICE OF LESLIE H. JOHNSON, PLLC
PO Box 265
Ctr Sandwich NH 03227
603.284.6600
leslie@lesliejohnsonlaw.com

3

## CERTIFICATION

  I hereby certify that on this 31st day of October 2012, copy of this Motion was electronically served through ECF on the following counsel: Mary Ann Dempsey, Esquire, Counsel for Defendants.

              /s/  LESLIE H. JOHNSON
              Leslie H. Johnson, Esquire