

## LAW OFFICE OF LESLIE H. JOHNSON, PLLC
PO Box 265, 46 Holderness Road
Center Sandwich, NH 03227-0265

Telephone: (603) 284-6600            Leslie H. Johnson, Esquire*
Fax: (603) 284-6000                 *Admitted in NH & Maine
email: leslie@lesliejohnsonlaw.com

October 17, 2012

**VIA EMAIL ONLY**

Mary Ann Dempsey, Sr. Asst. Atty. General
Office of the NH Attorney General
Civil Bureau
33 Capitol Street
Concord NH 03301

**RE:**     **Charles E. Walker as Administrator of the Estate of Michele M. Walker
v. Administrative Office of the Courts**

Dear Attorney Dempsey:

       As we have discussed via email, I have concerns with the State's answers to interrogatories and production requests. After granting an additional six weeks for your answers, I was surprised to find discovery in the approximate amount of 4,000 pages and would have appreciated prior notice of same when we were discussing deadlines for depositions and our objection to your summary judgment motion. The following are our issues to date. If we are unable to resolve them I will be moving to compel, and to extend deadlines and trial.

### Objections

       Objection #3, p. 4 of Answers: It is our understanding that Julie Moore was originally hired as an independent investigator, which position we believe she held until you hired Attorney Christine Howe as the "independent investigator." Please confirm the capacity in which Moore was hired, and if there was a contract for her to be an independent investigator, we request a copy, along with the contract demonstrating she ceased being the investigator and became counsel. If we are correct, then we assert that anything Attorney Moore created or had in her possession prior to Ms. Howe being hired, is discoverable.

       Objection #4, at p. 4: Your claim that Christine Howe's notes and file, and notes taken by Ms. McAllister, are subject to the work-product doctrine is without any basis in fact or in law. Your client represented time and again that the investigator was "independent", not your lawyer. Therefore, the entire file is relevant and discoverable, including any notes, email, etc... forwarded

to her by Attorney Moore (as her forwarding documents to the independent investigator removes the privilege). Also, the notes taken by Ms. McAllister for Ms. Howe are part of the investigation, and thus discoverable. Please also provide a copy of Ms. Howe's contract.

**Interrogatory #2**

As to your second objection, with respect to the defendant's agents in the course of investigating Ms. Walker's allegations, it seems to claim that the investigation was not independent. One can't have an "independent investigation" done by one's own agents. Therefore, any material related to the investigation by either Ms. Moore (prior to her becoming counsel) or Ms. Howe should be made available. This also deals with your objections further down in your answer as to these three individuals (Moore, Howe, and McAllister).

In my email I noted you did not provide detailed information as to what each witness knows. You responded by stating that all of the information they know is contained within your attachments. I will therefore hold you to that and expect all documentation they provided has been disclosed. If I am incorrect about that please let me know.

However, as to their phone numbers, I reiterate my request as to non-supervisory employees, and ones that no longer work there. I do not believe you are justified in withholding their phone numbers. I am not required to run my work product through you. Please provide the home phone numbers of witnesses who are not supervisory; for those that are supervisory, please affirmatively state same.

You responded to my emailed concern that you represent all employees of the AOC and that I can talk to none of them independently. As you no doubt have failed to talk to most of the employees, I find your position to be without basis. Please confirm whether you maintain that all current employees of AOC are off limits, and I will proceed with the motion to compel on this issue. **Please also provide a copy of the names of all 400+ employees so that I can discover who it is you claim to represent.**

I understand that your position does not apply to court security officers, people outside of the court system, and former employees. Please let me know if I understand this correctly.

**Interrogatory #3**

We requested copies of any statements, and you object and refer us back to interrogatory #2. We reiterate our concerns with interrogatory #2, and to the extent there are statements that would not be provided with the answer to #2, we request they be provided with answer to Interrogatory #3.

2

**Interrogatory #4**

Objection #1. To the extent the Defendant is aware of and as it has access to the Court computers, it can provide written documentation within its possession.

Objection #2: Any information produced or obtained by the Defendant or any of its' agents (including investigators), are discoverable. It is not attorney work product nor protected by the attorney client privilege. Just because the Defendant has attorneys' in its employ, does not make information generated during their employment privileged, nor attorney work product.

Bates stamp 436 – 454 as referenced do apply to the case, but they aren't statements taken from anyone. It would appear from my partial review of the documents provided that you have provided statements taken by Christine Howe which would pertain to this answer, although not referenced.

> Do we have all statements taken, by anyone other than actual counsel for Defendant at the time, on behalf of the Defendant?

**Interrogatory #5**

As stated in my previous email, "identify" meant to provide phone numbers and addresses. As stated, if the person is a supervisor, please denote same. In that case, the AOC number is sufficient, but their address is still requested. If confidentiality, instead of me being able to locate them to ask them questions, is the real issue, I would be happy to sign a protective order. As far as the list of names provided, it would seem that you could provide the full names of the CSO's. I assume "Parker", "Murphy",. etc. are CSO's. Please fully identify them.

Also, please provide their job titles, duties, and dates of employment (for those not appearing on Bates 000455-56), as requested.

