Ex 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Estate of Michele M. Walker, Charles E. Walker )
   Administrator )
                               )    Civil Action #1:11-cv-421-PB
v. )
 )
State of New Hampshire – Administrative )
   Office of the Courts )
AND )
State of New Hampshire – NH Second Circuit, )
   Littleton District Division – Administrative )
   Office of the Courts )

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS
PROPOUNDED BY PLAINTIFF TO BE ANSWERED UNDER
OATH BY DEFENDANTS JOINTLY**

NOW COMES the Estate of Michele Walker, Plaintiff, by and through its attorney, the

Law Office of Leslie H. Johnson, PLLC and propounds the following interrogatories and request

for production of documents to be answered under oath by Defendants jointly in accordance with

the Federal Rules of Civil Procedure:

**Definitions**

a.    "Document" means the original and each copy that is not identical with the original or
that contains any commentary or notation that does not appear on the original of any written,
reproduced, or any tangible thing that in whole or in part illustrates or conveys information,
including but not limited to correspondence, reports, records, lists, memoranda, invoices, checks,
check stubs, ledgers, financial journals, financial statements, purchase orders, sales slips, books,
drafts, letters, telegrams, catalogues, manuals, brochures, pamphlets, schedules, calendars,
summaries or records of telephone conversations or interviews, diaries, graphs, plans, drawings,
notebooks, photographs, motion picture film, videotape, audio or video recordings of any kind,
however made, maps, advertisements, press releases, summaries or reports of investigations or
negotiations, opinions or reports of consultants, appraisals, and records of any other type.
"Document" also includes information stored on or in any computer or word processing system.
All attachments to documents which are stapled, paper clipped or otherwise affixed to documents
shall be produced and shall be attached to the document(s) to which they relate.

1

b.   "You" and "your" means either Defendant, including any and all agents, employees, trustees, and other persons acting or purporting to act, or having acted or purported to act, directly or indirectly, on behalf of such entity.

c.   "Person" includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associations, or other groups separately identified no matter how organized.

d.   "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

e.   Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

f.   "Concerning" as used herein, shall include but not be limited to: referring to, relating to, embodying, connected with, commenting on; responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

g.   "Identify" as to a person, means to give the person's name, work, home and cell telephone numbers, and address.

**Interrogatory Instructions**

a.   Interrogatories shall be answered in writing under oath by the party upon whom served, if an individual, or, if a public or private corporation, a partnership or association, by an officer or agent, who shall furnish all information available to the party.

b.   Each question shall be answered separately, fully, and responsively in the space provided following the interrogatory or, if insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answers, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.

c.   If, in any interrogatory, a copy of a paper or document is requested, a complete and legible copy shall be annexed to the answer. If the copy is a report of an expert witness or a treating physician, it shall be the exact copy of the entire report or reports rendered by the witness or physician, regardless of the form in which rendered.

d.   The party who is served with the interrogatories shall serve his/her answers thereto, by mail or delivery in hand, upon the party propounding them within 30 days after service of such interrogatories, or within 30 days after the return day, whichever date is later or as instructed by the Court.

e.   The answers shall be served, together with the original and one copy of the interrogatories, upon the propounding party. If copies of papers are annexed to answers, they need to be annexed to only one set.

f.   If any interrogatory propounded herein is objected to, the answering party shall, nevertheless, make timely answer to all questions to which there is no objection.

g.   If objections are made to any interrogatories herein, it is the responsibility of counsel for the objecting party to initiate and attempt in good faith to settle the objections by agreement and to notify the Clerk if the objections are settled by agreement. If counsel is unable to settle objections, it is the responsibility of counsel for the objecting party to notify the Clerk and request a hearing on such objections as remain unsettled.

h.   Where an objection to an interrogatory has been withdrawn by agreement of counsel or has been overruled by the Court, the answer to such interrogatory shall be served within 10 days thereafter.

i.   It is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence and does not violate any privilege.

j.   In order to answer the following interrogatories, you are to make such inquiry of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, which in any way concerns the matter dealt with by these interrogatories so as to enable you to make complete and true answers to them.

k.   If you cannot answer any of these interrogatories fully and responsively, you are to answer them to the best of your ability, stating the specific reason or reasons for your inability to be more thorough or precise.

## GENERAL OBJECTIONS

1.      As indicated in Defendants' Answer, the Second Circuit Court, Littleton District is part of the State of New Hampshire – Administrative Office of the Courts ("AOC"). In turn, the AOC is part of the State of New Hampshire Judicial Branch. Therefore, there is only one proper defendant in this matter. The Answers set forth herein are on behalf of the State of New Hampshire Judicial Branch ("Judicial Branch").

2.      The term "you" and "your" is broad, vague, and unduly burdensome. The Judicial Branch has approximately 483 full-time non-judicial employees. The term as defined would include all such individuals.

