## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Estate of Michele M. Walker | ) | |
| | ) | |
| v. | ) | Civil Action # 11-CV-421-PB |
| | ) | |
| New Hampshire Administrative Office of the the Courts, et al | ) ) | |

## PLAINTIFF'S MOTION TO COMPEL

NOW COMES the Estate of Michele M. Walker, Plaintiff, by and through its attorney, Law Office of Leslie H. Johnson, PLLC, and files Plaintiff's Motion to Compel. In support thereof, Plaintiff respectfully states as follows:

1. Plaintiff is also filing this date, an Assented to Motion to Extend Deadline for Filing Summary Judgment Objection and Discovery Deadline, and a Motion to Further Extend Deadline for Filing Summary Judgment Objection, Discovery and Trial, which are incorporated herein by reference.

2. Plaintiff served interrogatories on Defendant on or about 08/09/12, with answers being due 09/12/12. As a matter of professional courtesy, Plaintiff extended the date to 09/28/12, and a second extension to 10/05/12, to accommodate the trial schedule of defense counsel. Due to accident, mistake and misfortune, Defendant did not provide discovery responses to Plaintiff's counsel until 10/08/12, which was Columbus Day.

3. Within approximately one week after receipt of Defendant's discovery responses, including 4,000 pages produced by Defendant, Plaintiff's counsel noted her concerns with respect to missing answers and material. See Ex. 1, 10/17/12 letter of Leslie H. Johnson to Mary Ann Dempsey.

1

4. Federal Rule of Civil Procedure 26(b) allows for discovery "relevant to any party's claim or defense - including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." "The disclosure requirements contained in Rule 26 embody the underlying principle that animates modern discovery doctrine: the parties should be allowed to obtain the fullest possible knowledge of the issues and facts before trial." *See LeBarron v. Haverhill Cooperative School District,* 127 FRD 38, 40 (DNH 1989) (quotation omitted). "A court should develop the parameters of discovery by carefully weighing the interests involved, balancing the importance of any privilege asserted against the defending party's need for the information to construct its most effective defense. In weighing all interests involved, a court must consider the relevance of the requested information and whether the information will aid in the presentation of the case." *See Hoyt v. Connare,* 202 FRD 71, 74 (DNH 1996)(quotation omitted).[1]

5. The parties engaged in four depositions between receipt of discovery and 10/29/12. The parties were just recently able to discuss the discovery disputes on 10/29/12. Although the parties were able to resolve some issues, the following remain and Plaintiff requests the Court's assistance. In accordance with Local Rule 37.1, a copy of Defendant's Answers to Interrogatories is attached hereto as Ex. 2, without the 4,000 pages of discovery, which are not necessary in ruling on this motion.

6. Plaintiff takes issue with Defendant's "Standard Objections." (Ex. 1, p. 1-2; Ex. 2, p. 4, obj. 3 and 4). Defendant hired Christine Howe, who is an employee of the State of Vermont judicial system, as an independent investigator. Plaintiff was told during the process that Ms. Howe was an "independent investigator," as was at least one other witnesses. See Ex. 3,

---

[1] This paragraph is excerpted from Defendant's Motion to Compel Charles E. Walker's Mental Health Records, DN

12/14/09 letter of Julie Moore to Rose Culver, p. 3, paragraphs marked stating, "Ms. Howe was an "impartial outside investigator" and that she was an "independent investigator;" and Ex. 4, 12/11/09 interview of P. Keniston by Ms. Howe stating, "I am here at the request of the Court Administrator to do an independent fact-finding investigation . . . ." See also par. 22 below.

      7.     It is Plaintiff's position that any documents given to Ms. Howe for her consideration, or produced by her, are discoverable, and that she should be deposed with respect to all involvement in this case. This includes any of her notes, reports, emails, letters from Defendant or Julie Moore, and conversations with Defendant and/or its agents. Defendant takes the position that Ms. Howe was an internal investigator, and that while they have produced materials given to her, other than from Attorney Moore, her notes and some other documents are protected by work product (apparently Defendant's work product from doing an investigation).

