UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*****************************************
Estate of Michele M Walker,                              *
Charles E. Walker, Administrator                         *
                                                         *
Plaintiff                                                *
                                                         *
            v.                                           *
                                                         *   Civil Action No. 1:11-cv-421-PB
State of New Hampshire – Administrative                  *
Office of the Courts and State of                        *
Hampshire – NH Second Circuit Littleton                  *
District Court – Administrative Office of the            *
Courts                                                   *
                                                         *
            Defendants                                   *
                                                         *
                                                         *
*****************************************

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO FURTHER EXTEND DEADLINES FOR FILING SUMMARY JUDGMENT OBJECTION, DISCOVERY AND TRIAL

The Defendants, State of New Hampshire – Administrative Office of the Courts and State of New Hampshire – NH Second Circuit Littleton District Division – Administrative Office of the Courts (hereinafter collectively referred to as "AOC"), by and through their counsel, the Office of the Attorney General, hereby object to plaintiff's motion to further extend deadlines stating as follows:

1.      The plaintiff, the Estate of Michele M. Walker, seeks to extend three deadlines: (1) the close of discovery that was agreed upon by the parties; (2) the Estate's time to object to defendant's motion for summary judgment that was filed on September 5, 2012 and for which an extension of approximately 45 days (November 15, 2012) has previously

been assented to; and (3) the trial date of January 2013.  The defendant respectfully objects to extending any of these deadlines.

   2. The plaintiff claims that the need for the three extensions is due to outstanding discovery.  This position is not accurate as the plaintiff has failed to provide the Court with the timing of discovery in this matter.  The procedural history of this case reveals that the plaintiff's request for an extension arises from its tactical decision not to commence discovery until a year after it filed its complaint.  The history also supports the conclusion that the defendant has agreed to numerous extensions of deadlines throughout the course of this litigation and has set aside full days, both in June and October, to conduct depositions at plaintiff's counsel request which the plaintiff decided not to make use of.  None of the discovery disputes set forth in the plaintiff's motion to compel warrant an extension of any deadlines in this matter.

   3. On August 31, 2011, the plaintiff brought forth this litigation.  In September, the parties agreed upon a Discovery Plan.  At plaintiff's counsel's request and with the defendant's assent, the litigation was placed on an extended track for trial due to the fact that plaintiff's counsel would be on vacation out of state from July-August 2012.  Also, at that time, the parties jointly agreed to waive Rule 26(a) disclosures.  This fact is relevant because the plaintiff tries to argue that extensions are warranted because of the volume of discovery she was provided at the beginning of October 2012 in response to interrogatories propounded in August 2012.  The fact is that the plaintiff would have received a substantial amount of those documents much earlier in the litigation had it not chosen to waive initial disclosures and/or served discovery in the year subsequent to filing litigation.

4. In its motion, the plaintiff fails to address the extensions that were previously granted by the defendant in this case. The defendant propounded interrogatories upon the plaintiff on December 5, 2011. The plaintiff requested multiple extensions, which were granted, and submitted its answers three months later on March 8, 2012. The defendants then requested to take the plaintiff's deposition. The plaintiff canceled the scheduling of this event on two occasions in May resulting in the defendants serving a subpoena for the deposition to be conducted on June 11, 2011.

5. On April 10, 2012, the plaintiff requested that the dates of June 12 and June 13, 2012 be set aside for it to conduct depositions of defense witnesses. The plaintiff never served interrogatories and let those dates lapse without identifying any witnesses to be deposed.

6. With respect to the defendant's summary judgment motion, in an email, dated February 24, 2012, plaintiff's counsel requested that the defendant *not* file any dispositive motion during the period of time that she would be out of state (July – August). The parties agreed that the summary judgment deadline was September 7, 2012. Therefore, the plaintiff knew that the defendant would be filing its summary judgment motion between the period of September 1-7, 2012. Despite this fact, the plaintiff propounded no discovery before she left for vacation. Importantly, irrespective of the fact that plaintiff's counsel requested that the defendant not take actions in this case while she was on vacation, on August 10, 2012, the plaintiff first served the defendant with interrogatories. The defendant was provided a one month extension, until October 5, 2012, to provide answers. The defendant emailed interrogatory answers to plaintiff's counsel on October 5, 2012. Defense counsel had sent a paralegal to hand deliver the answers and documents; however, the paralegal inadvertently

left the materials in the office. After being assured by plaintiff's counsel that she did not need the documents over the weekend, the documents were hand delivered on Monday, October 8, 2012.

7. Defense counsel provided plaintiff's counsel with seven full days in October to conduct depositions. Plaintiff's counsel has now conducted eight depositions. Discovery closed on November 2, 2012; yet, the plaintiff now wants to serve additional discovery requests based on depositions it did not schedule until less than a month before discovery closed. The defendant objects to answering any discovery requests made after November 2, 2012.

8. In its motion to compel, the plaintiff is seeking the following information: (1) notes of Christine Howe, a Human Resources individual retained by the defendant to investigate plaintiff's claims of harassment, as well as communications between Ms. Howe and AOC's legal counsel. The plaintiff has already been provided all of the transcripts of the witness interviews as well as the documentation provided by the witnesses to the investigator. The plaintiff has deposed a number of these individuals as well. There is no basis to extend deadlines even if the Court determines that the plaintiff is entitled to the investigator's handwritten notes.

9. In addition, the plaintiff seeks the home addresses and phone numbers of current court employees. The plaintiff has been allowed to depose every current employee she has identified. Similarly, even if this information were provided to plaintiff by the Court, it would not warrant extension of deadlines.

10. In conclusion, the defendant submits that the plaintiff has been provided ample time through the agreed upon scheduling and extensions in which to prepare its case. The

4

defendant is entitled to have its summary judgment motion addressed in a timely manner and to have a trial in this case as scheduled by the Court.

11. The defendants have not submitted a memorandum of law as the relief requested by the plaintiff is within the sound discretion of this Court. *See* L.R. 7.1(a)(2).

WHEREFORE, the defendant respectfully requests that this Honorable Court:

A. Deny the plaintiff's motion to extend; and

B. Grant whatever further relief the Court deems just and appropriate.

Respectfully submitted,

State of New Hampshire – Administrative Office of the Courts and State of Hampshire – NH Second Circuit Littleton District Court – Administrative Office of the Courts

By their attorney,

MICHAEL A. DELANEY
ATTORNEY GENERAL

Date: November 13, 2012
/s/ Mary Ann Dempsey_____
Mary Ann Dempsey
NH Bar No. 13123
Senior Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, New Hampshire 03301-6397
Telephone: (603) 271-3650
Email: maryann.dempsey@doj.nh.gov

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was electronically served upon Leslie H. Johnson, Esquire.

|  |  |
|---|---|
|  | s/ Mary Ann Dempsey_____ |
| Date: November 13, 2012 | Mary Ann Dempsey |