UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles E. Walker, as
Administrator of the Estate
Of Michele M. Walker

   v.                                          Civil No. 11-cv-421-PB

N.H. Administrative Office of
the Courts, et al.

**O R D E R**

On January 18, 2013, the court heard oral argument on the motion to compel (doc. no. 22) filed by plaintiff, Charles E. Walker, Administrator of the Estate of Michele M. Walker. Attorney Leslie Johnson appeared on behalf of plaintiff; Attorneys Mary Ann Dempsey and Lisa English appeared for defendants, N.H. Administrative Office of the Courts and N.H. Circuit Court, 2d Circuit, District Division-Littleton (referred to collectively as defendants or "the AOC"). The court issued its ruling on the motion orally from the bench. In this order, the court summarizes those rulings.

By agreement of the parties, the court divided the discovery dispute into four topics or categories. With respect to those four categories, the court issued the following rulings:

1. Howe material (Interrogatories 1, 2, 4, 22 & 26)

This dispute concerns whether plaintiff is entitled to access the complete file of the outside investigator, Christine Howe, whom the AOC retained to conduct a formal investigation of Michele M. Walker's sexual harassment complaint.  The AOC has turned over the bulk of Howe's file.  The dispute concerns Howe's notes and her "draft" final report, as well as records of any communications between AOC and Howe (including communications between Howe and Attorney Julie A. Moore, counsel for the AOC).  The AOC claims the evidence is protected by the work-product doctrine.  Plaintiff claims that the material it seeks is discoverable because the quality of the investigation is a critical issue in her case, and the investigation was not conducted "in anticipation of litigation."

For the reasons stated on the record, the court will review the material in camera before ruling on this portion of plaintiff's motion.  Accordingly, defendants shall file with the court for in camera review, on or before January 28, 2013, investigator Howe's entire file (excluding any material that has already been provided to plaintiff).  This shall include any record(s) of communication from defendants (including Attorney Moore) to and from Howe.  Defendants shall also file a privilege log which complies with Fed. R. Civ. P. 26(b)(5), and provide a

copy of that log to plaintiff. The court will review the material in camera to determine the extent of plaintiff's entitlement to the material. To assist the court in its review of these documents, defendants have agreed to file, in addition to the contents of the Howe file and log, a copy of the AOC's sexual harassment policy.

2. Current employees/witnesses represented by the Attorney General's Office (Interrogatories 2 & 5)

This dispute concerns whether plaintiff may contact, on an ex parte basis, current employees of the AOC, who are not parties to this litigation but who are represented by the Attorney General. For the reasons stated on the record, and with the concurrence of counsel for both plaintiff and defendants, the court issued a ruling permitting the contact but with limitations.

Defendants shall provide plaintiff with a list of current and former employees of defendants who, between August 1, 2008, and August 1, 2009, worked with witnesses Gilman and Towle. The list shall not include managerial/supervisory employees. The list shall include addresses and phone numbers of the employees. Plaintiff proposed, and the court orders, that the list be designated "for attorneys' eyes only." Plaintiff's counsel agreed not to share the contact information with anyone else,

including her client. At the conclusion of this case, plaintiff's counsel shall return the list to defendants' counsel.

With respect to all current employees on the list, plaintiff's counsel shall be permitted to contact them on an ex parte basis and without prior notice to Attorney Dempsey so long as plaintiff's counsel shall:

(1) identify herself to each person, including the fact of the litigation and that she represents the plaintiff in the litigation;

(2) inform each person that s/he has the right to decline to be interviewed and the right to request that counsel from the Attorney General's Office be present during the interview;

(3) refrain from asking questions that would be likely to reveal information protected by the attorney-client privilege or work-product doctrine; and

(4) limit her questions to the subject matter of this litigation.

Plaintiff's counsel agreed that the aforementioned limitations were reasonable and that she would abide by them. Counsel for the parties agreed that the four limitations listed above apply only with respect to current employees.

Defendants shall provide plaintiff with the list on or before January 28, 2013.

3.  Personnel Files (Interrogatories 7, 17 & 24; Requests for Production 3 & 6)

This dispute concerns whether plaintiff is entitled to discover the following confidential personnel matters: (a) the circumstances of witness Gilman's "termination" from defendants' employ; (b) information concerning other employees who went on medical leave one year before and one year after Michele M. Walker went out on medical leave; and (c) any adverse employment history/information in the files of certain named witnesses and key actors in the case.

Defendants have stipulated that witness Gilman resigned (and was not terminated) from defendants' employment.  This stipulation resolves plaintiff's request for any further discovery related to Gilman's departure from the AOC.

With respect to discovery related to other employees who have taken medical leave, defendants shall produce for plaintiff's review personnel records pertaining to those of its employees who, between December 30, 2008, and November 30, 2010, took medical leave during the time when an investigation (formal or informal) involving that employee's complaint about her workplace was pending.  Defendants shall produce only those records relevant to the employee's medical leave and pending investigation.  The documents shall be produced only after the

5

parties have conferred and drafted an appropriate protective order.

With respect to any other discovery that falls under this category, plaintiff's motion to compel is denied for the reasons stated on the record.

4. <u>Prior lawsuits and complaints (Interrogatory 20; Requests for Production 1 & 3)</u>

This dispute concerns whether plaintiff is entitled to discover all documents concerning any discrimination lawsuits filed against the AOC and any internal sexual-harassment complaints filed by AOC employees in the past five years.

Defendants have agreed to produce a copy of the complaint in the <u>Landers</u> case, cited in document no. 24. To the extent plaintiff moves to compel defendants to produce any further discovery in this category, the request is denied for the reasons stated on the record.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

January 22, 2013

cc: Mary Ann Dempsey, Esq.
    Leslie H. Johnson, Esq.
    Karen A. Schlitzer, Esq.