UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*******************************************
| | |
|---|---|
| Estate of Michele M Walker et al, | * |
|     Plaintiff | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:11-cv-421-PB |
| State of New Hampshire – Administrative | * |
| Office of the Courts and State of New | * |
| Hampshire – NH Second Circuit Littleton | * |
| District Court – Administrative Office of the | * |
| Courts | * |
| | * |
|     Defendants | * |
| | * |
| | * |

*******************************************

### DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY
### OF PSYCHOLOGIST ERIC G. MART

NOW COME the Defendants, State of New Hampshire – Administrative Office of the Courts and State of New Hampshire – NH Second Circuit Littleton District Division – Administrative Office of the Courts (hereinafter collectively referred to as "AOC"), by and through their counsel, the Office of the Attorney General, and moves to exclude from evidence the expert testimony of forensic psychologist, Eric G. Mart, as the proposed expert testimony does not meet the admissibility requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rules of Evidence 403 and 702.  In support of this motion, the Defendants state as follows:

    1.    Plaintiff has retained forensic psychologist, Dr. Eric G. Mart ("Dr. Mart"), to serve as an expert medical witness.  In preparation for his role as expert medical witness, Dr. Mart completed a written report that he is to testify in accordance with at trial.  *See* Exhibit A.  The report contains a bare recitation of the facts of the case gleaned from only Plaintiff's

1

complaint and a few medical records.  Following this factual overview, Dr. Mart issues the broad and speculative conclusion that "Ms. Walker's hostile workplace environment was either the cause or a contributing factor to her anxiety, depression, and subsequent suicide."  Exhibit A at *3.  The report contains very little in the way of analysis and features multiple instances of equivocation and disclamation in which Dr. Mart notes that his conclusion is subject to modification based on the actual circumstances of Plaintiff's employment environment.  *See id*. at *1 ("[N]o psychological analysis or review of medical records can determine whether a particular event did or did not occur . . . as a consequence it will only be possible to give limited opinions.").

     2.     Federal Rule of Evidence 702 requires the court to "ensure that there is an adequate fit between the expert's methods and his conclusions." *Zeolla v. Ford Motor Co.*, 2013 U.S. Dist. LEXIS 10462 at *6–7 (D. Mass. Jan. 24, 2013).  "Significant analytical gaps between the data and the opinion proffered by an expert may undermine the reliability of an expert's testimony."  *Id.* (citing *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997)).  A court may choose to exclude an expert's opinion when it is based on conjecture or speculation from an insufficient evidentiary foundation, *Damon v. Sun Co.* 87 F.3d 1467, 1474 (1st Cir. 1996) (quotations omitted), or when it is "connected to existing data only by the *ipse dixit* of the expert."  *General Elec. Co.,* 522 U.S. at 146.

     3.     While "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence," *Daubert* 509 U.S. at 596, an expert who "testifies about what he intuitively deducts is not helpful to a jury or [the] Court."  *Fedelich v. Am. Airlines*, 724 F. Supp. 2d 274, 280 (D.P.R. 2010).  In *Figueroa v. Simplicity Plan De Puerto Rico*, the court stated:

> [t]he party producing an expert witness in court has the burden of proving that its expert will assist the trier of fact by sharing scientific, technical, or other specialized knowledge.  Judges as gatekeepers, must ensure that . . . the testimony is such that it will assist the trier of fact in comprehending and determining the fact in issue . . . .[T]he testimony or report of an expert witness  may be used if it is "operationally helpful" in assisting the trier of fact in understanding evidence and determining the fact in issue.

