## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Estate of Michele M. Walker | ) | |
| | ) | |
| v. | ) | Civil Action # 11-CV-421-PB |
| | ) | |
| New Hampshire Administrative Office of the the Courts, et. al. | ) ) | |

### PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF PSYCHOLOGIST ERIC G. MART WITH INCORPORATED MEMORANDUM OF LAW

NOW COMES the Estate of Michele M. Walker, Plaintiff, by and through its attorney, Law Office of Leslie H. Johnson, PLLC, and files Plaintiff's Objection to Defendants' Motion to Exclude Expert Testimony of Psychologist Eric G. Mart With Incorporated Memorandum of Law. In support thereof, Plaintiff respectfully states as follows:

1. Plaintiff disclosed Dr. Eric Mart as an expert on or about 05/08/12. On or about 09/14/12 Defendant disclosed an expert, Dr. David Bourne, who also rendered an opinion in a similar fashion as did Dr. Mart. To the extent the Court may limit Dr. Mart's testimony, it should similarly do so as to Dr. Bourne; however, Plaintiff asserts that neither expert should be excluded.

2. Defendant has not deposed Dr. Mart.

3. Dr. Mart is an experienced practitioner, prolific author and has often testified as an expert in various courts. See Dr. Mart's CV and related documentation at DN 32-1, pp. 6-18.

4. Plaintiff's Expert Disclosure indicated that Dr. Mart was expected to testify in accordance with his report, as well as to comment upon Ms. Walker's emotional condition, expected treatment, prognosis, [and] ability to work…. It also indicated that his opinion was

1

"based upon his education, training, experience, records, and relevant literature." DN 32-1, p. 1. Dr. Mart also reserved his right to add to his opinion as other information became available.

5.  Dr. Mart reviewed the Complaint, which detailed the facts underlying the claims of Plaintiff, as well as approximately 211 pages of the relevant medical records. See DN 32-1, p. 3. There would have been little point in forwarding him the depositions and thousands of pages of discovery in this case, as he is not the fact finder. While he reiterates the factual background of the case, so does Dr. Bourne.

6.  Plaintiff does not present Dr. Mart as a fact finder to usurp the province of the jury. The case requires the testimony of a medical expert to prove causation. In fact, Dr. Mart and Dr. Bourne agree on a number of things, the most important being that if the work stressors were as reported by Ms. Walker, then they would have likely been a substantial contributing cause of her mental illness.

7.  For example, when asked whether work-related stressors were a substantial contributing cause to the Plaintiff's mental illness, Dr. Bourne answered "[t]he response to this question depends on which 'work related stressors' are deemed to have occurred by the fact finder. If the actual stressors were as severe as Ms. Walker has asserted, including the extensive and pervasive sexual harassment that is alleged to have occurred, then they would likely have been a substantial contributing cause of her mental illness". He goes on to state the converse if they did not occur. Bourne Report of August 8, 2012, p. 13.

8.  After a two page recitation of the salient facts and history, Dr. Mart states his opinion in three paragraphs taking most of a page. To paraphrase, Dr. Mart indicates that although Ms. Walker had some degree of pre-existing psychopathology and that the main cause of her hospitalization in August 2009 was a medically-related delirium, that this quickly resolved, and explains his reasoning. He then goes on to indicate that he does not believe her

workplace complaints were the result of disordered thinking, and that "if the harassment detailed in [the] complaint actually occurred, it is likely that Ms. Walker's hostile workplace environment was either the cause of or a contributing factor to her anxiety, depression and subsequent suicide."  DN 32-1, p. 5.

9. Dr. Mart based his opinion on the records he was given, as well as his education and training.  There is nothing speculative about his opinion, nor intuitive.

10. Many of the cases cited by Defendants do not pertain to the opinions of psychologists or psychiatrists in the employment context, or elsewhere.  e.g  Def. Motion, p. 2. *Zeolla v. Ford Motor Co.,* (accident reconstructionists allowed to testify); and *Damon v. Sun. Co. (*causes of environmental contamination).

11. A search for cases on point in the District Court of New Hampshire yielded little results, probably because it is obvious that such medical testimony is needed and admissible in these types of cases.   One case which was similar as to the type of expert, being a rehabilitation expert, the Court ruled that

> Defendant objects to the expert opinion of Dr. William Burke, who did a rehabilitation evaluation of plaintiff, concerning plaintiff's future work ability. Seizing on Dr. Burke's statement in his deposition that he had not done a vocational evaluation of plaintiff, defendant contends that Dr. Burke's opinion is unreliable and inadmissible under Federal Rule of Civil Procedure 702 and the *Daubert* standard.  As was discussed in paragraph one of this order, the *Daubert* standard is not applicable in evaluating technical or specialized knowledge that may be provided by expert opinion. Dr. Burke holds a Ph.D. in rehabilitation services and is a certified rehabilitation counselor.  His opinion is based on his experience and specialized knowledge in 'the analysis, treatment, planning, and case management of individuals with brain and spinal cord injury and other neurologic disorders.'… Accordingly, the *Daubert*  scientific methodology issues are not a part of a Rule 702 evaluation of Dr. Burke's opinion. Defendant fails to explain the significance of a vocational evaluation in the context of Dr. Burke's opinion, or to provide any authority that the lack of a vocational evaluation undermines the reliability of the opinion.

