
Ex 11

# AFFIDAVIT OF CAREY BRODZINSKI

NOW COMES Carey Brodzinski of PO Box 185, West Danville VT 05873 and upon oath states as follows:

1. I work at Northeast Kingdom Human Services. I am licensed as a FNP-C (Family Nurse Practitioner-Certified), MSN (Masters in Nursing), and PMHNP-BC (Adult Psychiatric, Mental Health Nurse Practitioner, Board Certified).

2. I treated Michele Walker, from on or about 9.30.09 until just before 5.3.10, the date of her suicide.

3. On or about 9.30.09 I diagnosed Ms. Walker with PTSD, Occupational, due to recent stalking of coworker. See Attached 9.30.09 office note.

4. In my 9.30.09 note I indicated in part: "An employee was hired over a year ago who had previous charges of stalking women and started giving her a hard time. The patient has been charged 'making up stories' and her new boss and judge at the court has not placed charges on this coworker. She states initially it started as this coworker wanted to copy the patient's hairdo and clothes, and then the coworker would say things like she hated the patient. She thinks she is jealous of her. This coworker would show up at places that the patient was at. The coworker would comment on the patient's jewelry. The patient states it all came down one day when she completely lost it. The patient states she started hallucinating, was extremely paranoid...".

5. The patient's description of the events, as well as other history, was given for the purposes of medical treatment, and it was important to my diagnosis to hear the history of the patient. Ms. Walker continued to inform us of her symptoms and how she felt about certain

1

events. Her continued reporting of her symptoms and triggers was important to our diagnosis and treatment of her.

6.  At times, Ms. Walker was quite tearful in discussing the situation at work. She reported hyper-vigilance, irritability, and poor sleep. She had no previous psychiatric history prior to the DHMC admission in August 2009.

7.  We keep notes of our patients in the regular course of our business of a record of what occurred in the session.

8.  Our office notes reflect that on 10.5.09, Ms. Walker talked about a situation at work where she felt she had been harassed and victimized at her former place of employment. She states there was a woman in her employment who was harassing her and stalking her. She states she reported to several people there and ended up leaving her place of employment temporarily.

9.  On or about 11.16.09 I wrote a note for Ms. Walker to return to work. I stated that she was presently seen "for symptoms of PTSD, employment induced…she would like to return. I am supportive of this decision but would recommend returning to the work environment on a part time basis for a few weeks and slowly increasing her hours depending on her comfort level."

10. For Ms. Walker's anticipated return to work in December 2009, I recommended that there be a door separating the Family Division from District Court due to past issues with co-worker Lisa Towle and an initial part time schedule working up to full time. Attached is a copy of the 12.9.09 form I filled out for the employer (which did not have bates stamp or case information on it).

11. On 12.18.09 I recommended that Ms. Walker not attend the scheduled interview for mental health and medical reasons.

12. On 1.13.10 I wrote a note allowing Ms. Walker to attempt to return to work 1.18.10 without restrictions.

13. Ms. Walker continued to have problems with the interview process increasing symptoms of her PTSD.

14. On 2.17.10 Ms. Walker reported that she was not working as they would not let her. At that time she was reporting increased anxiety, paranoia, hypervigilence, and acknowledged that returning to work was not feasible at that time. She was having racing, obsessive thoughts with trust issues.

14. On 2.26.10 I provided a note that Ms. Walker could not work or attend any more interviews in regards to future employment and that both interviews had exacerbated her symptoms of PTSD, anxiety and depression.

15. On 3.3.10 I provided a letter that noted she had been diagnosed with PTSD and has symptoms of anxiety and depression. "Due to these ongoing symptoms, she will not be returning to work at this time, and will not be able to attend any more interviews or investigations at this time. Both previous interviews have unfortunately only exacerbated her symptoms of PTSD, anxiety and depression."

15. Ms. Walker had reported that she wanted to focus on getting better and returning to work.

16. When I last met with Ms. Walker on 4.23.10, she reported increasing depression with on-going issues related to past employment and legal issues.

17. Unfortunately Ms. Walker committed suicide on 5.3.10.

3

FURTHER AFFIANT SAYETH NOT.

                                          /s/ CAREY BRODZINSKI
                                          Carey Brodzinski, FNP-C, MSN

STATE OF VERMONT
COUNTY OF CALEDONIA

    Personally appeared Carey Brodzinski, on this 15th day of November 2012, and upon oath affirmed that the above facts are true and accurate to the best of her knowledge and belief, before me.

                                            /s/ SHARON E. PRAY
                                            Notary Public
                                            My commission expires:    02/10/2014

u

To:   Carey Brodzinski  FNP-C MSN APRN

IMPORTANT NOTE: When answering these questions, please do not take into consideration any ameliorative effects of mitigating measures, such as medications, medical supplies, equipment or appliances, low-vision devices (which do not include ordinary eyeglasses or contact lenses), prosthetics including limbs and devices, hearing aids and cochlear implants or other implantable hearing devises, mobility devices, or oxygen therapy equipment and supplies; use of assistive technology; reasonable accommodations or auxiliary aids or services; or learned behavioral or adaptive neurological modifications.

1.   Does Ms. Walker have a physical or mental impairment?    (Yes)    No

If so, please state the type of impairment: _Anxiety - was expriencing increasing anxiety D/T PTSD related to past work environment with favorable response to daily anxiolytic_

2.   Does Ms. Walker's impairment substantially limit any major life activities?

    Yes    (No)

If so, which major life activity or activities are limited? _____

3.   For each major life activity that is limited by the impairment, please describe how Ms. Walker is restricted as to the condition, manner, or duration under which that activity can be performed, as compared to the way in which an average person in the general population can perform that activity:

_No specific limitations except for part time hours initially and then increase to full time over a 4-6 week period_

4.   What is the duration or expected duration of Ms. Walker's impairment? _____

_Not applicable_

5.   Attached is a job description for Ms. Walker's position. Please review the job description and assess whether Ms. Walker can perform all the essential job functions. Please note that item #2, 4, and 7 are not essential job functions:

    Yes    No

_Job description not attached._

182

If your answer above is "no," which job functions cannot be performed, and why not? _____

_____

_____

6. Please note that earlier documentation from Ms. Walker's physician indicated that Ms. Walker was "unable to interact with other employees" - is she now able to interact effectively with other employees?

(Yes)    No

If not, please explain: _____

_____

7. Per your 11/16/09 note and correspondence from Ms. Walker, Ms. Walker has indicated her desire to return to work three (3) days/twelve (12) hours per week, beginning on December 8, 2009 and then resume full-time duties "a few weeks" thereafter. Is this schedule one that you recommend and approve?

(Yes)    No

8. Please describe any other reasonable accommodations that would allow this employee to be able to perform the essential job functions:

Recommend Placement of door separating Family Division and District Court due to past issues with coworker, Lisa Towle.

9. Would performing any of the job functions listed result in a direct safety or health threat to this employee or other people (co-workers, members of the general public, etc.?)

Yes    (No)

10. If yes, please describe:

• Which job function(s) would pose such a threat: _____

_____

183

- The direct safety or health threat posed: _____

- Any reasonable accommodations that would eliminate the direct safety or health threat, or reduce it to an acceptable level: _____

_____
Carey Brodzinski FNP-C MSN APRN

12/09/09
Date

184