Ex 14B

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

*************************************

Estate of Michele M. Walker, Charles E. Walker, Administrator

VS          NO: 1:11-CV-421-PB

State of New Hampshire - Administrative Office of the Courts and State of New Hampshire - NH Second Circuit Littleton District Division - Administrative Office of the Courts
*************************************

DEPOSITION OF PAMELA KOZLOWSKI

VOLUME II

This deposition taken by agreement of counsel at the Office of the Attorney General, 33 Capitol Street, Concord, New Hampshire, on Friday, October 26, 2012, commencing at 1:53 P.M.

1     her concerns with respect to Lisa?

2        MS. DEMPSEY: Objection as to form.

3     You can answer.

4 A    You mean to everybody?

5 Q    Well, to you, to Paula?

6        MS. DEMPSEY: Objection as to form.

7 Q    Is it fair to say that Michele was trying to

8     get help from the court system in the August

9     12th to August 19th time period with respect

10    to her concerns about Lisa?

11 A   Yes, certainly on the August 13th occurrence

12    of events.

13 Q   I think we talked a little earlier, Michele

14    often had concerns that she expressed to you

15    about family division, correct?

16 A   Yes.

17 Q   And it is fair to say you kind of tuned her

18    out during a lot of those conversations with

19    respect to her complaints, correct?

20        MS. DEMPSEY: Objection as to form.

21    You can answer.

22 A   Yes.

23 Q   So you don't really, today, have a

Page 94

1  Q  Right.
2  A  No. I don't think so. I did not take her
3     telling me the things as if she were reporting
4     them to me.
5  Q  Okay. If she were reporting sexual harassment
6     to you, then your responsibility would be to
7     what?
8  A  To make a report.
9  Q  And who do you report to?
10 A  Via this process, there is a process in place
11    that usually goes to either Don Goodnow or an
12    assignee of Don Goodnow, to commence the
13    investigation.
14 Q  And he is at AOC, correct?
15 A  He is the director of the AOC.
16 Q  You agree that this policy on the top of page
17    6, as you read on to page 6, requires you also
18    to, if someone reports sexual harassment to
19    you, and they ask you not to report it up, you
20    still have to report it above you?
21 A  Yes.
22 Q  Thank you. I will have you take a look at
23    this policy while I have it marked as 16.

Page 95

1     (Whereupon, the court reporter
2     marked Exhibit Number 16, Fraternization
3     Policy, for Identification.)
4  Q  What is 16?
5  A  It looks like it is -- I can't think of the
6     word.
7  Q  Fraternization policy?
8  A  Yes, thank you.
9  Q  And have you seen a different version of this
10    before, or is this as far as you know, the
11    policy you have seen in place -- strike that.
12    That is a bad question.
13        This looks like a policy that was in
14    place as of at least March 16, 2007, according
15    to the date on the signature?
16 A  Yes.
17 Q  Do you know of any other versions of this that
18    have been in place since that time?
19 A  No.
20 Q  Is this the policy that would have been in
21    place when Chuck Walker left the employment
22    with the court?
23 A  I am not sure if it possibly changed, because

Page 96

1     he would have left in 2008.
2  Q  I think that is right. I am not positive.
3  A  I can't say with certainty, but this probably
4     still is the same policy.
5  Q  Are you familiar with Judicial Branch
6     Personnel Rule 27 which was the 20 Brown,
7     exhibit?
8  A  Yes.
9  Q  And is that one of the rules that would be
10    something, if there was a violation, that a
11    supervisor should report to one of the
12    reporters listed along with the RCAs?
13        Let me ask a different question
14    because that is unclear.
15        Is that rule covered in the scope of
16    rules that should be reported if violated to
17    persons such as yourself?
18        MS. DEMPSEY: Objection as to form.
19    You can answer.
20 A  If I was an administrator, and I had a clerk
21    come to me with an employee that fell under
22    this, it would become a disciplinary action,
23    and I would be in consultation with Judge

Page 97

1     Kelly and HR as to how to proceed. This rule,
2     violation or potential or alleged violation of
3     this rule, would normally result in some sort
4     of disciplinary action.
5  Q  Would you say that the stalking petition by
6     Tracy Ash against Lisa Towle with the finding
7     that there was a stalking incident as we
8     reviewed, would violate this rule?
9        MS. DEMPSEY: Objection as to form.
10    You can answer.
11 A  That is hard for me to say, not knowing the
12    circumstances of -- I don't know the
13    circumstances either around that stalking
14    petition, how it actually resolved, or what
15    consequences there were to Lisa.
16 Q  Let's talk generally. If someone has a
17    finding by a district court against them with
18    respect to -- a finding of fact that there was
19    a stalking incident, would that be something
20    that would violate Rule 27?
21 A  Well, I don't know what it would mean for me
22    if I was the administrator of that person, as
23    I would certainly bring it to Judge Kelly for

1       You can answer.
2  A    Yes.
3  Q    You are aware that one of the allegations we just went over is that Michele -- that co-workers invited her to join in a lesbian sexual relationship?
7  A    Yes, that is one of the ones we just read.
8  Q    And we agreed that that was inappropriate, if it occurred?
10 A    Yes.
11 Q    And when you were interviewed by Ms. Howe -- talked to, however we want to say it, did she raise her voice to you?
14 A    Ms. Howe?
15 Q    Ms. Howe?
16 A    No, not that I recall.
17 Q    Was she pleasant to you?
18 A    I recall it being a pleasant interview, conversation, yes.
20 Q    Did you understand whether she was an independent investigator?
22 A    I think I understood her role as being engaged by the administrative office of the courts for