Ex 15

```
                 UNITED STATES DISTRICT COURT

                  DISTRICT OF NEW HAMPSHIRE

                    No. 1:11-CV-421-PB
```

* * * * * * * * * * * * * * * * *
* Estate of Michele M. Walker,        *
* Charles E. Walker, Administrator    *
*                                     *
*              vs.                    *
*                                     *
*   State of New Hampshire - AOC,     *
*       et al                         *
*                                     *
* * * * * * * * * * * * * * * * *


    DEPOSITION OF JENNIFER S. MOECKEL,

taken at the offices of the Attorney General,

33 Capitol Street, Concord, New Hampshire,

on Friday, March 29, 2013, commencing

at 9:45 a.m.

53

1          terminate the person for making that complaint?
2     A.   It would really depend. I would need more
3          information.
4     Q.   Okay. I'm asking you to assume the person made
5          the complaint of sexual harassment in good faith?
6     A.   Yes.
7     Q.   An investigation was done?
8     A.   Yes.
9     Q.   And it was found that the complaint was not
10         substantiated. My question to you is would it be
11         appropriate to fire that person for making that
12         complaint?
13    A.   With those assumptions the answer to your question
14         is no.
15    Q.   In what circumstances would it be appropriate to
16         terminate a person who made a complaint of sexual
17         harassment related to that complaint versus other
18         reasons?
19              MS. DEMPSEY: Objection as to form. You can
20         answer.
21              THE WITNESS: So if I assume that a
22         termination is going to be because of the
23         complaint and not because of other factors?

55

1         MS. DEMPSEY: Okay.

2         THE WITNESS: If I'm understanding your

3 question correctly, I have seen investigations

4 where initially there's one alleged wrongdoer and

5 then in the course of the investigation other

6 allegations surface regarding other people who may

7 be witnesses in the investigation; and yes, I have

8 seen at times termination result against those

9 witnesses as well.

10 Q. (BY MS. JOHNSON) Does an employer have a duty to

11     investigate when an employee complains about

12     sexual harassment?

13 A. Yes. Provided that there's enough information for

14     the employer to determine that it really is sexual

15     harassment at issue. What I mean by that is

16     sometimes people use the term loosely and they're

17     not actually complaining about unwelcomed conduct

18     directed at them because of its sex, but it's used

19     more loosely. But if it's in the true sense that

20     generally there's a complaint that unwelcome

21     conduct has been directed at a person because of

22     their sex, then an employer would have an

23     obligation to investigate.

1  Q. And that would go for any type of discrimination, correct?
3  A. Any type of discrimination on a legally protected basis, yes.
5  Q. What about just plain harassment, not based on any protective category, should an investigation be done?
8  A. The answer to that question whether an investigation should be done depends. There are times when people complain in the workplace of sort of generally being hassled or generally being unhappy with the way they're being spoken to, that type of thing, and I don't believe there to be a duty to investigate in circumstances like that. Though there may be times when an employer might wish to do so for employee morale purposes or other business reasons. So I think what's catching me up is the word should. There are times when this makes sense to do it and times when it might not. It would depend on the circumstances.
22 Q. Okay. What about if an employee complains about being afraid of another worker in the workplace,

1         should there be an investigation done?
2 A.   I would imagine that in many circumstances, if not
3         most, the answer would be yes. The reason I'm not
4         being more concrete is there might be some fact
5         that's not on the table for me to consider that
6         would make an allegation, you know, absurd or
7         investigation not appropriate or that type of
8         thing, but in general it should be investigated.
9 Q.   Okay.
10 A.   There are also times, to add to that answer, I
11        have been involved in occasions where an
12        investigation in the traditional sense was not
13        conducted because the information was just so
14        evident and the employer instead just moved to
15        disciplinary action or termination for safety
16        purposes that, you know, an investigation really
17        wasn't necessary.
18 Q.   Okay. All right. I am going to show you what is
19        Judicial Branch Policy, or Personnel Rule 27, for
20        you to take a look at, which was formerly Brown
21        20.
22         (Moeckel Exhibit 4 marked for I.D.)
23 Q.   (BY MS. JOHNSON) Have you seen that policy

1   totality, I mean it's based on the totality of --
2   strike that.
3        But there could be sufficient retaliation
4   among coworkers to rise to the level of a hostile
5   environment, correct?
6   A.   It depends.  From a legal point of view my
7   understanding -- this is sort of outside of the
8   scope of what I was asked to opine on, but my
9   understanding is that in order for a hostile
10  environment created by colleagues or coworkers to
11  rise to the level of retaliation, first of all the
12  conduct has to be directed at the person because
13  of the originally -- because of the original
14  legally protected activity.  And secondly, it has
15  to be something that the employer knew or should
16  have known about.  So there's a whole bunch of
17  legal requirements built in there.
18  Q.   Okay.  Is it fair to say that -- strike that.  Was
19  it your understanding that Ms. Walker felt
20  physically threatened by Lisa Towle?
21       MS. DEMPSEY:  I'm sorry, can you just repeat
22  the question?
23  Q.   (BY MS. JOHNSON)  Was it your understanding that

| | | |
|---|---|---|
| 1 | | recall if she made a finding as to whether |
| 2 | | Ms. Walker was actually afraid. |
| 3 | Q. | If she had made a finding that Ms. Walker was |
| 4 | | actually afraid of Ms. Towle, would it be |
| 5 | | inappropriate for the employer to take any |
| 6 | | disciplinary action against Ms. Walker under those |
| 7 | | circumstances? |
| 8 | A. | It would really depend. |
| 9 | Q. | What would it depend on? |
| 10 | A. | Well, it would depend on the reason for the |
| 11 | | disciplinary action and the circumstances |
| 12 | | surrounding that.  And then it would also depend |
| 13 | | in part, a person can have a subjective belief |
| 14 | | that's not, you know, borne out by, you know, sort |
| 15 | | of objective evidence and that type of thing.  It |
| 16 | | also would depend on, you know -- it would depend |
| 17 | | on reasonableness.  It would depend on -- the |
| 18 | | motive that Ms. Walker would have in bringing a |
| 19 | | complaint. |
| 20 | Q. | With respect to what Ms. Hurley was investigating, |
| 21 | | though, if she believed that Ms. Walker truly was |
| 22 | | afraid of Ms. Towle but that Ms. Hurley just did |
| 23 | | not credit it, in that circumstance it would be |

1   inappropriate to go down -- inappropriate to begin
2   a disciplinary or termination process based on
3   that, correct?
4       MS. DEMPSEY: Objection as to form. You can
5   answer.
6       THE WITNESS: I would not recommend
7   terminating someone simply because they were
8   fearful of somebody else. At the same time, I
9   mean, you know, as you know in the practice of law
10  people consider things all the time or start
11  things that are not finished and that type of
12  thing, so your question was talking about
13  beginning something?
14  Q.  (BY MS. JOHNSON) Well, taking disciplinary action
15      against someone who makes a good faith belief
16      report based on their belief?
17  A.  Okay, so that's a different question. Because
18      before it was based on the fear. So if I assume
19      that there's a good faith report, and if I assume
20      that a person was disciplined or terminated for
21      making the good faith report, then I would agree
22      that disciplinary action or termination would not
23      be appropriate.