**Interrogatory #6**

Please provide Ms. Knapp's job description prior to her position as Acting Clerk and when she was Acting Clerk. As you reference no page numbers where this information is provided I assume it is not provided. As you know you provided me with nearly 4000 pages of documents which I am working through.

**Interrogatory #7**

Please describe the circumstances pertaining to Lyn Gilman no longer being employed by Defendant and provide copies of any documentation related thereto.

3

**Interrogatory #12**

There is no description of the conversations related to preventing retaliation against Plaintiff. Do you mean there were no such conversations?

**Interrogatory #13**

To the extent that a witness is not named, or defense not explained in the Motion for Summary Judgment we will deem it waived. If you have anything to add with respect to this question please provide the information.

**Interrogatory #16**

"Complaint" means any verbal or written complaint about the performance of co-employees for any time from 2006 forward. Please provide a copy of any documentation related thereto.

**Interrogatory #17**

The job qualifications and resumes for the named individuals is relevant to this case, as are any disciplinary actions against them for any reason, whether or not arising from Plaintiff's written complaints. It also bears on their credibility. Please provide the information.

**Interrogatory #19**

This question asks for statements given by the Defendant orally or in writing, and is not the same as #2. It excludes anyone acting as your attorney *at the time of the statement* and includes any statements, orally or in writing, given to the independent investigator Ms. Howe. "Statement" is the ordinary meaning, anything told to anyone verbally or in writing.

**Interrogatory # 20**

With respect to the two claims mentioned, please answer questions a- g. Also, please answer as to all forms of discrimination and provide documentation.

**Interrogatory #21**

This clearly means to describe all communications about the allegations in the complaint and answer and provide all documentation. You obviously may exclude attorney client communications between the Defendant and anyone acting as the Defendant's actual counsel at the time of the communication. Communications made during periods when an attorney was not representing you and was acting as an investigator are not privileged.

4

**Interrogatory #22**

You are claiming that you promptly and fairly investigated Plaintiff's complaints. If I am wrong about that please let me know. Therefore, we are entitled to all information concerning your investigation(s), except for that which was between you and your attorney during the course of the representation. We are entitled to Christine Howe's entire file, and Julie Moore's file if she was at any time acting as an investigator instead of as Defendant's attorney. Are you claiming that Christine Howe was representing the Defendant as legal counsel during the entire time when she was interviewing the Plaintiff and other witnesses while telling them she was an "independent investigator"?

It is not reasonable to take the position that we can obtain this information through depositions when we are entitled to receive it through interrogatories so that we can further explore the information, whether we chose to do so formally or informally. At deposition we would ask for all written material and I would suspend the deposition until I receive the information and have time to review it.

Please confirm what the page references "Bates AOC 000001-001052-001295" at the bottom of p. 21 means. Are you referencing the entire first 1295 pages as being part of the investigator's file? Please clarify that and whether in fact the entire investigator's file, including handwritten notes from Julie Moore to the investigator during the Walker interviews, have been turned over.

**Interrogatory #24**

This information is requested as relevant to demonstrating Plaintiff was treated differently. We are happy to enter into a protective order that I am in the process of preparing.

**Interrogatory #26**

We reiterate our prior reasons why communication with Ms. Howe is not privileged, namely because she was to be an "independent investigator". I believe we are entitled to all of the information requested. You have not identified in this answer what information was given to Ms. Howe. Please identify those Bates numbers.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**RPD #1** All documentation pertaining to claims other than this case. (See original RPD for exact wording)

We are not requesting information protected by the attorney client privilege. The rest can be protected by a protective order.

**RPD #2  Copies of all documentation, including pictures related to this case.**

This simply requests all information of which you are aware, including the picture referred to by Plaintiff in her case.

**RPD #3  Copies of all documents concerning other sexual harassment cases within the last five years.**

In your answers to interrogatories (#20) you said there were not any sexual harassment complaints. Please clarify if your answer was correct, and if so, I would expect you could answer this "none". If not please correct your prior answer, or provide the information.

**RPD #4  Copies of all documentation related to any investigation into Plaintiff's claims.**

This excludes information to or from Julie Moore during the time period she was acting as counsel, as opposed to investigator. This also includes the Howe information, which for reasons discussed above needs to be produced.

**RPD #5  Copies of all interview of summaries of interviews, as well as any recordings of any interviews concerning the underlying facts and/or the allegations generated at any time.**

Same request at above in RPD #4.

**RPD #6  Personnel files, job descriptions, review and disciplinary actions concerning Brown, Gilman, Towle, Smith, Appicelli, and Kozlowski.**

I believe you have produced the job descriptions. As these are people involved in this case this information is relevant and discoverable, particularly as it impacts on credibility. Any confidentiality concerns can be covered by a protective order. You reference Int. 7, with which our issues are noted above and incorporated herein.

**RPD #11 Plaintiff's complete personnel file with supervisor notes.**

You reference question 23 which pertains to her leave of absence. Please identify the pages you state constitute her complete personnel file including supervisor notes.

      Thank you for your attention to this matter. I will be available tomorrow to discuss this matter or any other concerns.

                                                            Sincerely,

                                                            Leslie H. Johnson

LHJ

cc:    Mr. Charles Walker, Administrator (via email)