3.      The Judicial Branch retained legal counsel, Attorney Julie Moore, in connection with the allegations set forth in the Complaint. The communications between the Judicial Branch and Attorney Moore are subject to attorney-client privilege and Attorney Moore's documentation is subject to the work-product doctrine.

4.      The Judicial Branch retained Attorney Christine Howe to investigate Ms. Walker's claims of harassment. Due to a medical condition that did not allow Attorney Howe to take notes, Yvonne McAllister from the Judicial Branch took notes on her behalf. Any documents prepared by Christine Howe and/or Yvonne McAllister in the course of the investigation are subject to the work-product doctrine.

5.      The words "and" and "or" are construed according to their customary usage, and not interchangeably with each other.

4

## INTERROGATORIES

1.    For anyone providing answers to these interrogatories, state your full name (including any other name(s) by which you are or have ever been known), position/title and length of time with the company, date of birth and social security number, and identify each interrogatory for which each individual provided information.

ANSWER:

**Edwin W. Kelly**
**Administrative Judge of the New Hampshire Circuit Court**
**The State of New Hampshire Judicial Branch**
**December 1986**

**Jeffrey Smith**
**Manager of Operations**
**Administrative Office of the Courts**
**The State of New Hampshire Judicial Branch**

**Howard Zibel**
**General Counsel**
**The State of New Hampshire Judicial Branch**

**Objection – F.R.C.P. 26(b)(1). The defendant objects to providing dates of birth and/or social security numbers as such information is neither relevant nor likely to lead to the admissibility of relevant evidence.**

5

**ATTORNEY GENERAL**

**DEPARTMENT OF JUSTICE**

33 CAPITOL STREET
CONCORD, NEW HAMPSHIRE 03301-6397

MICHAEL A. DELANEY
ATTORNEY GENERAL



ANN M. RICE
DEPUTY ATTORNEY GENERAL

October 5, 2012

Leslie H. Johnson, Esquire
Law Office of Leslie H. Johnson, PLLC
P.O. Box 265
Center Sandwich, NH 03227

Re:   Estate of Walker v. AOC
      Docket No. 1:11-cv-421-PB

Dear Leslie,

Enclosed please find the defendant's answers to interrogatories and request for
production of documents along with a disc of the documents. Please note that on
September 25, 2012, we agreed to set aside specific dates in October for depositions. It is
necessary that you advise me by October 10, 2012 of the individuals you would like
deposed so I can confirm their availability.

If you have any questions, please let me know.

Sincerely,

Mary Ann Dempsey
Senior Assistant Attorney General

Cc:   Lisa M. English, Esquire
      Judge Edwin W. Kelly

Law Office of Leslie H Johnson

OCT - 9 2012

RECEIVED

2.      Identify each and every person who witnessed or whom you believe has knowledge regarding any of the facts, events or happenings described in Plaintiff's Complaint thereto, or your response thereto, including for each person:

      a.      Full name, address and telephone number;

      b.      A detailed summary of each witness's knowledge of the incident;

      c.      Whether or not you or anyone acting on your behalf has obtained a statement in any form from that person, and if so:

            i.      The date upon which each such statement was taken;

            ii.      The full name, address and telephone number of the person who took each such statement;

            iii.      The full name, address and telephone number of the person who currently has custody of each statement; and

            iv.      The manner in which each such statement was taken, i.e., in writing, by recording, etc.;

            v.      Provide a copy of said statement and all documentation related thereto; and,

      d.      State whether or not you intend for each such person to testify at trial.

ANSWER:

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad, vague, and unduly burdensome and therefore cannot properly be answered.  The interrogatory does not define the terms "statement" and/or "witness."  In addition, the plaintiff's complaint is 21 pages in length and the time frame of the allegations spans from the winter of 2007 until May 2010.  There is no way for the defendant to know every person who witnessed or has knowledge of the alleged events.**

**Objection – F.R.C.P. 26(b)(3).  To the extent that the interrogatory seeks notes prepared by defendant's agents in the course of investigating Ms. Walker's allegations of sexual harassment or anytime thereafter, such information is privileged as attorney-client and/or work product.**

**Subject to and without waiving the above-stated objections, the defendant believes the following people may have knowledge of some, or all, of the alleged facts:**

      **(a) Michele Walker**
      **Deceased**

     -    **Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-46**
     -    **The plaintiff has a copy of recorded statements of Ms. Walker**

6

**(b) Charles E. Walker**
**368 Old Franconia Road**
**Bethlehem, NH  03574**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-46
- The plaintiff has a copy of Mr. Walker's deposition.