      8.     Plaintiff responds that there is no such work product privilege as Ms. Howe was disclosed to be independent, was not representing them as an attorney, and Defendant is using the investigation of Ms. Howe as a defense in the litigation. For example, see pp. 15-16 of Defendant's Memorandum of Law in Support of Motion for Summary Judgment ("MOL") stating, "[u]pon receiving the written complaint, the court then initiated an investigation involving Christine Howe . . . The above circumstances establish the promptness and reasonableness of the AOC's response." Defendant is using the investigation as a defense.

      9.     In addition, Plaintiff has claimed that the manner of investigation was hostile and constituted retaliation leading to Ms. Walker's death. Complaint, par. 37-43 and 61-64. Defendant addresses this in its MOL at p. 19. Therefore, the manner of the investigation and the motivation behind the hostile questioning is at issue and is relevant. Plaintiff cannot complete discovery without this information, including the notes and all materials provided to the

---

13, par. 9.

investigator, even those from counsel, Attorney Moore. The attorney client privilege and attorney work product are waived for any materials provided to the independent investigator, this includes notes handed by Attorney Moore to Ms. Howe during the questioning of Plaintiff.

10. "An investigatory report prepared by an outside law firm may not be shielded from discovery based on the attorney client or work product privileges if the employer relies on its investigation and subsequent corrective action as a defense to liability for claims asserted. *See McGrath v. Nassau Health Care Corp.,* 204 FRD 240, 248 (EDNY 2001) (ordering the employer to produce documents related to its internal investigation where the sufficiency of the employer's investigation was at issue and the investigation constituted part of the company's remedial measures); *see also Pray v. New York City Ballet Co.,* No. 96 Civ. 5723, 1997 WL 266980 (SDNY 1997), *aff'd in part and rev'd in part,* 1998 WL 558796 (SDNY 1998) (ordering employer's outside counsel to submit to depositions regarding the investigations which they conducted on behalf of the employer, where the reasonableness and sufficiency of the investigation was at issue)." The Metropolitan Corporate Counsel, December 2004, Conducting Internal Investigations of Discrimination and Harassment - Part I, Leblang and Holtzman.

11. Plaintiff will now review each interrogatory with which there is still a dispute.

12. Interrogatory #2 (Ex. 1, p. 2; Ex. 2, p. 6-10).

    A. Plaintiff requests all information provided to Ms. Howe for the reasons stated in the above paragraphs.

    B. Defendant's counsel objected to identifying employees by address and phone number on the basis that she represents all 400+ employees of Defendant. In response, Plaintiff requested that she identify non-supervisory personnel and provide their phone numbers and addresses. Defendant declined stating as she represents all of them Plaintiff's counsel cannot speak to them independently.

13. Non-managerial employees may be interviewed where they do not fall within the attorney/client privilege, as set forth in the *Upjohn* factors. *Young v. Plymouth State*, CV-96-75-SD (10/22/98), Slip Op. p. 4-5 (the *Upjohn* [*Upjohn v. United States,* 449 US 383 (1981)] "factors to determine whether an employee falls within the scope of the attorney/client privilege being (1) the communications were made by the employee to the organization's lawyer in order to assist the organization in obtaining legal advice or pursuing a legal course of action; (2) The employee was cooperating with the organization's lawyers at the direction of his or her supervisors; (3) The communications concerned matters within the employee's scope of employment; and (4) The information was not available from upper-level management.")

14. Therefore, Plaintiff requests that Defendant be ordered to identify those employees on its list who are non-supervisory, and provide their addresses and phone numbers so Plaintiff's counsel may independently interview them without interference from Defendant.