267 F. Supp. 2d 161, 163–64 (D.P.R. 2003) (internal citations omitted).  More specifically, as it relates to Dr. Mart's Report, the *Figueroa* Court concluded: "[a]n expert is not needed to inform the trier of fact of the facts of the case nor the statements that the plaintiff has made because this is not a display of specialized, scientific nor technical knowledge." *Id.*

4.	Here, Dr. Mart's Report offers a brief summation of the facts, based largely on Plaintiff's Complaint, before adopting, with little explanatory analysis, the same conclusion espoused in the very Complaint from which he received the majority of his information.  *See* Exhibit A at *3.  Plaintiff's expert is thus "doing little more than putting his imprimatur on the [Plaintiff's] case." *Tuli v. Brigham & Women's Hosp., Inc.*, 592 F. Supp. 2d 208, 212 (D. Mass. 2009).  Dr. Mart's simple presentation of the facts and bald conclusions provide the fact-finder with little substantive knowledge to assist in their decision-making and, as a result, is inadmissible under Rule 702.  *See id.* (citing *United States v. Hines*, 55 F. Supp. 2d 62 (D. Mass. 1999) (explaining that expert testimony must provide additional information for the jury to consider.).  Put simply, the jurors in the present case will not benefit from Dr. Mart appending an expert psychological conclusion to a reiteration of the facts of the case without also providing a thoughtful and detailed analysis to bridge this gap.

5.	Such expert testimony not only violates Rule 702 as it fails to meaningfully assist the trier of fact, the testimony also violates Rule 403 because permitting Plaintiff's expert to pass off opinions that he "intuitively deduct[ed]" as having legitimate scientific support creates a

3

"danger of unfair prejudice" and the potential to "mislead the jury." *See id.*; *Fedelich*, 724 F. Supp. 2d at 280.  Clearly, this potential for harm outweighs the probative value of Dr. Mart's broad conclusions premised upon scant information and restricted analysis.

6. Dr. Mart himself admits that due to a lack of available information, his own opinions are inherently limited.  Exhibit A at *1, *3 ("As I stated in the beginning of this report there is at this point little information available . . .").  Due to the limited information from which to reliably assess the stressors that Michele Walker encountered at work, it is inappropriate for Dr. Mart to offer such a definitive conclusion, especially in light of the lack of a detailed analysis delineating how, on the limited information available, he reached this conclusion.

7. Further, Dr. Mart failed to consider several sources of information that were available to him including: 1) a complaint made by Michele Walker against Lisa Towle on August 13, 2009; 2) Michele Walker's November 9, 2009 letter alleging violations of the judicial branch's antidiscrimination policy; 3) a 24 page memorandum submitted by Michele Walker in connection with her February 5, 2010 interview with Christine Howe; and 4) transcripts or recordings of Michele Walker's interviews with Christine Howe.  Such evidence could have greatly expanded the scope of Dr. Mart's report and as an expert witness he was required to undertake a reasonable investigation of the relevant available information.  *See Fedelich*, 724 F. Supp. 2d at 280–82 (excluding expert testimony where expert failed to review *inter alia* Plaintiff's account of the facts and failed to undertake a thorough investigation).

8. In sum, Dr. Mart's conclusions are extremely speculative and his analysis lacks the requisite detail to adequately assist the fact-finder.  Additionally, Dr. Mart's qualifications as a forensic psychologist enable these conclusions to carry more weight with the jury than is proper considering their express nature as being subject to modification.  *See Mercado-Salinas v.*

*Bart Enters. Int'l, LTD.*, 2012 U.S. Dist. LEXIS 182749 at *27 (D.P.R. Dec. 24, 2012) ("[Expert] may have done [his] best with the limited information available, but the court cannot allow assumptions and guesses to form the basis of expert testimony [and] then be delivered to the jury.).  Thus pursuant to Rules 702 and 403 this Court should deem such evidence inadmissible.

      9.      No memorandum of law is necessary as sufficient authority is cited herein.

WHEREFORE, AOC respectfully requests that this Honorable Court:

      A.      Grant this motion and exclude from evidence Plaintiff's expert's testimony.

      B.      Grant such other relief that is just and proper.

Respectfully submitted,

State of New Hampshire – Administrative Office of the Courts and State of New Hampshire – NH Second Circuit Littleton District Court – Administrative Office of the Courts

By their attorneys,

Michael A. Delaney
Attorney General

Date: February 15, 2013

/s/ Mary Ann Dempsey
Mary Ann Dempsey (NH Bar# 13123)
Senior Assistant Attorney General
NH Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-3675

**Certificate of Service**

      I hereby certify that a copy of the foregoing was electronically served this date on February 15, 2013.

/s/ Mary Ann Dempsey