*Cote v. NH College, et al.* CV-95-308-M 06/20/97.

12. The other NH District Court case which was found is *Nedder v. Rivier College,* wherein the Court found "[t]here is merit, however, to plaintiff's claim that Dr. Jacobs can testify concerning damages arising from mental anguish caused plaintiff over her job loss. If qualified so to testify,[ 6See *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993); *United States v. Montas,* 41 F.3d 775 (1st Cir. 1994), *cert. denied,* ___ U.S. ___, 115 S. Ct. 1986 (1995)] then Dr. Jacobs will be allowed to present evidence on this limited damage issue." *Nedder v. Rivier College*, CV-95-116-SD 03/25/97.

13. Likewise, a search for First Circuit authority yielded limited results, and does not support ruling for Defendants on this motion. In *Hill v. Principi,* 439 F.3d 18 (1st Cir., 2006), the Court explained:

> In this case, the doctor's training and experience placed his report and testimony well above the Rule *702/Daubert* bar. Indeed, even in more complicated cases when an examining physician calls upon training and experience to offer a differential diagnosis (a determination of which of two or more diseases, presenting with similar symptoms, has caused a patient's ailments), most courts have found no *Daubert* problem. *See, e.g., Bitler v. A.O. Smith Corp.,* 391 F.3d 1114, 1123 (10th Cir.2004) (collecting cases holding that qualified doctor's differential diagnosis of patient was sufficiently reliable for Rule 702 and *Daubert* purposes); *Mattis v. Carlon Elec. Products,* 295 F.3d 856, 861 (8th Cir.2002) ("A medical opinion based upon a proper differential diagnosis is sufficiently reliable to satisfy *Daubert.*").

*Hill v. Principi,* 439 F.3d 18, 24 (1st Cir., 2006).

14. The expert testimony of Dr. Mart is admissible under FRE 702.[1] It is necessary to have medical testimony about causation, and Dr. Mart is qualified to give such an opinion.[2]

---

[1] Testimony by Expert Witnesses
A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.
Notes

To the extent Defendants believe Dr. Mart failed to consider a certain document or theory, they are free to cross-examine him.

15. "The Federal Rules of Evidence contemplate that a qualified expert must be allowed to testify with 'the full burden of exploration of the facts and assumptions underlying [his testimony placed] squarely on the shoulders of opposing counsel's cross-examination.' *Newell v. Puerto Rico, Ltd. v. Rubbermaid, Inc*., 20 F.3d 15, 20 (1st Cir. 1994) (quoting *International Adhesive Coating Co. v. Bolton Emerson Int'l, Inc.*, 851 F.2d 540, 544-45 (1st Cir. 1988)). '[T]he fact that an expert's testimony may be tentative or even speculative does not mean that the testimony must be excluded so long as opposing counsel has an opportunity to attack the expert's credibility.'" *Kenerson Admx. v. Morgan Guar. Trust*, CV-91-611-SD 01/25/96. (end citations omitted).

16. The evidence is not excludable under FRE 403, which states "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In fact, none of these are a bar to Dr. Mart's opinion, and in fact expert opinion evidence is necessary on the issue of causation.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court:

A. Deny Defendants' Motion to Exclude Expert Testimony of Psychologist Eric G. Mart; and, Grant Plaintiff's Motion to Compel;

B. Schedule a *Daubert* hearing only if necessary to deny Defendants' motion; and

C. Grant such other and further relief as this Court deems just and proper.

---

[2] Defendant does not question Dr. Mart's qualifications.

Respectfully submitted,<br>
**Estate of Michele M. Walker, Plaintiff**<br>
By its attorney,

Date: March 4 , 2013        /s/ LESLIE H. JOHNSON
                  Leslie H. Johnson, Esquire - NH Bar #5545
                  Law Office of Leslie H. Johnson, PLLC
                  PO Box 265
                  Ctr Sandwich NH 03227
                  603.284.6600
                  leslie@lesliejohnsonlaw.com

## **CERTIFICATION**

I hereby certify that on this 4th day of March 2013, a copy of this Motion was electronically served through ECF on the following counsel: Mary Ann Dempsey, Esquire, Counsel for Defendant.

                  /s/ LESLIE H. JOHNSON
                  Leslie H. Johnson, Esquire