**(c) Chelsea Lasko**

- Possible knowledge regarding factual allegations set forth in Complaint ¶¶ 12-46


**(d) Harold Boutin**
**154 Ammonoosuc Avenue**
**Bath, NH  03740-4326**

- Possible knowledge regarding Ms. Walker's mental state during the time frame set forth in the Complaint

**(e) Rose Culver, Esquire**
**18 North Main Street, Suite 301**
**Concord, NH  03301**

- Knowledge regarding events from approximately August 2009- May 2010


**(f) Trooper Todd Cohen**
**New Hampshire State Police, Troop F**
**549 Route 302**
**Twin Mountain, NH 03595**

- Knowledge regarding factual allegations set forth in Complaint ¶ 26

**(g) Trooper Matthew Favreau**
**New Hampshire State Police, Troop F**
**549 Route 302**
**Twin Mountain, NH 03595**


- Knowledge regarding factual allegations set forth in Complaint ¶ 25

**(h) Mary Chase**
772 St. Johnsbury Road, Littleton, NH

- Knowledge regarding factual allegations related to Complaint ¶ 14 and Ms. Walker's mental state during the time frame set forth in the Complaint

**(i) Judge Edwin W. Kelly**
**State of New Hampshire Judicial Branch**
**Two Charles Doe Drive**
**Concord, NH 03301**
**603-271-2521**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-46 See attached documents (Bates AOC 000001-000034)

**(j) Paula Hurley**

**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 27-30
- See attached documents (Bates AOC 000035-000047)

**(k) Jeffrey Smith**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 31-38

**(l) Pamela Kozlowki**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-27
- See attached documents (Bates AOC 000226-000274)

**(m) Gina Apicelli**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-27

**(n) Michelle Brown**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-19
- See attached documents (Bates AOC 000275-000303)

**(o) Lisa Towle**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-19
- See attached documents (Bates AOC 000080-000225)

**(p) Brenda Knapp**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-19
- See attached documents (Bates AOC 000319-000435)

**(q) Patricia Keniston**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-19
- See attached documents (Bates AOC 000048-000079)

**(r) Martha Kennett**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-19

**(t) Darcy Stearns**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-19

**(u) Lyn Gilman**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-19
- See attached documents (Bates AOC 000304-000318)

**(v) Judge John P. Cyr**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 12-19

9

**(w) Yvonne McAllister**
**Same address and phone number**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 39-46

- Objection – F.R.C.P. 26(b)(3). To the extent that the interrogatory seeks notes prepared by defendants' agents in the course of investigating Ms. Walker's allegations of sexual harassment or anytime thereafter, such information is privileged as attorney-client and/or work product.

**(x) Julie Moore, Esquire**
**93 Sherwood Drive, Suite 201**
**North Andover, MA  01845**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 39-46

- Objection – F.R.C.P. 26(b)(3). To the extent that the interrogatory seeks notes prepared by defendants' agents in the course of investigating Ms. Walker's allegations of sexual harassment or anytime thereafter, such information is privileged as attorney-client and/or work product.

**(y) Christine Howe, Esquire**
**Vermont Supreme Court**
**109 State Street**
**Montpelier, VT**

- Knowledge regarding factual allegations set forth in Complaint ¶¶ 39-46

- Objection – F.R.C.P. 26(b)(3). To the extent that the interrogatory seeks notes prepared by defendants' agents in the course of investigating Ms. Walker's allegations of sexual harassment or anytime thereafter, such information is privileged as attorney-client and/or work product.


The defendant will identify individuals it expects to testify at trial in accordance with Court rules.

3.      Has Defendant or its representatives taken any statements from any individual(s) concerning the facts or circumstances surrounding Plaintiff's allegations? Provide a copy of all documentation related thereto.

ANSWER:

**See Answer and Objections to Interrogatory #2**

4.      Identify all persons with whom Defendant, officers of Defendant, and employees have communicated with (exclusive of counsel in the instant action) concerning the allegations in the Complaint or the Answer and describe those communications. This includes both verbal and written communications. Attach a copy of documentation of any such statements given, and describe any such oral statements in detail. Attach all documentation related hereto.

ANSWER:

**Objection. This interrogatory is overly broad, vague, and unduly burdensome and therefore cannot properly be answered. The plaintiff's complaint is 21 pages in length and the time frame of the allegations spans from the winter of 2007 until May 2010. The Judicial Branch has approximately 483 full-time non-judicial employees. The Judicial Branch does not purport to know every one of its employees' communications concerning the allegations in the Complaint or the Answer, nor can the Judicial Branch provide an answer on behalf of all employees.**

**Objection – F.R.C.P. 26(b)(3). To the extent that the interrogatory seeks notes prepared by defendants' agents in the course of investigating Ms. Walker's allegations of sexual harassment or anytime thereafter, such information is privileged as attorney-client and/or work product.**

**Subject to and without waiving these objections, see Interrogatory Answer #2 and attached documents (Bates AOC 000436-000454)**

\

5.      Identify all persons who were employed by Defendant at the Administrative Office of the Courts, Littleton District Court (either division), and Plymouth District Court (either division) at any time from 01/01/2006 to present, including their job titles, job duties, whether they are supervisory, and dates of employment.