15. Interrogatory #4 (Ex. 1, p. 3; Ex. 2, p. 11) Plaintiff requested all information concerning people Defendant communicated with and all statements obtained, and Ms. Howe's contract of engagement. Defendant objected claiming that all such information is privileged as attorney client or work product. Ex. 2, p. 11). Plaintiff takes issue with the objection to the extent that Defendant has not provided all documentation and communication with Ms. Howe, the independent investigator, or any other investigative employee. For the reasons stated in the above paragraphs, Plaintiff asserts this information is discoverable and should be provided.

16. Interrogatory #5 (Ex. 1, p. 3; Ex. 2, p. 12) Plaintiff asked Defendant to identify all persons who worked at Plymouth and Littleton District Courts from 01/01/06 to the present. Defendant provided a list for the last 3 years Plaintiff worked there. Defendant has agreed to provide whether or not said employees are currently employees of the court system. To the

extent they are not, Plaintiff requests that they be identified with phone numbers and addresses. and that Plaintiff be allowed to interview them without Defendant's counsel present.

17. Interrogatory #7 (Ex. 1, pp. 34; Ex. 21, p. 14) Plaintiff asked for employment information concerning involved witnesses, including L. Gilman, who is apparently the only named person having left Defendant's employ. Plaintiff requested information concerning the termination of the employment, and Defendant objected on grounds of confidentiality. Plaintiff offered to sign a protective order, but Defendant still objects. L. Gilman is one of the individuals whom Plaintiff claims sexually harassed her. Complaint, par. 13-14 generally. Therefore, the circumstances under which L. Gilman left employment are relevant and discoverable. Plaintiff requests that Defendant be ordered to describe the circumstances of L. Gilman's termination of employment and provide all documentation related thereto.

18. Interrogatory # 17 (Ex. 1, p. 4; Ex. 2, p. 19)  Plaintiff requested resumes, reviews, all disciplinary actions or warnings, and/or notices of termination for the named individual actors in this case, including M. Brown, L. Gilman, L. Towle, G. Appicelli, and P. Kozlowski. Defendant objected stating there was no information concerning the allegations of the complaint and objected on confidentiality grounds. Plaintiff responds that this information is relevant to the case and also bears on their credibility and should be provided.

19. Interrogatory #20 (Ex. 1, p. 4; Ex. 2, p. 20) Plaintiff requested information concerning other lawsuits. Defendant objected, stating the only two claims involved age discrimination and were dismissed, without identifying the claims for determination of whether any of the same actors were involved. Even though these were not apparently sexual harassment claims, if they involved any of the same actors, they may be relevant. It is also relevant to determine how the complaining party was treated subsequent to the complaint, including whether

any retaliation occurred. Further, to the extent any were filed in court, the documents and claims would not be confidential. Plaintiff requests an answer to this question with documentation.

20. Interrogatory #22 (Ex. 1, p. 5; Ex. 2, p. 21) Plaintiff requests all material turned over to Ms. Howe and her entire file. The argument concerning this request is found above at par. 7-10. Defendant has clarified that at no time was Attorney Moore acting as an investigator in this case but as Defendant's attorney. Defendant has agreed to provide Ms. McAllister's notes, which may require Plaintiff to take Ms. McAllister's deposition.

21. Interrogatory #24  (Ex. 1, p. 5; Ex. 2, p. 22) Plaintiff requested identification of other employees who went on medical leave during the year before or after Plaintiff did, whether there were problems with their leave time, whether they were reinstated upon request and whether they are supervisory employees. Defendant objected on the basis of confidentiality and HIPAA. Plaintiff asserts this information is relevant to determine whether or not Plaintiff was treated differently when she repeatedly requested to return to employment, than other similarly situated employees, who did not also have sexual harassment claims and a pending investigation. Plaintiff offered to enter into a protective order that would cover these documents, but Defendant still refuses to provide the information.