ANSWER:

**Objection. This information seeks confidential employee information that is neither relevant nor likely to lead to the admissibility of relevant information. In addition, numerous employees, including judges, court monitors, bailiffs, and maintenance would travel to Littleton on various days during that time frame. Subject to and without waiving this objection, the following were employees who worked on a regular basis (at least once per week) within the Littleton District Court and Plymouth District Court between the timeframe of January 1, 2006 to August 31, 2009.**

**Littleton District Court:**

> **Michele M. Walker**
> **Brenda Knapp**
> **Lisa Towle**
> **Lyn Gilman**
> **Pat Keniston**
> **Darcey Stearns**
> **Martha Kennett**
> **Marjorie Theroux**
> **Judge John P. Cyr**

**Plymouth District Court:**

> **Michelle Brown**
> **Patricia White**
> **Parker**
> **Murphy**
> **Linda Grey**
> **Duncan**
> **Jeannette Bilodeau**
> **McClay**
> **Janet Peltier**
> **Michelle LaPlume**
> **Amelia Philbin**
> **Deb Nichols**
> **Sandra LaRoche**

**Kimberly Burke**
**Judge Stephen Samaha**
**Judge David Kent**
**Judge Edwin Kelly**
**Judge Thomas Rappa**

**See attached documents (Bates AOC 000455-456)**

6.    Provide a job description, including any written description that existed, with regard to the position(s) held by Plaintiff while Plaintiff was employed by Defendant. Include the following:

    a.    Number of hours required, job tasks and responsibilities (be specific and detailed);
    b.    To whom she was responsible to report both directly and indirectly;
    c.    Pay scale;
    d.    Name of employees at Defendants who have held the same or similar position since Plaintiff's termination to date and identify them by name, address and telephone number as well as dates of hire, pay scale, job qualifications.

ANSWER:

**(a-c) Ms. Walker's hours, rate of pay, and job responsibilities are set forth in her personnel file.  See attached documents (Bates AOC 000457-000707).  During the time frame set forth in the Complaint (winter of 2007 until May 2010), Ms. Walker's direct supervisor was Pamela Kozlowski. Ms. Walker also reported to the Presiding Judge of the Littleton District Court, John P. Cyr.**

**(d) Objection – F.R.C.P. 26(b)(3).  On advice of counsel, the defendant objects to providing confidential personnel information regarding individuals whom did not work with Michele Walker as this information is neither relevant nor likely to lead to the admissibility of relevant evidence.  Subject to and without waiving this objection, Brenda Knapp served as Acting Clerk subsequent to Ms. Walker's death. On July 1, 2011, the Judicial Branch merged the District Court, Family Court, and Probate Court into a single Circuit Court system.**

13

7.      Provide a job description of the positions held by M. Brown, L. Gilman, L. Towle, G. Appicelli, and P. Kozlowski while employed by Defendant, including number of hours worked, job tasks and responsibilities, to whom each was responsible to report both directly and indirectly, and required credentials to hire for the position. State whether they are still employed by Defendant. If the answer is no, describe the circumstances of the termination of employment.

ANSWER:

**Objection – F.R.C.P. 26(b)(1). The term "indirectly" is vague. The defendant objects to providing confidential personnel information regarding individuals employed by the Judicial Branch. Subject to and without waiving this objection, attached are the job descriptions for each individual identified during the time period set forth in the Complaint. Lyn Gilman is no longer employed by the defendant. Michelle Brown's direct supervisor was Gina Apicelli. Lisa Towle's direct supervisor was Michelle Brown. Gina Apicelli and Pam Kozlowski's direct supervisor was Judge Kelly.**

**See attached document (Bates AOC 000708-000720)**

8.      State in detail whether the allegations contained in paragraphs 13-15 of the Complaint are true, giving details of your knowledge concerning same, including what each of the following individuals know about the allegations of said paragraphs: M. Brown, L. Gilman, L. Towle, G. Appicelli, J. Smith, and P. Kozlowski.

ANSWER:
**Objection – F.R.C.P. 26(b)(1). This interrogatory is overly broad and vague and therefore cannot properly be answered. Subject to and without waiving this objection, the defendant states the following alleged events in ¶¶ 13-15 occurred:**

> **13(h) – A phone call occurred. The defendant does not know what was specifically said.**

> **13(i) – L. Gilman sent a sexually explicit email to M. Walker at Lancaster Probate Court**

> **14(h)(ii) L. Towle had a conversation with her attorney at the court window during business hours.**

> **The remaining allegations in ¶¶ 13-15 are denied. For information regarding individual's knowledge of the alleged allegations, see attached documents produced with Interrogatory #2.**

> **Jeff Smith and Gina Apicelli have no personal knowledge of these alleged events as neither was present when any of the alleged events occurred9.**

14

9.      Describe your policy concerning harassment, including within your answer any training received by all personnel. Provide all documentation related hereto, including training materials, and attendance sheets.