22. Interrogatory #26 (Ex. 1, p. 5; Ex. 2, p. 23) Plaintiff asked for all information concerning the hiring of the independent investigator, all documentation related thereto, as well as her contract and billing information. Defendant gave scant information and claimed that the information is privileged under FRCP 26(b)(3) as trial preparation materials. That is news to Plaintiff, who thought she was meeting with the independent investigator for purposes of resolving her employment dispute so she could return to work. See Ex. 3, 12/14/09 letter of Moore to Culver indicating, "The Court's goal is to conduct a prompt and thorough investigation into your client's claims. They are serious, and the Court takes them seriously. I am sure your

7

client seeks a full and fair investigation as well." Ex. 3, p. 1. Those were the grounds upon which Plaintiff was meeting with the "independent investigator." Ex. 3, p. 3 (emphasis added on exhibit). As Defendant represented Ms. Howe was an independent investigator, not counsel, any information exchanged between Defendant and Ms. Howe, including between Attorney Moore and Ms. Howe, is discoverable and the privilege was waived as noted above.

23. Requests For Production of Documents #1 (Ex. 1, p. 5; Ex. 2, p. 24) Plaintiff requested any and all documents related to any and all court actions, charges of discrimination, or agency complaints other than this case. Defendant objected on the grounds the question was overly broad, called for information protected by the attorney-client privilege and/or the work product doctrine, and was confidential information and irrelevant or not likely to lead to admissible evidence. Defendant responds that the complaints themselves are relevant, as well as how Defendant responded, including whether Plaintiff has been treated the same or differently as similarly situated complainants. Also, the information need not be admissible to be discoverable.

24. Requests for Production #3 (Ex. 1, p. 6; Ex. 2, p. 24) Plaintiff requested copies of all documents concerning other sexual harassment cases within the last 5 years. Defendant objected on the basis that it was confidential personnel information that is neither relevant nor likely to lead to the admissibility of relevant evidence. Plaintiff responds that same is relevant to Defendant's treatment of those who complained, and whether any retaliation occurred. Without names and documentation there is no way to complete discovery on this issue. Any confidentiality concerns can be covered by a protective order.

25. Requests for Production # 6 (Ex. 1, p. 6; Ex. 2, p. 25) Plaintiff requested copies of personnel files, job descriptions, reviews, disciplinary actions or warnings concerning M. Brown, L. Gilman, L. Towle, J. Smith, G. Appicelli, and P. Kozlowski. Defendant objected on the basis of confidentiality and referenced answer #7. However, the answer to #7 is deficient as noted

above at par. 17. This information is relevant to test the credibility of witnesses, and whether or not they were disciplined for their conduct in this or other matters. See #18 above, as this request is substantially similar as Interrogatory #17.

26.     Defendant's counsel has been contacted and objects to the relief requested in this motion.

27.     No separate memorandum of law is necessary as the granting of this motion is within the Court's discretion and relevant law is cited herein.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court:

A.     Grant Plaintiff's Motion to Compel;

B.     Grant Plaintiff's Motion to Further Extend Deadline for Filing Summary Judgment Objection, Discovery and Trial as requested in said motion;

C.     Order parties' counsel to inform the Court when all ordered discovery is provided so deadlines for discovery and objecting to the summary judgment motion can be calendared by the Court;

D.     Allow Plaintiff to take further depositions as it deems necessary due to updated discovery responses, and to recall witnesses to deposition if further discovery requires them to be recalled; and

E.     Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
**Estate of Michele M. Walker, Plaintiff**
By its attorney,

Date: October 31, 2012                    /s/LESLIE H. JOHNSON
                                          Leslie H. Johnson, Esquire - NH Bar #5545
                                          Law Office of Leslie H. Johnson, PLLC
                                          PO Box 265
                                          Ctr Sandwich NH 03227
                                          603.284.6600
                                          leslie@lesliejohnsonlaw.com

9

## CERTIFICATION

I hereby certify that on this 31st day of October 2012, a copy of this Motion was electronically served through ECF on the following counsel: Mary Ann Dempsey, Esquire, Counsel for Defendant.

/s/ LESLIE H. JOHNSON
Leslie H. Johnson, Esquire