ANSWER:

**Objection – F.R.C.P. 26(b)(1). This interrogatory is overly broad, vague, and unduly burdensome and therefore cannot properly be answered. There is no time frame set forth with this interrogatory. This interrogatory seeks confidential employee information that is neither relevant nor likely to lead to the admissibility of relevant evidence.      Subject to and without waiving this objection, see attached documents (Bates AOC 000721-000732 a copy of the New Hampshire Judicial Branch's Anti-Discrimination Policy.**

**During the time frame alleged in the complaint (winter 2007 – May 2010), all Judicial Branch employees were required to attend training related to discrimination. See attached documents (Bates AOC 733-815), attendance sheets of training conducted from 2007-2010 that were attended by M. Walker, M. Brown, L.Towle, L. Gilman, G. Apicelli, and P. Kozlowski. J. Smith was involved in teaching various training sessions.**

10.     Provide a copy of any employment or personnel policies in existence during Plaintiff's employment with Defendant and state how each was communicated to M. Brown, L. Gilman, L. Towle, G. Appicelli and P. Kozlowski.

ANSWER:

**Objection – F.R.C.P. 26(b)(1). This interrogatory is overly broad, vague and unduly burdensome and therefore cannot properly be answered. There is no specification as to subject matter and time frame set forth, i.e., the 14 year period that Ms. Walker worked for the Judicial Branch is unreasonable in scope. Subject to and without waiving this objection, see attached Document (Bates AOC 000816-000885), a copy of the Judicial Branch Employee Handbook as it existed in 2007-2010. The Judicial Branch Employee Handbook does not contain all policies. Certain Judicial Branch employees, such as Court Assistants and Court Security, are subject to Collective Bargaining Agreements, see attached documents (Bates AOC 000886-001051). All Judicial Branch employees are subject to Administrative Orders that are issued and are available at www.courts.state.nh.us.**

11.    Describe your policy concerning verbal/written warnings, reprimands and disciplinary actions. Be specific in your answer and provide any related documentation, such as a written policy.

ANSWER:

**See Judicial Branch Employee Handbook, Rule 30.**


12.    Describe fully and in detail (including the names and positions of the individuals involved, and the relevant dates) what steps, if any, Defendant took to prevent retaliation against Plaintiff after she complained about her co-workers. Provide the substance of every conversation related hereto and provide all documentation related hereto.

ANSWER:

**M. Walker never reported to defendant any complaints of retaliation by co-workers. On August 13, 2009, M. Walker first complained of concerns related to her safety. Judge Kelly immediately assigned Paula Hurley to travel to Littleton District Court to investigate. Ms. Hurley's investigation began within 24 hours of Ms. Walker's complaint. Ms. Hurley spoke with necessary parties and prepared a report in conjunction with her investigation. While that investigation was ongoing, Ms. Walker left work on medical leave and did not return prior to her death. While on medical leave, Ms. Walker first complained of sexual harassment in a letter, dated November 9, 2009. The defendant retained outside counsel and a HR investigator and promptly investigated that complaint. For a substance of conversations related to these investigations, please see attached documents (Bates AOC 000001-000047)**

13.    For each affirmative defense that you are asserting, identify the defense and specifically set forth all of the facts and evidence that supports or contradicts such defense; also, for each such defense, identify all documents (by title, date, author, custodian and a summarization of contents) that support or contradict the defense, and all persons who have knowledge of facts supporting the defense. Those persons should be identified by name, occupation, address, title, or relationship to the parties herein and a description of the information that they possess.

ANSWER:

**The factual and legal bases for the affirmative defenses are set forth in detail in Defendants' Memorandum of Law in Support of Summary Judgment.**

16

14.    Do you contend that there was any failure on the part of Plaintiff to mitigate her damages? If your answer is anything other than an unqualified "No," provide the following information specifically and in detail:

      a.    The precise manner in which Plaintiff failed to mitigate her damages.

      b.    Set forth each specific action that you allege Plaintiff should have taken to mitigate or reduce her damages.

ANSWER:

**The defendant denies that the plaintiff suffered any damages in this case.**

15.    List each complaint made by Plaintiff against any co-employee from 01/01/2006 forward, stating the following:

      a.    Date of complaint;

      b.    Nature of complaint;

      c.    Who the complaint was made to;

      d.    All actions undertaken to investigate the complaint;

      e.    State all actions taken as a result of the complaint and/or investigation thereof, including disciplinary action; and,

      f.    Provide a copy of all documentation related hereto.

ANSWER:

**Objection – F.R.C.P. 26(b)(1). The term "complaint" is not defined. Furthermore, the defendant cannot know every "complaint" M. Walker made to unidentified co-employees over the course of four years (2006-2010). If the plaintiff defines what a "complaint is" identifies what co-employee M. Walker made a complaint to, and sets forth a reasonable and relevant time period, the defendant can provide an answer but, as the interrogatory is presently posed, it cannot be responded to.**

**Subject to and without waiving this objection, On August 13, 2009, M. Walker first complained of concerns related to her safety. Ms. Walker first made allegations of sexual harassment in a letter dated November 9, 2009.**

16.    Identify any employment action(s) taken by Defendant directed toward M. Brown, L. Gilman, L. Towle, G. Appicelli and P. Kozlowski with respect to any complaints made by Plaintiff, including in your answer the date of each such action and the purported violation. Provide a copy of all documentation related hereto.

ANSWER:

**Objection– F.R.C.P. 26(b)(1).  The terms "complaint" and "employment action" are not defined. Subject to and without waiving this objection, to the extent "employment action" means disciplinary action, no disciplinary action was taken against any of the identified individuals for alleged conduct related to M. Walker.**

17.     Provide a copy of the job qualifications, resume used in applying for the position, reviews, and all disciplinary actions or warnings, and/or notices of termination for the following individuals: M. Brown, L. Gilman, L. Towle, G. Appicelli, and P. Kozlowski.

ANSWER:

**Objection – F.R.C.P. 26(b)(1).  This information seeks confidential personnel information that is neither relevant nor likely to lead to the admissibility of relevant evidence.  Subject to and without waiving this objection, there is no personnel information related to any of the identified individuals with respect to the allegations in the Complaint.**

**See Interrogatory Answer # 7 for job descriptions.**

18.     State every problem Defendant had with Plaintiff's job performance, and every positive aspect of Plaintiff's job performance, in detail, identifying the witness to each, state how and when said alleged deficiency or positive aspect was communicated to Plaintiff and by whom, and provide a copy of all documentation related thereto.

ANSWER:

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad and vague.  The term "problem" is not defined.**

**Subject to and without waiving this objection, see M. Walker's Personnel File.  In addition, with respect to supervisors, after Charles Walker and Michele Walker began dating, Judge Cyr spoke with M. Walker about the fact that she was not keeping proper work hours and deficiencies in her level of work.**

19.     Other than to your attorneys, and including to the independent investigator, state whether you have ever made or given any statement, whether oral or in writing, to anyone regarding the claims or defenses in this matter, and state the name and address of each such person to whom you have made or given any such statement. Provide copies of all documentation related hereto.

ANSWER:

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad, vague, and unduly burdensome and therefore cannot properly be answered.  The interrogatory does not define the term "statement."  Subject to and without waiving this objection, see Interrogatory Answer #2.**

19

20.     Within the last 10 years have you ever been a party to a lawsuit, charge of discrimination, or agency complaint other than this case? If so, state:

    a.    The nature of the action(s), charge(s) or complaint(s);

    b.    The date suit(s) or complaint(s) were brought;

    c.    The names and addresses of the parties involves, specifying for each case whether you were a plaintiff, complainant, or defendant;

    d.    The state and county in which each suit was brought;

    e.    The names of all attorneys involved in each matter;

    f.    The disposition of the suit(s), charge(s) or complaint(s); and

    g.    Provide copies of all documentation related thereto, including but not limited to all Court, Human Rights Commission (or similar agency), or EEOC documents.

ANSWER:

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad, vague and unduly burdensome and therefore cannot properly be answered.  The Judicial Branch includes all New Hampshire Courts.  By virtue of the work performed, the Courts and judges are often named as parties in various types of litigation.  Subject to and without waiving this objection, two claims of discrimination have been brought in the past ten years.  Both claims dealt with alleged age discrimination and both were dismissed.**

21.     Describe all communications of which you are aware concerning the allegations in the Complaint and the Answer. Provide a copy of all documentation concerning same.

ANSWER:

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad, vague, and unduly burdensome and therefore cannot properly be answered.**

**Objection – F.R.C.P. 26(b)(3).  This interrogatory seeks information subject to attorney-client privilege and/or the work product doctrine.**

22.     Identify any and all individuals who participated in any investigation initiated by Defendant in response to Plaintiff's complaints of harassment and describe the actions of such individuals in detail. Provide copies of all documentation related hereto. This includes all documentation in the file of the independent investigator with whom Plaintiff interviewed, and includes all notes passed by Julie Moore to the investigator during the meeting and correspondence at any time.

ANSWER:

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad, vague and unduly burdensome and therefore cannot properly be answered.**

**Objection – F.R.C.P. 26(b)(3).  This interrogatory seeks information subject to attorney-client privilege and/or the work product doctrine.**

**Subject to and without waiving this objection, the following individuals participated in the investigations regarding Ms. Walker's claims related to safety and sexual harassment:**

**Judge Edwin Kelly – see attached Documents (Bates AOC 000001-000034)**

**Paula Hurley – see attached Documents (Bates AOC 000035-000047)**

**Attorney Julie Moore – Ms. Moore's notes are subject to work product privilege. The plaintiff has not, and cannot, show a substantial need for information that cannot be obtained through other means such as depositions.**

**Attorney Christine Howe – Ms. Howe's notes are subject to work product privilege. The plaintiff has not, and cannot, show a substantial need for information that cannot be obtained through other means such as depositions.**

**Yvonne McAllister – Ms. McAllister's notes are subject to work product privilege. The plaintiff has not, and cannot, show a substantial need for information that cannot be obtained through other means such as depositions.**

**Subject to and without waiving this objection, see attached Interrogatory Answer #2 and documents (Bates AOC 000001-001052-001295).**

21

23.     Provide a copy of all correspondence and other documentation concerning Plaintiff's leave of absence. State in detail why she was not allowed to return to work during the investigation of her harassment complaints, and whether any other person was restricted from his/her job during the investigation of the harassment complaint. Provide all documentation related hereto.

ANSWER:

**Objection - Communication between the Judicial Branch and counsel is privileged and will not be produced under F.R.C.P. 26(b)(3).**

**Objection – F.R.C.P. 26(b)(1).  This information seeks confidential personnel information that is neither relevant nor likely to lead to the admissibility of relevant evidence.**

**Objection – the term "restricted" is not defined.**

**Subject to and without waiving these objections, Ms. Walker did continue to work while her complaint regarding Lisa Towle was investigated.  Ms. Walker left work due to a medical illness.  While out on approved medical leave, by letter dated November 9, 2009,  Ms. Walker made her complaint of sexual harassment.  On November 20, 2009, Ms. Walker sent correspondence enclosing a letter from her health care provider stating that she planned to return to work on December 8, 2009 with a modified work schedule.**

**The reasons for placing Ms. Walker on paid administrative leave pending completion of the investigation are set forth in Attorney Moore's letter to Rose Culver, December 15, 2009.  See attached documents (Bates AOC 002670- 002852).**

24.     Identify any other employees to go out on medical leave during the year before or after Plaintiff did, state whether there were any problems with their leave time, whether they were reinstated upon request, and whether they are supervisory employees.

ANSWER:

**Objection – F.R.C.P. 26(b)(1).  This information seeks confidential personnel information that is subject to HIPAA and not relevant nor likely to lead to the admissibility of relevant evidence.**

25.   State the name, address, and occupation of all expert witnesses, if any, you expect to call at hearing in this matter. For each such witness:

    a.    Attach a copy of the curriculum vitae and a bibliography listing all publications which the expert has written in whole or in part;

    b.    State the subject matter on which each expert will testify;

    c.    State the substance of the facts and opinions to which each expert will testify, stating which expert will testify with respect to each fact and opinion;

    d.    State a summary of the grounds for each opinion; and

    e.    State whether he/she has prepared any reports, correspondence, documents or writings in connection with this case and, if so, please attach copies.

ANSWER:

**Defendant has already produced this information in conjunction with its expert disclosure requirements.**

26.   State in detail how the independent investigator came to be hired, who contacted her, why this particular investigator was hired, what the terms of employment were, provide a copy of all documentation, including but not limited to any email, notes, or other correspondence given to her at any time (including notes passed to her by Julie Moore during the investigation), her contract, her notes, and any report which she produced (all versions of the report, whether or not complete), her resume, bills and payments, and all other documents related to the independent investigator.

ANSWER:

**Objection - Communication between the Judicial Branch and Ms. Howe is privileged and will not be produced under F.R.C.P. 26(b)(3). In addition, documentation created by Ms. Howe in the course of the investigation, including billing records, is privileged under F.R.C.P. 26(b)(3).**

**Subject to and without waiving this objection, see attached document (Bates AOC 002919). In November 2009, members of the Judicial Branch attended the New England Consortium of State Court Administrators. At that conference, the attendees discussed how the States could assist each other in performing Human Resource investigations. Subsequent to the conference, Michele Walker set forth her sexual harassment complaint by letter, dated November 9, 2009.**

**Donald Goodnow contacted Robert Greemore, the Vermont Court Administrator, and asked if Vermont would be willing to provide a Human Resource individual to conduct an independent investigation into Ms. Walker's allegations. Christine Howe, the Human Resources Manager, was assigned to conduct the investigation.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Copies of any and all documents related to any and all Court actions, charges of discrimination, or agency complaints other than this case.

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad and vague and therefore cannot properly be answered.**

**Objection – F.R.C.P. 26(b)(3).  This interrogatory seeks information subject to attorney-client privilege and/or the work product doctrine.**

**Objection – F.R.C.P. 26(b)(1).  This information seeks confidential personnel information that is neither relevant nor likely to lead to the admissibility of relevant evidence.**

2.    Copies of any and all documents of any kind, including but not limited to statements, correspondence, text messages, emails or memoranda to or from anyone regarding this matter, and to include any pictures referred to in the Complaint.

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad and vague and therefore cannot properly be answered.**

**Objection – F.R.C.P. 26(b)(3).  This interrogatory seeks information subject to attorney-client privilege and/or the work product doctrine.**

**The Judicial Branch employs approximately 483 full-time non-judicial employees. The plaintiff would need to identify individuals, subject matter, and time frame in order for this request to be properly responded to.**

3.    Copies of any and all statements, correspondence, emails or memoranda to or from anyone regarding sexual harassment claims made by other employees in the past 5 years.

**Objection – F.R.C.P. 26(b)(1).  This information seeks confidential personnel information that is neither relevant nor likely to lead to the admissibility of relevant evidence.**

4.    Copies of all documentation related to any investigation into Plaintiff's claims.

**Objection - Communication between the Judicial Branch and Ms. Howe is privileged and will not be produced under F.R.C.P. 26(b)(3). In addition, documentation created by Ms. Howe in the course of the investigation, including billing records, is privileged under F.R.C.P. 26(b)(3). Subject to and without waiving this objection, see Interrogatory Answers #2 and 22.**

5.    Copies of all interviews or summaries of interviews, as well as any recordings of any interviews concerning the underlying facts and/or the allegations generated at any time.

**Objection – F.R.C.P. 26(b)(1). This interrogatory is overly broad, vague, and unduly burdensome and therefore cannot properly be answered. The interrogatory does not define the terms "statement" and/or "witness." In addition, the plaintiff's complaint is 21 pages in length and the time frame of the allegations spans from the winter of 2007 until May 2010. There is no way for the defendant to know every person who witnessed or has knowledge of the alleged events.**

**Objection – F.R.C.P. 26(b)(3). To the extent that the interrogatory seeks notes prepared by defendant's agents in the course of investigating Ms. Walker's allegations of sexual harassment or anytime thereafter, such information is privileged as attorney-client and/or work product.**

**Subject to and without waiving the above-stated objections, see Interrogatory Answer #2.**

6.    Copies of the personnel files, all job descriptions, all reviews, all disciplinary actions or warnings concerning M. Brown, L. Gilman, L. Towle, J. Smith, G. Appicelli, and P. Kozlowski.

**Objection – F.R.C.P. 26(b)(1). The defendant objects to providing confidential personnel information regarding individuals employed by the AOC. Subject to and without waiving this objection, see Interrogatory Answer # 7.**

7.    Copy of Defendant's harassment policy.

**See Interrogatory Answer # 9.**

8.    Copies of all personnel policies that applied to Plaintiff or the court she worked in from 01/01/2006 forward.

**See Interrogatory Answer #10.**

9.    Copies of all time cards of M. Brown from 01/01/2006 forward.

**Objection – F.R.C.P. 26(b)(1).  The defendant objects to providing confidential personnel information regarding individuals employed by the Judicial Branch.**

10.    Copies of all documents concerning the witnesses identified by Defendant in response to Plaintiff's Interrogatories.

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad and vague and therefore cannot properly be answered.  Subject to and without waiving this objection, see documents attached to Interrogatory Answers.**

11.    A copy of Plaintiff's complete employment/personnel file, including all notes of supervisors as well as emails.

**See Interrogatory Answer #23**

12.    Copies of all documents related to your answers to interrogatories, to the extent they are not already attached, referencing which interrogatory they are responsive to.

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad, vague, and unduly burdensome and therefore cannot properly be answered.  Subject to and without waiving this objection, see documents attached to Interrogatory Answers.**

13.    Copies of all documentation related to this case and/or your answers to interrogatories, to the extent not already produced.

**Objection – F.R.C.P. 26(b)(1).  This interrogatory is overly broad, vague, and unduly burdensome and therefore cannot properly be answered.  Subject to and without waiving this objection, see documents attached to Interrogatory Answers and Bates AOC 002920-003980.**

Respectfully submitted,
**Estate of Michelle Walker, Plaintiff**
by its attorney

Date: _____     By: _____

Leslie H. Johnson, Esquire
LAW OFFICE OF LESLIE H. JOHNSON, PLLC
PO Box 265
Ctr Sandwich, NH 03227
(603) 284 6600

\* \* \*

I, Edwin W. Kelly, hereby certify that I have read the foregoing answers to Interrogatories; that I know the contents thereof, and that the answers contained therein are true to the best of my knowledge and belief.

By: _____

STATE OF NEW HAMPSHIRE
_____Merrimack_____, SS

Personally appeared ___Edwin Kelly___ on this 9th day of ___October___ 2012, states that the above facts are true and accurate to the best of his/her knowledge and belief.

Before me,

_____
Justice of the Peace/Notary Public
My commission expires: 5/20/2014

## CERTIFICATION

I certify that I have caused an original and a computer disk of the foregoing First Set of Interrogatories to be mailed to Mary Ann Dempsey, Esquire, on this ___ day of March 2012.

_____
Leslie H. Johnson, Esquire

27